1  Dawson Morton
   Cal. SBN 320811
2  James Knoepp
   S.C. Bar 102757, *Admitted Pro Hac Vice*
3  LAW OFFICES OF DAWSON MORTON
   1808 Sixth St.
4  Berkeley, CA 94710
   Ph: 404-590-1295
5  dawson@dawsonmorton.com
   jim@dawsonmorton.com
6
   ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS
7

8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE DIVISION
10
11  ANTONIO RUBIO-LEON, et al., and others    )  CIVIL ACT. NO.: 5:24-cv-3375-EKL
    similarly situated,                       )
12                                            )  JOINT CASE MANAGEMENT STATEMENT
                               Plaintiffs,    )
13                                            )  RULE 23 CLASS
               vs.                            )
14                                            )  JURY TRIAL DEMANDED
    FRESH HARVEST, INC., FARM LABOR           )
15  ASSOCIATION FOR GROWERS, INC., and        )
    SMD LOGISTICS, INC.,                      )
16                                            )
17                             Defendants.    )
                                              )
18                                            )

19  _____

    / / / / /
20
21        Plaintiffs ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO

22  MARTINEZ-JIMENEZ, and GERARDO LEDESMA-DELGADO, submit this JOINT CASE

23  MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

24  Judges of the Northern District of California and Civil Local Rule 16-9.

25  **I.    JURISDICTION AND SERVICE**

26        **Plaintiffs' position:**

27        The Complaint was filed June 5, 2024.  ECF 1. And Amended Complaint was filed on July

28  26, 2024.  ECF 15. Defendants were served on July 30, 2024.  ECF 16. Defendants answered on

August 12, 2024. ECF 20. Defendants admit the Court has jurisdiction "over federal questions" but "lack sufficient information to admit or deny" supplemental jurisdiction of the state law claims. ECF 20 at ¶ 5.

**Defendants' position:**

Defendants have stated that they "have no alternative than to proceed with a separate CMS."

**II.    FACTS**

**Plaintiffs' position:**

A.    UNDISPUTED FACTS

1.    Defendant Fresh Harvest is a farm labor contractor.

2.    Defendant Farm Labor Association for Growers was formed March 30, 2020 and operates from the same address as Defendant Fresh Harvest.

3.    Defendant SMD Logistics has a mailing address at the same location as Defendants Fresh Harvest and Farm Labor Association for Growers.

B.    PRINCIPAL FACTUAL DISPUTES

Based on Defendants' Answer, ECF 20, the parties dispute whether Plaintiffs were employed, the Defendants' relationship, the Defendants' legal obligations, and how prevailing wage requirements operated, and whether payroll and pay calculations were properly made.

1.    Whether any Plaintiff was employed by any Defendant.

2.    Whether Plaintiffs were employed as truck drivers.

3.    Whether any Defendant directed Plaintiffs and others similarly situated.

4.    Whether any Defendant had a written employment contract with Plaintiffs.

5.    Whether Defendants required placement fees for employment in the United States.

6.    Whether Defendants caused Plaintiffs to incur prehire, unreimbursed, expenses.

7.    Whether Defendants caused Plaintiffs to incur fees to access their wages.

8.    Whether Defendant Fresh Harvest directly or through Farm Labor Association submitted job orders for foreign workers.

9.    Whether Defendants coordinated to obtain foreign truck drivers at agricultural worker pay rates.

10.     Whether Plaintiffs were paid the prevailing hourly wage for truck driving.

11.     Whether Defendants knew the work of trucking produce as a labor contractor was non agricultural in nature.

12.     Whether Defendants made the contractual promises Plaintiffs have alleged.

**Defendants' position:**

Defendants have stated that they "have no alternative than to proceed with a separate CMS."

III.    <u>STATEMENT OF LEGAL ISSUES:</u>

**Plaintiffs' position based on Defendants' Answer, ECF 20:**

1.      Whether all Defendants were Plaintiffs' "employer."

2.      Whether Defendants collectively formed an enterprise for employment purposes.

3.      Whether the median prevailing wage for Heavy and Tractor-Trailer Truck Drivers was owed to Plaintiffs and others similarly situated.

4.      Whether overtime wages were contractual promised to Plaintiffs and others similarly situated.

5.      Whether Defendants formed and breached an employment contract.

6.      Whether waiting time penalties are owed to Plaintiffs and others similarly situated.

7.      Whether Defendant failed to record and pay Plaintiffs and others similarly situated contractual and overtime wages for all compensable hours.

8.      Whether the shifting of costs to Plaintiffs and others similarly situated violated the employment contracts and state and federal law.

9.      Whether Defendants retaliated against Plaintiffs Rubio-Leon, Rocha-Rivera, and Jimenez-Martinez.

10.     Whether Defendants' conduct violated California's Unfair Competition Law.

11.     Whether penalties are owed for Defendants' legal violations pursuant to the Private Attorneys' General Act.

1

**Defendants' position:**

2

Defendants have stated that they "have no alternative than to proceed with a separate CMS."

