UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESH HARVEST, INC., et al.,<br><br>Defendants. | Case No. 24-cv-03375-EKL<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**<br><br>Re: Dkt. Nos. 30, 42, 43 |

The Order reassigning this case instructed the parties to file a joint case management statement by September 16, 2024. ECF No. 31. On September 16, 2024, the parties filed separate statements instead of a joint statement. ECF Nos. 42, 43. The Court expects the parties to cooperate and to comply with orders. In that regard, the Court has two additional concerns.

First, at the parties' request, the Court has twice extended the deadline to serve initial disclosures, with a current deadline of September 27, 2024. ECF Nos. 34, 39. In their separate statement, Defendants announced that they "will move to compel arbitration, dismiss class claims, and stay this action in lieu of initial disclosures." ECF No. 42 at 4. Defendants cannot unilaterally vacate the initial disclosure deadline that has been fixed by the Court. Civil L.R. 6-1(b). Accordingly, the parties shall exchange initial disclosures by September 27, 2024, as previously stipulated and ordered. Without prejudice to Defendants' contemplated motion, discovery shall proceed absent an order staying this case.

Second, on August 14, 2024, the parties stipulated "to participate in a private ADR Process with a mediator" and to "hold an initial ADR session within 120 days of the initial Case Management Conference or as soon thereafter as may be possible in accordance with the mediator's schedule." ECF No. 26 at 1-2. Judge Pitts ordered the parties to proceed and ordered

that the "Joint Case Management Statement shall identify a specific mediator." ECF No. 30 at 3. But the parties' statements did not identify a mediator, and Defendants declared that "mediation and discussions relating to mediation are premature." ECF No. 42 at 6. The parties shall proceed with private mediation as previously stipulated and ordered.

Accordingly, the Court ORDERS as follows:

(1) By October 9, 2024, the parties shall file a joint status update that: (a) identifies the parties' mediator; and (b) proposes a case schedule that complies with this Court's Standing Order for Civil Cases. The status update shall not exceed ten (10) pages.

(2) On October 23, 2024, at 1:30 p.m., the parties shall appear via Zoom for an initial case management conference.

(3) By February 20, 2025, the parties shall hold an initial ADR session with their chosen mediator. Within seven (7) days after the initial ADR session, and no later than February 27, 2025, the parties shall file a joint status report confirming that the initial ADR session was completed. The status report shall state the outcome of the session and the parties' proposals for further ADR efforts if the initial ADR session was unsuccessful.

The parties are reminded that a failure to comply with any Court order, Federal Rule of Civil Procedure, or Civil Local Rule may result in sanctions. *See, e.g.*, Civil L.R. 1-4.

**IT IS SO ORDERED.**

Dated: September 23, 2024

Eumi K. Lee
United States District Judge