JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com

**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com

**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor
Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>    Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND DISMISS OR STAY PAGA REPRESENTATIVE CLAIMS, AND FOR AN IMMEDIATE STAY PENDING THE RULING ON THIS MOTION<br><br>Assigned to District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date:      January 8, 2025<br>Time:     10:00 a.m.<br>Dept.:     Courtroom 7<br><br>[Declarations of  Matt Scaroni, Jennifer M. Schermercorn, and Marlene C. Nowlin, and Request for Judicial Notice, and Proposed Order filed concurrently]<br><br>Complaint Filed:   June 4, 2024<br>Trial Date:            Not Set |

1   TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

2   RECORD:

3   PLEASE TAKE NOTICE that on January 8, 2024 at 10:00 a.m., or as soon

4   thereafter as the matter may be heard, in Courtroom 7, 4th Floor of the above-

5   entitled United States District Court, located at 280 South First Street, San Jose,

6   California 95113, before the Honorable Eumi K. Lee, Defendants Fresh Harvest,

7   Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

8   ("Defendants") jointly will and hereby do move for and order:

9   1.   Compelling plaintiffs Antonio Rubio-Leon, Angel De Jesus Rocha-

10        Rivera, Diego Martinez-Jimenez, and Gerardo Ledesma-Delgado to

11        arbitrate all claims alleged in this action on an individual basis

12        pursuant to the Federal Arbitration Act ("FAA");

13   2.   Dismissing the putative class claims alleged pursuant to an express

14        class action waiver signed by plaintiffs;

15   3.   Dismissing representative claims under the Private Attorney General

16        Act ("PAGA") or, alternatively, and without waiving Defendants'

17        right to dismissal of representative PAGA claims, for an order

18        compelling individual PAGA claims to arbitration and staying

19        plaintiffs' representative PAGA claims, pending completion of

20        plaintiffs' arbitrations; and

21   4.   Staying the case in its entirety pending the Court's ruling on this

22        Motion.

23   This motion is made on the ground that each plaintiff signed a valid and

24   enforceable agreement to arbitrate all claims, disputes and controversies arising

25   out of, relating to or in any way associated with their employment, as well as

26   express class action waivers.  Plaintiffs assert various wage and hour claims,

27   including alleged breaches of employment contracts, all of which fall within the

28   scope of their arbitration agreements and express class waivers.  Further, the

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

2

CASE NO: 5:24-cv-03375-EKL

1  arbitration agreements are enforceable as to plaintiffs' claims against all

2  Defendants because plaintiffs allege joint employment and intertwined facts and

3  legal theories against Defendants and that Defendants are agents of each other.

4  Therefore, pursuant to the FAA, Plaintiffs are required to arbitrate all claims

5  alleged in the First Amended Complaint ("FAC") on an individual basis but have

6  refused to do so requiring Defendants to proceed with this Motion.  In addition,

7  the class action waivers contained in the arbitration agreements are enforceable.

8  Therefore, the putative class claims must be dismissed.

9       This Motion is based upon this Notice of Motion and Motion, the attached

10  Memorandum of Points and Authorities, the Declarations of Matt Scaroni,

11  Marlene C. Nowlin, Jennifer M. Schermerhorn, and translator Jesús Rosa García,

12  all records on file with this Court, all matters upon which judicial notice may be

13  taken, any oral argument that may be presented at the hearing on this matter, and

14  upon such other matters this Court deems just and necessary.  This motion to

15  compel arbitration is being filed by all Defendants in lieu of an amended answer

16  to the FAC and initial disclosures.

17  DATED:  September 24, 2024        Respectfully submitted,

18                            FINCH, THORNTON & BAIRD, LLP

19

20                            By:   */s/ Marlene C. Nowlin*

21                                 CHAD T. WISHCHUK
                               MARLENE C. NOWLIN

22                     Attorneys for Defendants Fresh Harvest,
                   Inc., Farm Labor Association For

23                     Growers, Inc., and SMD Logistics, Inc.
                   E-mail:    mnowlin@ftblaw.com

24

25

26

27

28

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

3

1

## TABLE OF CONTENTS

2

Page

3   TABLE OF AUTHORITIES ..................................................................5

4   MEMORANDUM OF POINTS AND AUTHORITIES.......................8

5   I    INTRODUCTION...................................................................8

6   II   STATEMENT OF FACTS......................................................9

7        A.    The Arbitration Agreement Signed By Plaintiffs ............9

8        B.    Defendants are Engaged in Interstate Commerce..........11

9        C.    Plaintiffs Filed This Action Despite
               Their Agreements To Arbitrate.....................................11

10

11  III  LEGAL ARGUMENT ..........................................................13

12       A.    Arbitrability Is Governed by the Federal Arbitration Act ("FAA")13

13       B.    Both State and Federal Public Policy Favor Arbitration ...............15

14       C.    All Claims in the FAC Are Covered
               By The Arbitration Agreement ......................................17

15       D.    The Arbitration Agreement
               Applies To The Claims Against All Defendants ............18

16

17       E.    Plaintiff's Class Claims Should Be Dismissed,
               And Her Individual Claims Ordered To Arbitration ......................19

18       F.    Representative PAGA Claims Must
               Also Be Dismissed, Or, Alternatively, Stay

19             Pending the Outcome Of The Individual Arbitrations ..................19

20       G.    The Case Should be Automatically Stayed
               Until Determination of this Motion to Compel Arbitration ...........20

