# EXHIBIT 1



Jennifer Schermerhorn <jennifer@sfcos.com>

---

## In Re Demand for Arbitration | Rubio-Leon v. FLAG, et al.

---

**Jennifer Schermerhorn** <jennifer@sfcos.com>                                           Fri, Apr 5, 2024 at 5:39 PM
To: dawson@dawsonmorton.com

Dear Mr. Morton,

Please find attached correspondence from our office.

We look forward to hearing from you.

All the best,

*Jennifer M. Schermerhorn, Esq.*
VP of Human Resources & General Counsel
jennifer@sfcos.com
Mobile +1 (760) 909-1315
Work   +1 (760) 592-2258

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.



This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

---

**3 attachments**

 **4 5 In Re Arbitration.pdf**
231K

5/14/24, 12:49 PM
CLOSED - RE: Demand for Arbitration - CV-24-... - VP...

Case 5:24-cv-03375-EKL   Document 45-7   Filed 09/24/24   Page 3 of 11

 **ARBITRATION - ROCHA RIVERA, ANGEL DE JESUS (2).pdf**
321K

 **ARBITRATION-RUBIO LEON, ANTONIO.pdf**
309K

**Farm Labor Association for Growers, Inc., Fresh Harvest, Inc., and SMD Logistics, Inc.**
101 E. Main Street, Heber, CA 92249

**April 5, 2024**

VIA EMAIL ONLY
Dawson Morton
1808 Sixth Street
Berkeley CA 94710
dawson@dawsonmorton.com

**Re: Rubio-Leon/Rocha Rivera v. FLAG/FHI/SMD In re Arbitration**

Dear Mr. Morton,

My name is Jennifer Schermehorn, I am General Counsel and represent Farm Labor Association for Growers, Inc., Fresh Harvest, Inc., and SMD Logistics, Inc. We are in receipt of the notice dated March 30, 2024, which includes both class action claims and a claim under the Private Attorneys General Act ("PAGA"). This letter is a demand to your clients Antonio Rubio-Leon and Angel de Jesus Rocha-Rivera that they submit their employment related disputes to binding arbitration pursuant to their agreements entered on May 8, 2023 and April 17, 2023, attached hereto. These agreements are consistent with the policies and practices of the companies, which enter into such agreements with each of its employees.

This letter serves as an effort that your clients enforce arbitration agreements that apply to their claims.

The arbitration agreement contains an enforceable class action waiver to the extent permitted by law. *See* Ex. A at 3. As you are undoubtedly aware, well-established law holds that class action waivers in employment arbitration agreements are enforceable. *See Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018); *see also Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th 947, 955-57 (2015) (class action waivers obtained as a condition of employment are enforceable under the FAA).

Further, the arbitration agreement contains a waiver for PAGA claims to the extent permitted by law that provides for individual arbitration only. *See* Ex. A at 3-4. As a result, Plaintiff must arbitrate her PAGA cause of action on an individual basis. *See Viking River Cruises v. Moriana*, 142 S. Ct. 1906, 1923-25 (2022). Pursuant to *Adolph v. Uber Technologies, Inc.*, 14 Cal. 4th 1104 (Cal. 2023), the trial should stay any PAGA representative claim pursuant to Code of Civil Procedure section 1281.4 until completion of the individual arbitration because, if the arbitrator determines that Plaintiff did not suffer any Labor Code violations and therefore is not an "aggrieved employee", then the subsequent confirmation of that arbitration award

**Farm Labor Association for Growers, Inc., Fresh Harvest, Inc., and SMD Logistics, Inc.**
101 E. Main Street, Heber, CA 92249

and judgment would mean that Plaintiff "could no longer prosecute [her] non-individual claims due to lack of standing." *Id.* At 1124.

Moreover, the arbitration agreement states that any PAGA representative action that is allowed to proceed in court "will be stayed pending completion of arbitration of any arbitrable claims." Arbitration agreements must be enforced according to their terms. *See Epic Systems*, 138 S. Ct. at 1619; *see also American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) ("consistent with [the FAA's] text, courts must 'rigorously enforce' arbitration agreements according to their terms").

Therefore, your clients should arbitrate all of their claims and stay her PAGA representative claim pending completion of the arbitration.  Please confirm that your clients will honor their arbitration agreements by April 26th, 2024.