3

**IV.    MOTIONS**

4

**Plaintiffs' Position:**

5

Parties will file discovery motions as they become necessary. Plaintiffs plan to file a motion

6

for class certification of Counts II-VI and VIII and a motion for preliminary certification of a Fair

7

Labor Standards Act collective action on Count I. If Defendants' fail to amend their answer as

8

previously agreed, ECF 36 at 1, Plaintiffs will move to strike portions of Defendants' Answer.

9

**Defendants' Position**

10

Defendants have stated that they "have no alternative than to proceed with a separate CMS."

11

12

**V.    AMENDMENT OF PLEADINGS:**

13

**Plaintiffs' position:**

14

Defendants have agreed to amend their Answer based on concerns Plaintiffs raised and

15

discussed by the parties at the Rule 26(f) conference. ECF 36 at 1. Plaintiffs do not have any present

16

intentions to amend but may amend their complaint to conform to evidence or to revise any

17

scrivener's error later uncovered.

18

**Defendants' position:**

19

Defendants have stated that they "have no alternative than to proceed with a separate CMS."

20

21

**VI.    EVIDENCE PRESERVATION:**

22

**Plaintiffs' Position:**

23

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

24

Information ("ESI Guidelines").  The Parties met and conferred pursuant to Fed. R. Civ. P. 26(f)

25

regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues

26

reasonably evident in this action.

27

Plaintiffs request that all parties be required to implement a "litigation hold" over all

28

documents and electronically stored information in their possession, custody, or control.  All parties

1  will take prompt and affirmative measures to maintain, preserve, and safeguard against disposal,

2  destruction, or any other modification or damage, any and all documents and electronically stored

3  information in their possession, custody, or control relating to the allegations in this suit.  This

4  obligation extends to documents or electronically stored information in the possession, custody, or

5  control of any agent of a party or anyone from whom the party can obtain documents upon request.

6  The hold also requires preservation of email, electronic messaging, electronic driver data

7  recordings and electronic payroll records related to any allegations or defenses in this case.  The

8  parties and their counsel will take affirmative steps to ensure and monitor compliance with the

9  litigation hold until discovery is complete and issues of relevance are determined by the Court,

10  including altering any routine systems that might modify or destroy electronically stored information.

11  **Defendants' Position:**

12  Defendants have stated that they "have no alternative than to proceed with a separate CMS."

13  **VII.    DISCLOSURES**

14  **Plaintiffs' Position**

15  The parties have twice extended their deadline to prepare and serve Initial Disclosures

16  pursuant to Fed. R. Civ. P. 26(a) which is presently set for September 27, 2024.  ECF 39. The

17  stipulation to set that deadline for initial disclosures was filed by Defendants' counsel last

18  Wednesday.  ECF 38.

19  **Defendants' Position**

20  Defendants have stated that they "have no alternative than to proceed with a separate CMS."

21  **VIII.    DISCOVERY**

22  **Plaintiffs' Position:**

23  Plaintiffs have served Fresh Harvest with requests for production of documents. Plaintiffs

24  anticipate additional written discovery and examination of Defendants' Electronically Stored

25  Information.  Plaintiffs anticipate taking the depositions of Defendants' persons most

26  knowledgeable regarding the claims alleged, and depositions of Defendants' dispatchers,

27  supervisors, payroll staff, and/or managers.

28

1    **Defendants' Position:**

2    Defendants have stated that they "have no alternative than to proceed with a separate CMS."

3    **IX.    CLASS ACTIONS**

4    **Plaintiffs' position:**

5    Plaintiffs' first count is brought as a Fair Labor Standards Act collective action. ECF 15 at ¶

6    114. Plaintiffs in Counts II-VI, and VIII seek to represent a class of workers composed of "[a]ll

7    individuals employed by Defendants between June 5, 2020 and the date of judgment in this matter

8    at work sites in California, Arizona or Colorado in a truck driving or tractor-trailer driver position."

9    ECF 15 at ¶ 102. Plaintiffs believe the class is greater than 40 individuals and was subject to (1) a

10   common contractual arrangement, (2) common payroll practices, (3) similar wage and hour

11   violations which include the common questions detailed in the Complaint.  ECF 15 at ¶¶ 104-106.