21

22  IV   CONCLUSION .....................................................................21

23

24

25

26

27

28

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

4

CASE NO: 5:24-cv-03375-EKL

## TABLE OF AUTHORITIES

Page

**Cases**

*Adolph v. Uber Techs., Inc.*
14 Cal.5th 1104 (2023) ............................................................... 9, 20

*Allied-Bruce Terminex Cos., Inc. v. Dobson*
513 U.S. 265 (1995) .......................................................... 13, 14, 15

*Armendariz v. Foundation Health Psychcare, Inc.*
24 Cal.4th 83 (2000) ................................................................... 16

*AT&T Mobility LLC v. Concepcion*
563 U.S. 333 (2011) .............................................................. 14, 19

*Basura v. U.S. Home Corp.*
98 Cal.App.4th 1205 (2d Dist. 2002) .................................... 13, 14

*Brockwood v. Bank of America*
45 Cal.App.4th 1667 (6th Dist. 1996) ....................................... 16

*Coinbase, Inc. v. Bielski*
599 U.S. 736 (2023) ................................................................... 20

*Dean Witter Reynolds, Inc. v. Byrd*
470 U.S. 213 (1985) .............................................................. 14, 19

*Doctor's Associates, Inc. v. Casarotto*
517 U.S. 681 (1996) ................................................................... 17

*Epic Systems Corp. v. Lewis*
138 S. Ct. 1612 (2018) ...................................................... 8, 14, 19

*Franco v. Arakelian Enterprises, Inc.*
234 Cal.App.4th 947 (2d Dist. 2015) ........................................ 19

*Franklin v. Cmty. Reg'l Med. Ctr.*
998 F.3d 867 (9th Cir. 2021) ................................................. 8, 18

*Garcia v. Pexco, LLC*
11 Cal.App.5th 782 (4th Dist. 2017) ......................................... 18

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

*Intertec Contracting v. Turner Steiner Int'l, S.A.*
  98 Civ. 9116 (CSH), 2001 U.S. Dist. LEXIS 9950, at *21
  (S.D.N.Y. July 18, 2001 ................................................................................ 21

*Laswell v. AG Seed Beach, LLC*
  189 Cal.App.4th 1399 (2d Dist. 2010) ........................................................ 18

*Madden v. Kaiser Found. Hosps.*
  17 Cal.3d 699 (1976) ..................................................................................... 15

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*
  No. 5:16-cv-02805-EJD, 2017 U.S. Dist. LEXIS 117212 (N.D.
  Cal. Feb. 14, 2017) ....................................................................................... 20

*Martinez v. Combs*
  49 Cal.4th 35 (2010) ..................................................................................... 18

*Miceli v. Citigroup, Inc.*
  2:15-cv-01962-GMN-VC, 2016 U.S. Dist. LEXIS 38708 (D.
  Nev. Mar. 22, 2016) ...................................................................................... 21

*Moncharsh v. Heily & Blasé*
  3 Cal.4th 1 (1992) ......................................................................................... 16

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*
  460 U.S. 1 (1983) .......................................................................................... 16

*Okada v. Nevada Prop. 1, LLC*
  No. 2:13-CV-01601-LDG, 2014 U.S. Dist. LEXIS 164022 (D.
  Nev. Nov. 21, 2014) ...................................................................................... 21

*Perry v. Thomas*
  482 U.S. 483 (1987) ...................................................................................... 15

*Rosenthal v. Great Western Fin. Securities Corp.*
  14 Cal.4th 394 (1996) ................................................................................... 17

*Shearson/American Express, Inc. v. McMahon*
  482 U.S. 220 (1987) ...................................................................................... 16

*Smith v. Spizzirri*
  601 U.S. 472 (2024) ...................................................................................... 20

*Spellman v. Securities, Annuities & Insurance Services, Inc.*
  8 Cal.App.4th 452 (2d Dist. 1992) ............................................................... 16

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

*Stiener v. Apple Comput., Inc.*
    No. C 07-4486 SBA, 2007 U.S. Dist. LEXIS 90220, at *3 (N.D.
    Cal. Nov. 29, 2007) ...................................................................................... 21

*Suh v. Superior Ct.*
    181 Cal.App.4th 1504 (2d Dist. 2010) ........................................................ 8, 18

*Thomas v. Westlake*
    204 Cal.App.4th 605 (4th Dist. 2012) ............................................................ 19

*Twentieth Century Fox Film Corp. v. Superior Court*
    79 Cal.App.4th 188 (2d Dist. 2000) ............................................................... 16

*Viking River Cruises, Inc. v. Moriana*
    596 U.S. 639 (2022) ..................................................................... 8, 15, 19, 20

**Statutes**

California Arbitration Act, California Code of Civil Procedure,
    sections 1280, *et seq.* ........................................................................ 16, 17, 19

California Arbitration Act, California Code of Civil Procedure,
    section 1281 .................................................................................................... 17

California Arbitration Act, California Code of Civil Procedure,
    section 1281.2 ................................................................................................. 19

California's Unfair Competition Law, Business and Professions
    Code, sections 17200, *et seq.* ........................................................................ 12

Fair Labor Standards Act, California Labor Code, section 510 .......................... 11