Thank you for your attention to this matter.

Very truly yours,

*Jennifer Schermerhorn*
61022E706C3D44A...
Jennifer M. Schermerhorn
General Counsel

Cc: VIA EMAIL ONLY
Dawson Morton, Esq.(dawson@dawsonmorton.com )


JMS: Enclosure

# F.L.A.G.

## Farm Labor Association for Growers

F.L.A.G.                              P.O.BOX 104 HEBER, CA 92249                        (760) 352-2200

### ACUERDO DE ARBITRAJE OPCIONAL

Todas y cada una de las disputas, controversias o reclamaciones que no se resuelvan de acuerdo con los procedimientos anteriores y que surjan de este manual de empleo o se relacionen con él, su empleo o la terminación de su empleo pueden resolverse mediante arbitraje vinculante ante un árbitro imparcial, a menos que lo prohíba lo contrario o la ley aplicable. Esta disposición puede aplicarse a todas y cada una de las disputas, controversias o reclamaciones, ya sea que el empleado las presente individualmente contra la Compañía y/o contra cualquier empleado, funcionario, presunto agente, director o afiliado de la Compañía con respecto a cualquier asunto que surja de su empleo o la terminación de su empleo (antes de la contratación hasta después de la terminación), que incluye, entre otros, cualquier cumplimiento o incumplimiento de este manual de empleo o cualquier supuesto acuerdo de empleo, y/o cualquier reclamo o controversia que surja de la relación (o la naturaleza de la relación) o el comienzo o terminación de esa relación, incluidos, entre otros, reclamos por violación de un estatuto estatal o federal y/o por incumplimiento de convenio, incumplimiento de un convenio implícito de buena fe y equidad de trato, rescisión indebida, incumplimiento de contrato o imposición intencional de angustia emocional, difamación, violación del derecho a la privacidad, interferencia con ventajas o contratos y relaciones, conspiración u otros reclamos de responsabilidad civil de cualquier tipo. Reclamaciones por discriminación, acoso y/o represalias que surjan bajo el Título VII de la Ley Federal de Derechos Civiles de 1964, en su forma enmendada, Sección 42 U.S.C. secciones 2000(e) et. sec. y la Ley de Equidad en el Empleo y la Vivienda de California, las secciones 12940-12950 del Código de Gobierno de California, inclusive, el Código Laboral de California y la Ley de Discriminación por Edad en el Empleo, 29 U.S.C. artículo 623, están sujetos a las disposiciones de este procedimiento de arbitraje. No obstante, lo anterior, nada en este Acuerdo prohibirá que un Empleado que alegue una conducta que constituya una disputa por acoso sexual o una disputa por agresión sexual, o el representante designado de una clase o en una acción colectiva que alegue dicha conducta, elija participar en el arbitraje o elegir presentar un caso bajo la ley federal, tribal o estatal que se relacione con los reclamos de agresión sexual y acoso sexual. Este Acuerdo de arbitraje se aplica a las reclamaciones aplicables que existen o pueden existir antes de la fecha de este Acuerdo o enmienda a este Acuerdo. Las disposiciones de arbitraje de este Acuerdo proporcionarán el recurso exclusivo y, al leer y firmar este Acuerdo, cada parte renuncia expresamente a cualquier derecho que pueda tener para buscar reparación en cualquier otro foro, incluido un juicio por jurado. Este procedimiento no cubre las reclamaciones de seguro de compensación para trabajadores o beneficios de compensación por desempleo. No se impedirá que el empleado presente un cargo administrativo ante una agencia administrativa estatal o federal apropiada con el fin, entre otros, de satisfacer cualquier requisito de agotamiento de los recursos administrativos antes de invocar este proceso obligatorio; buscar remedios que no sean específicos para las víctimas; para permitir que una agencia administrativa presente su propia demanda en busca de remedios legales que no estén disponibles de otro modo en el procedimiento de arbitraje o según lo exija la ley. Los empleados están expresamente excluidos de presentar o participar en cualquier reclamo conjunto, de clase, representativo o colectivo que aborde sus salarios, horas u otros términos o condiciones de su empleo contra el empleador en cualquier foro, ya sea arbitral o judicial. Esta renuncia incluye reclamos de PAGA en la medida permitida por la ley.