12   Plaintiffs propose a deadline of March 1, 2025, for the filing of their class certification motion.

13   Plaintiffs intend to seek certification pursuant to Federal Rule of Civil Procedure 23(b)(3).

14   **Defendants' Position:**

15   Defendants have stated that they "have no alternative than to proceed with a separate CMS."

16   **X.    RELATED CASES**

17   **Plaintiffs' position:**

18   None.

19   **Defendants' position:**

20   Defendants have stated that they "have no alternative than to proceed with a separate CMS."

21   **XI.    RELIEF**

22   **Plaintiffs' position:**

23   Plaintiffs seek FLSA collective action certification of Count I, class certification of Counts II-

24   VI and Count VIII and judgement against Defendants for violation of the FLSA, the PAGA, their

25   employment contract and for unpaid wages (regular contractual wages, minimum wages and

26   overtime), reimbursement of business expenses, waiting time penalties pursuant to Labor Code § 203,

27   wage statement penalties, UCL damages, penalties under the PAGA, plus attorney's fees and costs.

28

1  **Defendants' position:**

2  Defendants have stated that they "have no alternative than to proceed with a separate CMS."

3

4  **XII.   SETTLEMENT AND ADR**

5  **Plaintiffs' position:**

6  The parties have agreed to pursue private mediation of this matter within 120 days of a Case

7  Management Conference in a binding stipulation signed by Defendants' counsel and entered as an

8  Order by this Court. ECF 30 at 2.

9  **Defendants' position:**

10  Defendants have stated that they "have no alternative than to proceed with a separate CMS."

11  **XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

12  **Plaintiffs' position:**

13  Plaintiffs declined referral to a magistrate. ECF 10.

14  **Defendants' position:**

15  Defendants have stated that they "have no alternative than to proceed with a separate CMS."

16  **XIV.   OTHER REFERENCES**

17  Plaintiffs do not believe this case is suitable for references.

18  **XV.   NARROWING OF ISSUES**

19  **Plaintiffs' position:**

20  Plaintiffs do not believe there are options for narrowing the issues at this time. However,

21  Plaintiffs expect the number of disputed issues to be narrowed after Defendants amend their answer.

22  **Defendants' position:**

23  Defendants have stated that they "have no alternative than to proceed with a separate CMS."

24  **XVI.   EXPEDITED TRIAL PROCEDURE**

25  Plaintiffs do not believe this case can be handled on an expedited basis.

26

27

28

**XVII. SCHEDULING**

    **Plaintiffs' position:**

    Plaintiffs' request that the Court schedule a conference to discuss the existing deadlines and whether Defendants intend to comply with the prior stipulations approved by the Court.

    **Defendants' position:**

    Defendants have stated that they "have no alternative than to proceed with a separate CMS."

**XVIII. TRIAL**

    **Plaintiffs' position:**

    Plaintiffs have demanded a jury trial. Plaintiffs maintain the UCL claim, Count VII, is an equitable claim to be tried by the Court.

    **Defendants' position:**

    Defendants have stated that they "have no alternative than to proceed with a separate CMS."

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

    The Parties have filed the Certificate of Interested Entities or Persons and had no non-party interested entities to disclose.

**XX. PROFESSIONAL CONDUCT**

    Plaintiffs' attorneys of record have reviewed the guidelines for professional Conduct for the Northern District of California.

**XXI. OTHER:**

**Plaintiffs' position:**

    **(i) a list or description of each party;**

Plaintiffs are residents of Mexico who worked pursuant to H-2A visas for Defendants.

    **(ii) a summary of all claims, counter-claims, crossclaims, or third party claims and the date the complaint and cross-complaint(s) were filed; and**

    There are no counter or cross claims.  The claims of Plaintiffs were summarized above but are as follows:

| Count | Claim | Class Action Alleged |
|---|---|---|

| I | Fair Labor Standards Act | Collective Action under 29 U.S.C. § 216b |
|---|---|---|
| II | Failure to Pay California Minimum Wage | Yes. |
| III | Failure to Pay Overtime Wages | Yes. |
| IV | Failure to Reimburse Business Expenses under Cal. Labor Code § 2802 | Yes. |
| V | Breach of Employment Contract | Yes. |
| VI | Failure to Furnish Itemized Wage Statements under Cal. Labor Code § 226 | Yes. |
| VII | Unfair Competition under Cal. Bus. & Prof. Code § 17200 | No, but on behalf of others pursuant to statute. |
| VIII | Failure to Pay Wages When Due under Cal. Labor Code § 203 | Yes. |
| IX | Private Attorneys' General Act claim | No. |
| X | Retaliation under Cal. Labor Code § 98.6 | No. |

**(iii) a brief procedural history of the case (chart format welcomed) including, but not limited to, any ADR proceedings or settlement conferences that have been scheduled or concluded and any appellate proceedings that are pending or concluded.**

The case is at an initial stage. No ADR proceedings or settlement conferences have been scheduled as of yet. There have been no motions filed, no rulings, and no appellate proceedings.

**Defendants' position:**

Defendants have stated that they "have no alternative than to proceed with a separate CMS."

1    DATED: September 16, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                     *s/ D. Morton*
                     DAWSON MORTON
                     ATTORNEY FOR PLAINTIFFS