Federal Arbitration Act, 9 U.S.C., section 1 *et seq.*
    ........................................................................ 8, 13, 14, 15, 16, 17, 19, 20

Federal Arbitration Act, 9 U.S.C., section 2 ............................................ 13, 15, 16

Private Attorneys General Act, California Labor Code, sections
    2699, *et seq.*
    ........................................................................ 8, 9, 11, 12, 15, 19, 20, 21, 22

**Constitutions**

United States Constitution, Article 1, section 8, Clause 3 .................................. 13

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

7

MEMORANDUM OF POINTS AND AUTHORITIES

I

INTRODUCTION

Plaintiffs Antonio Rubio-Leon, Angel De Jesus Rocha-Rivera, Diego Martinez-Jimenez, and Gerardo Ledesma-Delgado (collectively "plaintiffs") filed this putative class action and Private Attorneys General Act ("PAGA"), California Labor Code, sections 2699, *et seq*., lawsuit in direct violation of an Optional Arbitration Agreement and Optional Arbitration Agreement Policy (collectively the "Arbitration Agreement") each one of them signed.  The Arbitration Agreement contains an express class action waiver and requires plaintiffs to arbitrate all employment related claims on an individual basis pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.  The Arbitration Agreement applies to each defendant, Farm Labor Association for Growers, Inc. ("FLAG"), Fresh Harvest, Inc. ("Fresh Harvest"), and SMD Logistics, Inc. ("SMD"), because plaintiffs allege each of these three Defendants were joint employers and agents of each other.  See *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 873-76 (9th Cir. 2021); *Suh v. Superior Ct.*, 181 Cal.App.4th 1504, 1513 (2d Dist. 2010).

U.S. Supreme Court precedent relating to arbitration agreements is clear: employment arbitration agreements and the class action waivers contained in them must be enforced as written. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018).  Thus, pursuant to the FAA, plaintiffs must arbitrate their claims on an individual basis, and their putative class claims must be dismissed from the First Amended Complaint ("FAC").  Further, the U.S. Supreme Court held in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 659-62 (2022), that under the FAA, agreements to arbitrate claims on an individual basis require arbitration of individual PAGA claims and dismissal of representative PAGA claims. Accordingly, this Court should compel arbitration of all claims alleged in the FAC on an individual basis and dismiss plaintiffs' putative class and PAGA representative claims.

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

1       The California Supreme Court confirmed *Viking's* holding, indicating,

2   however, that non-individual, representative PAGA claims should be stayed

3   pending completion of arbitration because plaintiffs have no standing to proceed

4   with the representative claims if they fail to prove a Labor Code violation in their

5   individual arbitrations.  *See Adolph v. Uber Techs., Inc.*, 14 Cal.5th 1104, 1120-

6   23 (2023).  Thus, in the alternative, and without waiving their right to dismissal

7   of PAGA representative claims, Defendants move this Court to compel

8   arbitration of plaintiffs' individual PAGA claims and stay representative PAGA

9   claims until completion of plaintiffs' arbitrations.  *Id.*  Either way, this case

10  cannot proceed in this Court, and individual arbitrations are required.

11      In conferring about this motion, plaintiffs' counsel did not dispute that

12  each plaintiff entered into the Arbitration Agreement and that the agreements

13  cover the claims asserted in this lawsuit.  Rather, without providing support or

14  reasoning, plaintiffs' counsel contends the Arbitration Agreement is invalid and

15  unenforceable.  Plaintiffs' counsel is mistaken. By its express terms, the

16  Arbitration Agreement was optional and bilateral, and not a condition of

17  employment.  Plaintiffs elected to sign it, and both sides are subject to the same

18  rules and obligations. In short, plaintiffs are bound by an enforceable arbitration

19  agreement that requires them to arbitrate their claims on an individual basis and

20  precludes class and representative claims.

21  II

22  STATEMENT OF FACTS

23      A.    The Arbitration Agreement Signed By Plaintiffs

24      FLAG is a provider of farm worker staffing services for a group of

25  members consisting of fixed-site growers.  (Declaration of Matt Scaroni

26  ("Scaroni Decl."), ¶ 3.)  Fresh Harvest is a farm labor contractor engaged in

27  providing agricultural custom harvesting services in and around various fields

28  including within California and Colorado.  (*Id.*)  SMD is a provider of farm-

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

9

CASE NO: 5:24-cv-03375-EKL

related logistics services. (*Id.*) Plaintiffs are former employees of FLAG and Fresh Harvest. (Scaroni Decl., ¶ 4.) Between April 2020 and May 2023, plaintiffs were hired by FLAG or Fresh Harvest as farm workers within California or Colorado. (*Id.*) Plaintiff Gerardo Ledesma-Delgado was hired by FLAG and Fresh Harvest on April 3, 2020. (*Id.*) Plaintiff Antonio Rubio Leon was hired by FLAG and Fresh Harvest on September 12, 2022. (*Id.*) Plaintiff Angel de Jesus Rocha-Rivera was hired by FLAG on April 1, 2023. (*Id.*) Plaintiff Diego Martinez-Jimenez was hired by Fresh Harvest on June 3, 2021, and then by FLAG On May 23, 2023. (*Id.*) SMD never employed plaintiffs. (*Id.*)