Dicho arbitraje se llevará a cabo de acuerdo con las reglas de la asociación o servicio de arbitraje del que se seleccione al árbitro (por ejemplo, Asociación Estadounidense de Arbitraje, JAMS, ARS, etc.) y se regirá por la Ley Federal de Arbitraje [9 U.S.C. Sección 2, et seq.] Si el empleo existe en California, las Secciones 1280, et seq. del Código de Procedimiento Civil de California. También regirá dicho arbitraje en la medida en que la ley de California no sea contradictoria con la ley federal aplicable ni la anula.

El arbitraje se llevará a cabo en un lugar que las partes acuerden mutuamente. A falta de acuerdo, el árbitro determinará el lugar.

El árbitro deberá proporcionar a cualquiera de las partes suficiente tiempo y acceso a los testigos, la documentación y los registros de las partes para realizar un descubrimiento adecuado antes del inicio del procedimiento.

Cualquier reclamo que cualquiera de las partes tenga contra la otra parte que pueda ser presentado para resolución de conformidad con este párrafo debe ser presentado por escrito por la parte reclamante a la otra de acuerdo con los estatutos de limitación estatales o federales aplicables.

En el caso de que cualquiera de las partes sostenga que las acciones de la otra parte están causando daños por los cuales los daños monetarios serían inadecuados, puede solicitar una orden judicial presentando a la Oficina del Servicio

Federal de Mediación y Conciliación en San Francisco una declaración bajo pena de perjurio estableciendo expone los hechos

que dan lugar a su pretensión. Dicha declaración se entregará a la otra parte personal o por Express Mail, Federal Express u otro servicio similar, con acuse de recibo. Si las partes no pueden ponerse de acuerdo sobre un árbitro neutral dentro de los 10 días, el Servicio Federal de Mediación y Conciliación está autorizado a seleccionar un árbitro neutral que deberá celebrar una audiencia dentro de los 10 días de su elección.

La carga de la prueba recaerá en todo momento sobre la parte que solicita la reparación. Al determinar cualquier asunto, el árbitro aplicará todas las leyes estatutarias y consuetudinarias federales, estatales y locales aplicables a la disputa. El arbitraje se llevará a cabo de conformidad con las reglas de arbitraje del Código de Procedimiento Civil de California, a partir de la Sección 1280, y se aplicarán las Reglas de Evidencia de California. El árbitro tendrá la autoridad exclusive para resolver cualquier disputa relacionada con la interpretación, aplicabilidad, exigibilidad o formación del Manual del Empleado y esta disposición.

La Compañía pagará el costo del árbitro neutral y de una transcripción de cualquier procedimiento de arbitraje. Una vez que el Empleado complete todos los requisitos de presentación necesarios para iniciar un arbitraje, el árbitro proporcionará una factura con vencimiento no menor a treinta (30) días por los honorarios y costos. Cada parte sufragará los gastos de los testigos que llame.

Cualquier decisión y laudo u orden del árbitro se hará por escrito y será final y vinculante entre las partes en cuanto a todos los reclamos, que fueron o podrían haber sido presentados en relación con la disputa en la mayor medida permitida por la ley. La decisión del árbitro será final y estará sujeta a revisión judicial sólo según lo dispuesto por la Ley de Arbitraje de California (Código de Procedimiento Civil, Sección 1285, et. seq.).

Si es necesario algún litigio para hacer cumplir los términos de este Acuerdo de arbitraje, o si se inicia alguna acción legal, aunque esté prohibida, con respecto a este Manual de empleo, la parte vencedora tendrá derecho a los honorarios razonables de los abogados además de cualquier otra compensación a que pueda tener derecho.

En el caso de que una o más de las disposiciones contenidas en el presente se considerarán ilegales o inaplicables por cualquier motivo, dicha ilegalidad o inaplicabilidad no afectará a ninguna otra disposición, y los procedimientos establecidos en el presente se interpretarán como si tales disposiciones inaplicables o ilegales disposición no había sido contenida aquí.

He leído, comprendo y acepto los términos de este Acuerdo.