During their employment, each plaintiff was provided and signed an Arbitration Agreement. (Scaroni Decl., ¶¶ 5-7, Exs. 1-8; Declaration of Marlene C. Nowlin ("Nowlin Decl."), ¶ 7; Declaration of translator Jesús Rosa García ("Translator Decl.") ¶¶ 1-7, Exs. 1-8.) Signing the Arbitration Agreement was not a condition of employment and was purely optional for plaintiffs. (*Id.*) The Arbitration Agreement provides, in relevant part, as follows:

> Any and all disputes, controversies or claims not settled in accordance with the foregoing procedures and arising out of or relating to this employment handbook, your employment or the termination of your employment may be settled by binding arbitration before an impartial arbitrator, unless otherwise prohibited by applicable law. This provision may apply to any and all such disputes, controversies or claims whether asserted individually by the employee against the Company and/or against any employee, officer, alleged agent, director or affiliate of the Company with regard to any matter arising out of your employment or the termination of your employment. . . .

> The arbitration provisions of this Agreement shall provide the exclusive remedy and, by reading and signing this Agreement, each party expressly waives any right they might have to seek redress in any other forum, including a trial by jury. . . .

(Scaroni Decl., ¶¶ 5-7, Exs. 1-8; Nowlin Decl. 7; Translator Decl., ¶¶ 1-7, Exs. 1-8.)

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

1   As set forth in the Arbitration Agreement, plaintiffs further agreed any

2   claims will be arbitrated on an individual basis only, thereby waiving their right

3   to participate in a class, representative, or collective claim as follows:

4
5   > Employees are expressly precluded from filing or participating in any
    > joint, class, representative or collective claims addressing their wages,
6   > hours or other terms or conditions of their employment against the
    > employer in any forum, whether arbitral or judicial. This waiver
7   > includes PAGA claims to the extent permitted by law.

8   *Id*.[1]

9   ### B.    Defendants are Engaged in Interstate Commerce

10   Defendants' principal place of business is in Monterey County, California.

11   (Scaroni Decl., ¶ 3.)  In the normal and regular course of business, Defendants

12   are involved and engage in interstate commerce, including services relating to

13   agricultural harvesting and farming operations and the sale of agricultural

14   products and goods across state lines.  (*Id*.)  FLAG, Fresh Harvest, and SMD

15   regularly use the telephone, electronic mail, and U.S. mail to communicate across

16   state lines for among other things, harvesting and farming operations, and the

17   sale of agricultural products and goods.  (*Id*.)

18   ### C.    Plaintiffs Filed This Action Despite Their Agreements To Arbitrate

19   Despite their agreements to arbitrate all employment-related claims,

20   plaintiffs filed a class action complaint against Defendants.  Plaintiffs assert

21   claims under the Fair Labor Standards Act ("FLSA"), California Labor Code,

22   section 510, for unreimbursed expenses.  FAC ¶¶ 102 -110 and 117-122.  They

23   also assert claims under the California Labor Code for failure to pay minimum

24   wage or overtime, failure to provide accurate wage statements, and the untimely

25   payment of final wages, as well as breach of employment contracts.  *Id*. ¶¶ 111-

26   201.  In addition, plaintiffs' complaint seeks civil penalties under PAGA for the

27

28   ---
[1] The Arbitration Agreement signed by Delgado has minor difference in the class waiver relating to the "PAGA Act" of 2004."

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

11

foregoing alleged California Labor Code violations, and claims Defendants violated California's Unfair Competition Law, Business and Professions Code, sections 17200, *et seq.* ("UCL"), and retaliated against plaintiffs. *Id.* ¶¶ 182-191, 202-215, and 216-225.  Each of plaintiffs' claims, except for the PAGA claims are asserted on behalf of a putative class of "[a]ll individuals employed by Defendants between June 5, 2020 and the date of judgment in this matter at work sites in California, Arizona or Colorado in a truck driver or tractor-trailer driver position." FAC, ¶ 102.[2]

Immediately upon becoming aware of plaintiffs' claims in April 2024, Defendants informed plaintiffs' counsel that plaintiffs each had executed the Arbitration Agreement with a class action waiver and requested that plaintiffs stipulate to submit their claims to binding arbitration.  (Declaration of Jennifer M. Schermerhorn ("Schermerhorn Decl."), ¶ 2, Ex. 1.)  Plaintiffs' counsel refused.  (*Id.* at ¶ 3, Ex. 2.)

After receiving plaintiffs FAC on July 31, 2024, Defendants continued to meet and confer regarding plaintiffs' duty to arbitrate including on September 9 and then, again, on September 16, 2024, as part of their Case Management duties. (Schermerhorn Decl., ¶¶ 5-7; Nowlin Decl. ¶¶ 3 and 5, Exs. 1and 2.)  On September 16, 2024, Defendants notified plaintiffs' counsel as follows:

> This case does not belong in this Court pursuant to valid and enforceable arbitration agreements containing class action waivers. Plaintiffs have acknowledged the existence of the arbitration agreements. Accordingly, Defendants will file a motion to compel arbitration, dismiss class claims, and stay this case in lieu of an amended and initial disclosures ("Motion to Compel Arbitration"). Defendants' Motion to Compel Arbitration will establish plaintiffs must be ordered to arbitration, class claims must be dismissed, and any remaining aspect of this case must be stayed. Defendants reserve

---

[2] Plaintiff initially filed Complaint June 5, 2024, but did not serve it on Defendants. Defendants were not served in this case until July 31, 2024, when they received the FAC, a copy of which is attached as Exhibit 3 to the concurrently-filed Schermerhorn Decl.