Fecha: 8/5/2022

Por: _Matt Scaroni_
Representante del empleador

Matt Scaroni, President

Empleador Nombre Impreso, Título

Fecha: 05/09/2023

Por: Antonio
Firma de Empleado

Antonio Robin Leon
Nombre impreso del empleado

Tijuana B.C Mexico
Ubicación al momento de firmar

# F.L.A.G.

F.L.A.G.                                P.O.BOX 104 HEBER, CA 92249                        (760) 352-2200

## Póliza de Acuerdo de Arbitraje Opcional

**En general:** El Acuerdo de arbitraje opcional de la Compañía se establece en su totalidad en el Manual de la empresa y también se adjunta a su manual, como un documento separado, reconociendo que comprende y acepta los términos del Acuerdo de arbitraje. Este documento explica una serie de disposiciones en el Acuerdo de Arbitraje que se proporciona como una opción para resolver ciertas disputas a todos los empleados.

### Las pólizas detrás del Acuerdo de arbitraje son:

- Incentivar a los empleados para que discutan, reportar e informar de inmediato a la Compañía sobre cualquier inquietud, problema, controversia y/o reclamo que surja de la relación laboral, de modo que puedan ser atendidos de inmediato;
- Establecer comunicación abierta y resolución informal de los problemas;
- Apoyar a una fuerza de trabajo comprometida e informada que acepta la diversidad y desalienta la adversidad;
- Para proteger los derechos individuales y crear un foro abierto para escuchar y abordar quejas y preocupaciones;
- Para eliminar cualquier renuncia a reportar problemas, peligros y/o conducta o preocupaciones de comportamiento,
- Promover el arbitraje y la mediación rápidos, en lugar de un litigio, de los reclamos de los empleados que surjan de su relación laboral o la terminación del empleo.

### El Acuerdo de Arbitraje será:

- Brindar una resolución más rápida de reclamos de empleados, como discriminación laboral, acoso o represalias; cualquier reclamo presentado por el Empleado relacionado con salarios y condiciones de trabajo; incumplimiento del contrato de trabajo o del pacto implícito de buena fe y trato justo; descarga indebida; o mala conducta (ya sea intencional o negligente), incluida la difamación, la tergiversación, el fraude y la imposición de estrés emocional. Pará verificar que el Empleado y la Compañía comprendan y acuerden que renuncian a su derecho a presentar dichos reclamos ante una corte, incluido el derecho a un juicio por un jurado, y para presentar demandas colectivas;
- Permite que el Empleado opte por renunciar al arbitraje y presentar un caso conforme a la ley federal, tribal o estatal en relación con un reclamo de agresión sexual o acoso sexual.
- Para verificar que el Empleado y la Compañía entiendan y acepten que están renunciando a su derecho a presentar dichos reclamos ante un tribunal, incluido el derecho a un juicio por jurado, y a presentar reclamos de demanda colectiva;
- Aceptar que el procedimiento de arbitraje será conducido por un árbitro neutral de acuerdo con las Reglas Nacionales para la Resolución de Disputas Laborales emitidas por la Asociación Estadounidense de Arbitraje. La Compañía pagará los honorarios del árbitro por el procedimiento, así como los cargos por la transcripción de la audiencia.
- El árbitro neutral tendrá la autoridad para otorgar salarios atrasados, intereses y daños aplicables y honorarios de abogados, al igual que si el caso fuera litigado en la corte.
- El empleado sigue teniendo derecho a ser representado por un abogado de su elección ya su propio costo;
- El árbitro emitirá una decisión por escrito y su decisión sólo puede ser apelada de acuerdo con la ley aplicable.

Cada parte del Acuerdo de Arbitraje Opcional entiende que el Acuerdo de Arbitraje Opcional no cambia la relación laboral "a voluntad" entre las partes ni debe interpretarse como que implica la existencia de un contrato de trabajo por un término definido. El empleo "a voluntad" permanece en pleno vigor y efecto. Establece que, en cualquier momento, por cualquier motivo, con o sin causa, o con o sin aviso, el empleado o el empleador puede rescindir el empleo a su propia discreción.

Acuso recibo de este documento en la fecha abajo escrita.