FINCH, THORNTON & BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

12

CASE NO: 5:24-cv-03375-EKL

their right to assert all additional defenses and arguments establishing this Court's lack of jurisdiction and plaintiffs' lack of factual and legal support for their claims pending the Court's ruling on the Motion to Compel Arbitration.

(*Id.*)  On September 20, 2024, Defendants' counsel, again, requested that plaintiffs submit their claims to binding arbitration and dismiss class and representative action claims.  (Nowlin Decl. ¶ 6, Ex. 3.)  Nevertheless, to date, plaintiffs continue to fail and refuse to honor their obligations under the Arbitration Agreement.  (Schermerhorn Decl., ¶ 8; Nowlin Decl. ¶ 8-9, Ex. 4.)  No discovery has been completed yet in this case, and initial disclosures have not been exchanged.  (*Id.*)

III

LEGAL ARGUMENT

A.    <u>Arbitrability Is Governed by the Federal Arbitration Act ("FAA")</u>

Section 2 of the FAA, provides as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration any controversy thereafter arising to settle by arbitration any controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The reach of the FAA coincides with the breadth of the Commerce Clause to the United States Constitution.  The FAA applies "not only to the actual physical interstate shipment of goods but also to contracts relating to interstate commerce."  *Basura v. U.S. Home Corp.* 98 Cal.App.4th 1205, 1213 (2d Dist. 2002) [citing *Allied-Bruce Terminex Cos., Inc. v. Dobson*, 513 U.S. 265, 277 (1995)].  The parties need not have intended any interstate activity when they entered into their contract.  *Allied-Bruce*, *supra*, 513 U.S. at p. 277.

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

1    In *Allied-Bruce*, the Supreme Court concluded that a termite-protection

2    contract involved interstate commerce because, among other things, there

3    termite-treating and house-repairing materials used by the defendant came from

4    outside the state where the dispute arose.  *Allied-Bruce*, *supra*, 513 U.S. at 282;

5    *Basura*, *supra*, 98 Cal.App.4th at 1213-14.

6    *Basura* involved a suit by homeowners against a builder for design and

7    construction defects.  The court found that the home purchase agreements

8    involved interstate commerce within the meaning of the FAA.  The court ruled

9    that the FAA applied because the builder contracted with out-of-state business to

10   work on the project, and because the builder communicated by interstate mail and

11   telephone with persons who performed work on the project.  *Basura*, *supra*, 98

12   Cal.App.4th at 1214.

13   Here, Defendants perform work in California, Colorado, and Arizona and

14   regularly purchase and receive products and goods in substantial amounts from

15   across state lines.  (Scaroni Decl., ¶ 3.)  Defendants also use the telephone, email,

16   and U.S. mail to communicate across state lines.  (*Id*.)  Thus, FLAG and Fresh

17   Harvest are engaged in interstate commerce and the FAA applies to this case.

18   Under the FAA, a court must order arbitration if the parties have entered into an

19   agreement to arbitrate the dispute.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S.

20   213, 218 (1985) (the FAA "leaves no place for the exercise of discretion by a

21   district court, but instead mandates that district courts shall direct the parties to

22   proceed to arbitration on issues as to which an arbitration agreement has been

23   signed"); see also *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018)

24   ("Congress require[d] courts to respect and enforce agreements to arbitrate").

25   As the Supreme Court has confirmed, the "overarching purpose of the

26   FAA . . . is to ensure the enforcement of arbitration agreements according to their

27   terms so as to facilitate streamlined proceedings."  *AT&T Mobility LLC v.

28   Concepcion*, 563 U.S. 333, 344 (2011).  In enacting section two of the FAA,

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

14

CASE NO: 5:24-cv-03375-EKL

1    Congress withdrew the power of the states to require a judicial forum of the

2    resolution of claims which the contracting parties agreed to resolve by

3    arbitration.  Congress intended to foreclose state legislative attempts to undercut

4    the enforceability of arbitration agreements.  Section two, therefore, embodies a

5    clear federal policy of requiring arbitration unless the agreement to arbitrate is

6    not part of a contract evidencing interstate commerce or is revocable "upon such

7    grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C.

8    § 2.  We see nothing in the [FAA] indicating that the broad principle of

9    enforceability is subject to any additional limitations under state law.  *Perry v.*

10   *Thomas*, 482 U.S. 483, 489-90 (1987) (internal citations and quotations omitted);

11   see also *Allied-Bruce Terminix*, 513 U.S. at 272 (FAA "pre-empts state law; and .

12   . . state courts cannot apply state statutes that invalidate arbitration agreements").