Antonio Rubio Leon
_____
**Nombre del  Empleado**

H14839
_____
**Número de Empleado**

Antonio
_____
**Firma Del Empleado**

05/08/2023
_____
**Fecha**

J. Juana B.C Mexico
_____
**Ubicación al momento de firmar**

**Revised Date  08/05/2022**

# F.L.A.G.

## Farm Labor Association for Growers

F.L.A.G.                              P.O.BOX 104 HEBER, CA 92249                    (760) 352-2200

## ACUERDO DE ARBITRAJE OPCIONAL

Todas y cada una de las disputas, controversias o reclamaciones que no se resuelvan de acuerdo con los procedimientos anteriores y que surjan de este manual de empleo o se relacionen con él, su empleo o la terminación de su empleo pueden resolverse mediante arbitraje vinculante ante un árbitro imparcial, a menos que lo prohíba lo contrario o la ley aplicable. Esta disposición puede aplicarse a todas y cada una de las disputas, controversias o reclamaciones, ya sea que el empleado las presente individualmente contra la Compañía y/o contra cualquier empleado, funcionario, presunto agente, director o afiliado de la Compañía con respecto a cualquier asunto que surja de su empleo o la terminación de su empleo (antes de la contratación hasta después de la terminación), que incluye, entre otros, cualquier cumplimiento o incumplimiento de este manual de empleo o cualquier supuesto acuerdo de empleo, y/o cualquier reclamo o controversia que surja de la relación (o la naturaleza de la relación) o el comienzo o terminación de esa relación, incluidos, entre otros, reclamos por violación de un estatuto estatal o federal y/o por incumplimiento de convenio, incumplimiento de un convenio implícito de buena fe y equidad de trato, rescisión indebida, incumplimiento de contrato o imposición intencional de angustia emocional, difamación, violación del derecho a la privacidad, interferencia con ventajas o contratos y relaciones, conspiración u otros reclamos de responsabilidad civil de cualquier tipo. Reclamaciones por discriminación, acoso y/o represalias que surjan bajo el Título VII de la Ley Federal de Derechos Civiles de 1964, en su forma enmendada, Sección 42 U.S.C. secciones 2000(e) et. sec. y la Ley de Equidad en el Empleo y la Vivienda de California, las secciones 12940-12950 del Código de Gobierno de California, inclusive, el Código Laboral de California y la Ley de Discriminación por Edad en el Empleo, 29 U.S.C. artículo 623, están sujetas a las disposiciones de este procedimiento de arbitraje. No obstante, lo anterior, nada en este Acuerdo prohibirá que un Empleado que alegue una conducta que constituya una disputa por acoso sexual o una disputa por agresión sexual, o el representante designado de una clase o en una acción colectiva que alegue dicha conducta, elija participar en el arbitraje o elegir presentar un caso bajo la ley federal, tribal o estatal que se relacione con los reclamos de agresión sexual y acoso sexual. Este Acuerdo de arbitraje se aplica a las reclamaciones aplicables que existen o pueden existir antes de la fecha de este Acuerdo o enmienda a este Acuerdo. Las disposiciones de arbitraje de este Acuerdo proporcionarán el recurso exclusivo y, al leer y firmar este Acuerdo, cada parte renuncia expresamente a cualquier derecho que pueda tener para buscar reparación en cualquier otro foro, incluido un juicio por jurado. Este procedimiento no cubre las reclamaciones de seguro de compensación para trabajadores o beneficios de compensación por desempleo. No se impedirá que el empleado presente un cargo administrativo ante una agencia administrativa estatal o federal apropiada con el fin, entre otros, de satisfacer cualquier requisito de agotamiento de los recursos administrativos antes de invocar este proceso obligatorio; buscar remedios que no sean específicos para las víctimas; para permitir que una agencia administrativa presente su propia demanda en busca de remedios legales que no estén disponibles de otro modo en el procedimiento de arbitraje o según lo exija la ley. Los empleados están expresamente excluidos de presentar o participar en cualquier reclamo conjunto, de clase, representativo o colectivo que aborde sus salarios, horas u otros términos o condiciones de su empleo contra el empleador en cualquier foro, ya sea arbitral o judicial. Esta renuncia incluye reclamos de PAGA en la medida permitida por la ley.