13          The Supreme Court recently reaffirmed that the "FAA 'preempts any state

14   rule discriminating on its face against arbitration – for example, a law

15   'prohibit[ing] outright the arbitration of a particular type of claim,'" including

16   California's judicially created rule limiting arbitration of PAGA claims.  *Viking*

17   *River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022).  Accordingly, when a

18   PAGA plaintiff has agreed to submit all employment claims to arbitration on an

19   individual basis, the Court must enforce the agreement as to the "individual"

20   PAGA claim—the portion that seeks penalties for Labor Code violations

21   allegedly experienced by the plaintiffs and the representative PAGA claim must

22   be dismissed.  Here, plaintiffs did just that.  Therefore, pursuant to *Viking* and as

23   discussed at sections E and F below, all individual claims must be submitted to

24   arbitration and class and representative PAGA claims dismissed.

25          B.    Both State and Federal Public Policy Favor Arbitration

26          Arbitration is favored under federal and state law.  *Madden v. Kaiser*

27   *Found. Hosps.*, 17 Cal.3d 699, 706-707 (1976) ["[A]rbitration has become an

28   accepted and favored method of resolving disputes…praised by the courts as an

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

15

CASE NO: 5:24-cv-03375-EKL

1   expeditious and economical method of relieving overburdened civil calendars"];

2   see *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)

3   [FAA establishes federal policy favoring arbitration]; see also *Armendariz v.*

4   *Foundation Health Psychcare, Inc.*, 24 Cal.4th 83, 97, 99 (2000) ["California

5   law, like federal law, favors enforcement of valid arbitration agreements"].

6         Any doubts concerning the scope of arbitrable issues must be decided in

7   favor of compelling arbitration.  *Brockwood v. Bank of America* 45 Cal.App.4th

8   1667, 1671 (6th Dist. 1996); *see also Spellman v. Securities, Annuities &*

9   *Insurance Services, Inc.*, 8 Cal.App.4th 452, 464 (2d Dist. 1992).  Under section

10  three of the FAA and California state law, a stay of proceedings is mandatory if

11  the court finds the dispute is arbitrable.  Further, under California state law, a stay

12  of proceedings is mandatory pending a determination of whether the dispute is

13  arbitrable.  *Twentieth Century Fox Film Corp. v. Superior Court*, 79 Cal.App.4th

14  188, 192 (2d Dist. 2000).

15        In deciding whether parties are required to arbitrate disputes, the state and

16  federal statutory schemes relating to arbitration and the policies they were

17  designed to further must be considered.  The California Arbitration Act ("CAA"),

18  California Code of Civil Procedure, sections 1280, *et seq*., so states.  "[T]he

19  Legislature expresses a 'strong public in favor of arbitration as a speedy and

20  relatively inexpensive means of dispute resolution.'  Courts 'indulge every

21  intendment to give effect to such proceedings.'"  *Moncharsh v. Heily & Blasé*, 3

22  Cal.4th 1, 9 (1992).

23        Likewise, the FAA reversed long standing judicial hostility to arbitration.

24  *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225 (1987).  The

25  FAA establishes a federal policy favoring arbitration.  *Id.* at p. 226.

26        Section two of the FAA provides that written arbitration agreements "shall

27  be valid, irrevocable, and enforceable, save upon such grounds as exist at law or

28  in equity for the revocation of any contract."  9 U.S.C. § 2.  In section two of the

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

FAA, "Congress precluded States from singling out arbitration provisions for suspect status, requiring instead that such provisions be places 'upon the same footing as other contracts.'" *Id.*

In *Doctor's Associates*, the Supreme Court invalidated a state statute which required arbitration provisions to be "typed in underlined capital letters on the first page of the contract." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 683 (1996). The Court held that because the statute treated arbitration contracts differently than other contracts, it was preempted by section two of the FAA. *Id.*

"The rule of enforceability established by section two of the [FAA] preempts any contrary state law is binding on state courts as well as federal." *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal.4th 394, 405 (1996). In most respects, the CAA is similar to the FAA. *Id.* at p. 406. In particular, California Code of Civil Procedure, section 1281, like section two of the FAA, provides that arbitration agreements are "valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract."

C.   All Claims in the FAC Are Covered By The Arbitration Agreement

The Arbitration Agreement signed by the plaintiffs broadly defines arbitrable disputes as any disputes relating to "employment or the termination of [employee's] employment" and further disputes "against the Company and/or against any employee, officer, alleged agent, director or affiliate of the Company with regard to any matter arising out of [employee's] employment or the termination of [employee's] employment (Scaroni Decl., ¶¶ 5-7, Exs. 1-8.) All of the causes of action in Plaintiff's original complaint and in the FAC arose in connection with, and are related to, plaintiff's employment. They are all claims against Defendants, their agents, owners, and affiliated entities. Defendants are alleged to be affiliates, joint employers, and to have formed one enterprise for employment purposes. FAC, ¶¶ 27 - 32.

/ / / / /

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

1     Further, the Arbitration Agreement contains a class action waiver as

2  follows:

3        Employees are expressly precluded from filing or participating in
         any joint, class, representative or collective claims addressing their
4        wages, hours or other terms or conditions of their employment
         against the employer in any forum, whether arbitral or judicial. This
5        waiver includes PAGA claims to the extent permitted by law.

6  (See, e.g., Scaroni Decl., ¶¶ 5-7, Exs. 3-8.) Accordingly, arbitration of plaintiffs'

7  claims must be limited to plaintiffs' individual claims and will not be handled as

8  a class arbitration or representative arbitration.