Dicho arbitraje se llevará a cabo de acuerdo con las reglas de la asociación o servicio de arbitraje del que se seleccione al árbitro (por ejemplo, Asociación Estadounidense de Arbitraje, JAMS, ARS, etc.) y se regirá por la Ley Federal de Arbitraje [9 U.S.C. Sección 2, et seq.] Si el empleo existe en California, las Secciones 1280, et seq. del Código de Procedimiento Civil de California. También regirá dicho arbitraje en la medida en que la ley de California no sea contradictoria con la ley federal aplicable ni la anula.

El arbitraje se llevará a cabo en un lugar que las partes acuerden mutuamente. A falta de acuerdo, el árbitro determinará el lugar.

El árbitro deberá proporcionar a cualquiera de las partes suficiente tiempo y acceso a los testigos, la documentación y los registros de las partes para realizar un descubrimiento adecuado antes del inicio del procedimiento.

Cualquier reclamo que cualquiera de las partes tenga contra la otra parte que pueda ser presentado para resolución de conformidad con este párrafo debe ser presentado por escrito por la parte reclamante a la otra de acuerdo con los estatutos de limitación estatales o federales aplicables.

En el caso de que cualquiera de las partes sostenga que las acciones de la otra parte están causando daños por los cuales los daños monetarios serían inadecuados, puede solicitar una orden judicial presentando a la Oficina del Servicio

Federal de Mediación y Conciliación en San Francisco una declaración bajo pena de perjurio estableciendo expone los hechos

que dan lugar a su pretensión. Dicha petición se entregará a la otra parte personal o por Express Mail, Federal Express u otro servicio similar, con acuse de recibo. Si las partes no pueden ponerse de acuerdo sobre un árbitro neutral dentro de los 10 días, el Servicio Federal de Mediación y Conciliación está autorizado a seleccionar un árbitro neutral que deberá celebrar una audiencia dentro de los 10 días de su elección.

La carga de la prueba recaerá en todo momento sobre la parte que solicita la reparación. Al determinar cualquier asunto, el árbitro aplicará todas las leyes estatutarias y consuetudinarias federales, estatales y locales aplicables a la disputa. El arbitraje se llevará a cabo de conformidad con las reglas de arbitraje del Código de Procedimiento Civil de California, a partir de la Sección 1280, y se aplicarán las Reglas de Evidencia de California. El árbitro tendrá la autoridad exclusive para resolver cualquier disputa relacionada con la interpretación, aplicabilidad, exigibilidad o formación del Manual del Empleado y esta disposición.

La Compañía pagará el costo del árbitro neutral y de una transcripción de cualquier procedimiento de arbitraje. Una vez que el Empleado complete todos los requisitos de presentación necesarios para iniciar un arbitraje, el árbitro proporcionará una factura con vencimiento no menor a treinta (30) días por los honorarios y costos. Cada parte sufragará los gastos de los testigos que llame.

Cualquier decisión y laudo u orden del árbitro se hará por escrito y será final y vinculante entre las partes en cuanto a todos los reclamos, que fueron o podrían haber sido presentados en relación con la disputa en la mayor medida permitida por la ley. La decisión del árbitro será final y estará sujeta a revisión judicial sólo según lo dispuesto por la Ley de Arbitraje de California (Código de Procedimiento Civil, Sección 1285, et. seq.).

Si es necesario algún litigio para hacer cumplir los términos de este Acuerdo de arbitraje, o si se inicia alguna acción legal, aunque esté prohibida, con respecto a este Manual de empleo, la parte vencedora tendrá derecho a los honorarios razonables de los abogados además de cualquier otra compensación a que pueda tener derecho.

En el caso de que una o más de las disposiciones contenidas en el presente se considerarán ilegales o inaplicables por cualquier motivo, dicha ilegalidad o inaplicabilidad no afectará a ninguna otra disposición, y los procedimientos establecidos en el presente se interpretarán como si tales disposiciones inaplicables o ilegales disposición no había sido contenida aquí.

He leído, comprendo y acepto los términos de este Acuerdo.

Fecha: _8/5/2022_

DocuSigned by:

Por: _Matt Scaroni_

F254010553C449E...