9        D.     The Arbitration Agreement
                Applies To The Claims Against All Defendants
10

11     Plaintiffs allege they were jointly employed by Defendants.  FAC ¶¶ 33,

12  106(g), 109.  They do not attribute allegations or claims against a particular

13  defendant, rather they allege claims against all Defendants jointly.  FAC ¶¶ 1, 3, 4,

14  8-12, and Prayer for Relief.  Therefore, the alleged facts and claims are inherently

15  and inextricably intertwined as to all Defendants.  Plaintiff also allege Defendants

16  were acting as agents of each other. FAC ¶¶ 33-35.  In fact, plaintiff's allegations

17  necessarily involve an agency theory because the alleged joint employment requires

18  some level of agency.  *See Martinez v. Combs*, 49 Cal.4th 35, 63 (2010).  Finally,

19  plaintiffs' allegations of joint liability results in equitable estoppel.  See *Franklin*,

20  *supra*, 998 F.3d at 873-76; *see also Garcia v. Pexco, LLC* 11 Cal.App.5th 782, 786

21  (4th Dist. 2017).  Therefore, the Arbitration Agreement applies equally to all claims

22  against all Defendants.[3]

23  _____
    [3] A non-signatory may compel arbitration of a dispute arising out of the scope of an arbitration
24  agreement under several grounds including estoppel, agency, and third-party beneficiary.
    *Franklin, supra*, 998 F.3d at 873-76; *Suh v. Superior Court*, 181 Cal.App.4th 1504, 1513 (2d
25  Dist. 2010).  The doctrine of equitable estoppel applies when claims against the non-signatory
    defendant "are based on the same facts and are inherently inseparable from the arbitrable
26  claims against signatory defendants." *Garcia*, *supra*, 11 Cal.App.5th at 786 (non-signatory
    entitled to enforce arbitration agreement where plaintiff alleged joint employer liability based
27  on the same factual allegations); see also *Laswell v. AG Seed Beach, LLC*, 189 Cal.App.4th
    1399, 1407 (2d Dist. 2010) (non-signatory entitled to enforce arbitration agreement where
28  liability alleged against all defendants based upon same facts and theories).  In addition, "when
    a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement, the

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

18

CASE NO: 5:24-cv-03375-EKL

1

2

**E.**   **Plaintiff's Class Claims Should Be Dismissed,
And Her Individual Claims Ordered To Arbitration**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

The class action waiver in the Arbitration Agreement specifically prohibits plaintiffs from proceeding on a class and representative basis and is enforceable. (Scaroni Decl., ¶¶ 5-7, Exs. 1-8); *Epic Systems*, *supra,* 138 S. Ct. at 1619, 1632 (holding that class action waivers must "be enforced as written"); see also *AT&T Mobility, supra*, 563 U.S. at 348, 352 (California rule prohibiting class action waivers is preempted the FAA); *Franco v. Arakelian Enterprises, Inc.*, 234 Cal.App.4th 947, 955-56 (2d Dist. 2015) (class action waivers obtained as a condition of employment are enforceable under the FAA).  Moreover, as stated previously, this Court must "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, supra,* 470 U.S. at 218 (1985).  The CAA comports with this Supreme Court mandate.  See Cal. Code Civ. Proc., § 1281.2.  Here, the FAA governs the Arbitration Agreement which contains an express class action waiver.  Therefore, plaintiff's claims must be compelled to arbitration on an individual basis and the putative class claims must be dismissed.

18

19

**F.**   **Representative PAGA Claims Must
Also Be Dismissed, Or, Alternatively, Stayed
Pending the Outcome Of The Individual Arbitrations**

20

21

22

23

24

25

26

Pursuant to the U.S. Supreme Court's holding in *Viking, supra,* and the FAA, agreements to arbitrate claims on an individual basis require arbitration of individual PAGA claims and dismissal of representative PAGA claims. Accordingly, pursuant to *Viking* and the FAA, this Court should compel arbitration of all claims alleged the FAC on an individual basis and dismiss the putative class and PAGA representative claims.  In the alternative, and without waiving Defendants' right to dismissal of PAGA representative claims pursuant

27

28

defendant may enforce the agreement even though the defendant is not a party thereto." *Thomas v. Westlake*, 204 Cal.App.4th 605, 614-15 (4th Dist. 2012).

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

1    to *Viking*, this Court should order all representative PAGA claims stayed pending

2    completion of plaintiffs' individual arbitrations.  *Adolph v. Uber Techs., Inc.*, 14

3    Cal.5th 1104, 1120-23 (2023) (reversing denial of plaintiff's motion to compel

4    arbitration of individual PAGA claim).  In *Adolph*, the California Supreme Court

5    held trial courts have discretion to stay PAGA proceedings pending the outcome

6    of individual arbitration.  *Id*.  The purpose of such a stay is to allow the arbitrator

7    to decide whether plaintiffs have standing to proceed as "aggrieved employees"

8    under PAGA.  *Id*.  Thus, in the event this Court does not dismiss plaintiffs'

9    PAGA representative claims pursuant to *Viking* and the Arbitration Agreement, a

10   stay of those claims is required in the interest of judicial economy, and to avoid

11   duplication and the risk of inconsistent rulings between the Court and arbitrator.

12         G.    The Case Should be Automatically Stayed
              Until Determination of this Motion to Compel Arbitration

13

14         The U.S. Supreme Court recently held when a lawsuit involves an

15   arbitrable dispute and a party requests a stay pending arbitration, section three of

16   the FAA compels the court to stay the proceeding.  *Smith v. Spizzirri*, 601 U.S.