Representante del empleador

Matt Scaroni, President

Empleador Nombre Impreso, Titulo

Fecha: _04/17/2023_

Por:

Firma de Empleado

_Angel de Jesús Rocha Rivera_

Nombre impreso del empleado

_Tijuana, B.C., México_

Ubicación al momento de firmar

# F.L.A.G.

F.L.A.G.                    **P.O.BOX 104 HEBER, CA 92249**                    **(760) 352-2200**

## Póliza de Acuerdo de Arbitraje Opcional

**En general:** El Acuerdo de arbitraje opcional de la Compañía se establece en su totalidad en el Manual de la empresa y también se adjunta a su manual, como un documento separado, reconociendo que comprende y acepta los términos del Acuerdo de arbitraje. Este documento explica una serie de disposiciones en el Acuerdo de Arbitraje que se proporciona como una opción para resolver ciertas disputas a todos los empleados.

### Las pólizas detrás del Acuerdo de arbitraje son:

- Incentivar a los empleados para que discutan, reportar e informar de inmediato a la Compañía sobre cualquier inquietud, problema, controversia y/o reclamo que surja de la relación laboral, de modo que puedan ser atendidos de inmediato;
- Establecer comunicación abierta y resolución informal de los problemas;
- Apoyar a una fuerza de trabajo comprometida e informada que acepta la diversidad y desalienta la adversidad;
- Para proteger los derechos individuales y crear un foro abierto para escuchar y abordar quejas y preocupaciones;
- Para eliminar cualquier renuncia a reportar problemas, peligros y/o conducta o preocupaciones de comportamiento,
- Promover el arbitraje y la mediación rápidos, en lugar de un litigio, de los reclamos de los empleados que surjan de su relación laboral o la terminación del empleo.

### El Acuerdo de Arbitraje será:

- Brindar una resolución más rápida de reclamos de empleados, como discriminación laboral, acoso o represalias; cualquier reclamo presentado por el Empleado relacionado con salarios y condiciones de trabajo; incumplimiento del contrato de trabajo o del pacto implícito de buena fe y trato justo; descarga indebida; o mala conducta (ya sea intencional o negligente), incluida la difamación, la tergiversación, el fraude y la imposición de estrés emocional. Para verificar que el Empleado y la Compañía comprendan y acuerden que renuncian a su derecho a presentar dichos reclamos ante una corte, incluido el derecho a un juicio por un jurado, y para presentar demandas colectivas;
- Permite que el Empleado opte por renunciar al arbitraje y presentar un caso conforme a la ley federal, tribal o estatal en relación con un reclamo de agresión sexual o acoso sexual.
- Para verificar que el Empleado y la Compañía entiendan y acepten que están renunciando a su derecho a presentar dichos reclamos ante un tribunal, incluido el derecho a un juicio por jurado, y a presentar reclamos de demanda colectiva;
- Aceptar que el procedimiento de arbitraje será conducido por un árbitro neutral de acuerdo con las Reglas Nacionales para la Resolución de Disputas Laborales emitidas por la Asociación Estadounidense de Arbitraje. La Compañía pagará los honorarios del árbitro por el procedimiento, así como los cargos por la transcripción de la audiencia.
- El árbitro neutral tendrá la autoridad para otorgar salarios atrasados, intereses y daños aplicables y honorarios de abogados, al igual que si el caso fuera litigado en la corte.
- El empleado sigue teniendo derecho a ser representado por un abogado de su elección ya su propio costo;
- El árbitro emitirá una decisión por escrito y su decisión sólo puede ser apelada de acuerdo con la ley aplicable.

Cada parte del Acuerdo de Arbitraje Opcional entiende que el Acuerdo de Arbitraje Opcional no cambia la relación laboral "a voluntad" entre las partes ni debe interpretarse como que implica la existencia de un contrato de trabajo por un término definido. El empleo "a voluntad" permanece en pleno vigor y efecto. Establece que, en cualquier momento, por cualquier motivo, con o sin causa, o con o sin aviso, el empleado o el empleador puede rescindir el empleo a su propia discreción.

Acuso recibo de este documento en la fecha abajo escrita.

_Angel de Jesús Rocha Rivera_
Nombre del Empleado

_H14947_
Número de Empleado

_Angel Rocha_
Firma Del Empleado

_04/17/2023_
Fecha

_Tijuana, B.C., México_
Ubicación al momento de firmar

**Revised Date  08/05/2022**