17   472, 478 (2024).  A stay of proceedings pending determination of a motion to

18   compel arbitration reflects common sense:

19         If a district court could move forward with pre-trial and trial proceedings

20         while the appeal on arbitrability was ongoing, then many of the asserted
      benefits of arbitration (efficiency, less expensive, less intrusive discovery,

21         and the like) would be irretrievably lost – even if the court of appeals later
      concluded that the case actually had belonged in arbitration all along.

22         Absent a stay, parties also could be forced to settle to avoid the district

23         court proceedings (including discovery and trial) that they contracted to
      avoid through arbitration.

24

25   *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 736-37 (2023).

26         It follows that this case should be automatically stayed pending

27   determination of the Motion, and courts routinely grant stays under similar

28   circumstances.  *See, e.g., Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No.

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

20

CASE NO: 5:24-cv-03375-EKL

5:16-cv-02805-EJD, 2017 U.S. Dist. LEXIS 117212, at *2-3 (N.D. Cal. Feb. 14, 2017) (quoting Fed. R. Civ. P. 1) (holding a stay of discovery pending resolution of the motion to compel arbitration "promotes the just, speedy, and inexpensive resolution of th[e] case"); *Stiener v. Apple Comput., Inc.*, No. C 07-4486 SBA, 2007 U.S. Dist. LEXIS 90220, at *3 (N.D. Cal. Nov. 29, 2007) (holding a stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is prudent); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 98 Civ. 9116 (CSH), 2001 U.S. Dist. LEXIS 9950, at *21 (S.D.N.Y. July 18, 2001) (stating the general practice of district courts, is to impose a stay of discovery while the motion to compel arbitration is pending); *Miceli v. Citigroup, Inc.*, 2:15-cv-01962-GMN-VC, 2016 U.S. Dist. LEXIS 38708, at *4 (D. Nev. Mar. 22, 2016) (staying discovery pending a determination of the motion to compel arbitration "is in the interest of conserving resources of the parties and the courts"); *Okada v. Nevada Prop. 1, LLC*, No. 2:13-CV-01601-LDG, 2014 U.S. Dist. LEXIS 164022, at *3-4 (D. Nev. Nov. 21, 2014) ("a stay of discovery pending the resolution of Defendant's motion to compel arbitration is warranted").

Thus, this case, including discovery and initial scheduling obligations, should be stayed pending determination of this Motion in the interest of judicial economy, and to promote a just, speedy, and inexpensive resolution of this case.

IV

CONCLUSION

Defendants have established that plaintiffs signed a broad arbitration agreement with an express class actions waiver.  Plaintiffs are, therefore, required to arbitrate each claim in their FAC, on an individual basis only.  Accordingly, Defendants are entitled to an order: (a) compelling plaintiffs to arbitrate all claims alleged in this action on an individual basis; (b) dismissing the class claims; (c) dismissing the representative claims under PAGA or, alternatively,

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

21

1   and without waiving Defendants' right to dismissal of PAGA claims, staying the

2   remaining action, including Plaintiff's representative PAGA claims, pending

3   completion of plaintiffs' individual arbitrations.  In addition, an order staying this

4   case pending the Court's ruling on this motion is warranted.

5   DATED:  September 24, 2024            Respectfully submitted,

6                                        FINCH, THORNTON & BAIRD, LLP

7

8                                        By:    /s/ Marlene C. Nowlin
                                              CHAD T. WISHCHUK
9                                             MARLENE C. NOWLIN
                                         Attorneys for Defendants Fresh Harvest,
10                                       Inc., Farm Labor Association For
                                         Growers, Inc., and SMD Logistics, Inc.
11                                       E-mail:      mnowlin@ftblaw.com

12

13  DATED:  September 24, 2024            Respectfully submitted,

14                                       SCARONI FAMILY OF COMPANIES

15

16                                       By:    /s/ Jennifer M. Schermerhorn
                                              JENNIFER M. SCHERMERHORN
17                                       Attorneys for Defendants Fresh Harvest,
                                         Inc., Farm Labor Association For
18                                       Growers, Inc., and SMD Logistics, Inc.
                                         E-mail:      jennifer@sfcos.com
19

20

21

22

23

24

25

26

27

28  2695.003/3RS9204.axm

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

22

CASE NO: 5:24-cv-03375-EKL

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 24th day of September 2024 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

| | |
|---|---|
| Dawson Morton, Esq.<br>James Knoepp, Esq. (*Admitted Pro Hac Vice*)<br>Law Offices Of Dawson Morton<br>1808 Sixth Street<br>Berkeley, California 94710<br>Telephone:  (404) 590-1295<br>Emails:  dawson@dawsonmorton.com<br>  jim@dawsonmorton.com | ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO |
| Jennifer Schermerhorn, Esq.<br>Scaroni Family of Companies<br>101 E. Main Street<br>Heber, California 92249<br>Telephone:  (760) 909-1315<br>Email:  jennifer@sfcos.com | ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC. |

DATED:  September 24, 2024          Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP


By:    */s/ Marlene C. Nowlin*
        CHAD T. WISHCHUK
        MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

23

CASE NO: 5:24-cv-03375-EKL