JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION SEEKING RELIEF FROM CASE MANAGEMENT AND DISCOVERY DEADLINES**<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Complaint Filed:   June 4, 2024<br>Trial Date:           Not Set |

Pursuant to Civil Local Rule 7-11 and in view of Defendants' pending Motion to Compel Arbitration, Dismiss Class Claims, and Dismiss or Stay PAGA Representative Claims ("Motion to Compel Arbitration"), Defendants respectfully move for relief from the Court's Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order") including all discovery obligations. (*see* Dkt Nos. 44, and 45 to 45-24). As established below,

a continuance of the Case Management Conference on October 23, 2024, stay of discovery, and relief from the other dates and deadlines in the CMC Order will conserve resources and promote judicial efficiency and economy. Accordingly, Defendants propose the following revised case management schedule: (a) All discovery deadlines, including pending discovery, should be stayed until at least 45 days after the Court's final ruling on the Motion to Compel Arbitration; and (b) All dates and deadlines in the CMC Order should be continued at least 45 days to a date after the Court's final ruling on the Motion to Compel Arbitration. For the following reasons, this Motion should be granted and Defendants' proposed schedule should be implemented.

I

THE CIRCUMSTANCES SUPPORT RELIEF FROM THE CMC ORDER

As set forth in the Motion to compel and supporting papers, beginning in April 2024 and continuing to September 16, 2024, Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc. ("Defendants") informed plaintiffs' counsel, Dawson Morton, that: (a) plaintiffs each executed an Arbitration Agreement with a class action waiver; (b) plaintiffs must submit their claims to binding arbitration; and (c) Defendants will move to compel arbitration and dismiss class and representative claims unless plaintiffs proceed to arbitration. (Nowlin Decl., ¶ 1-3; Dkt. No. 42.) Plaintiffs declined to arbitrate, did not disclose the arbitration and class waiver issues in their Case Management Statement, and propounded 18 requests for production of documents on Fresh Harvest, responses to which are due October 21, 2024 ("RFPs"). (Nowlin Decl., ¶ 4; Dkt. No. 43.) [1]

On September 23, 2024, as Defendants were finalizing their Motion to Compel Arbitration, Defendants received the Court's Order Setting Initial Case

---

[1] These facts are set forth in further detail in the Motion to Compel Arbitration and supporting Declarations Jennifer M. Schermerhorn (Dkt. 45-6 to 45-12) and Marlene C. Nowlin (Dkt. 45-1 to 45-5) of which the Court is requested to take judicial notice.

Management Conference and ADR Deadlines ("CMC Order").  (Nowlin Decl., ¶ 5, Dkt. No. 44.)  On September 24, 2024, Defendants filed their Motion to Compel Arbitration which is scheduled to be heard on January 8, 2025. (Id.; Dkt. No. 45.)  In accordance with the CMC Order, on September 27, 2024, Defendants served initial disclosures.  (Nowlin Decl., ¶ 7.)

In light of their pending Motion to Compel Arbitration, Defendants respectfully ask this Court for relief from the following remaining dates and obligations in the CMC Order: (1) The October 9, 2024, deadline to file a joint status update identifying the mediator and proposing a case schedule; (2) The October 23, 2024 initial case management conference; (3) The February 20, 2025 deadline to hold an ADR session and related deadlines; (4) The February 27, 2025 deadline to file a joint status report; and (5) discovery obligations including responses to the RFPs.  (Nowlin Decl., ¶¶ 8-9.)  For the following reasons, relief from the above dates and obligations and an order implementing Defendants' revised case management schedule is necessary and appropriate:

First, plaintiffs' arbitration agreement and class action waiver render discovery inappropriate in this forum and prohibit class discovery altogether.[2] Therefore, an immediate discovery stay is necessary.  "Courts routinely grant [discovery] stays" pending determination of a motion to compel arbitration, and such a stay "promotes the 'just, speedy, and inexpensive' resolution of this case." *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1-2 (N.D. Cal. Feb. 14, 2017) (staying discovery during pendency of a motion to compel arbitration, and agreeing with defendant's assertion that "unless discovery is stayed, [defendant] will forever lose the advantages of arbitration—speed and economy"); *see Stiener v. Apple Computer, Inc., et al.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the

---

[2] Defendants request that the Court take judicial notice of the arbitration agreement attached to the declarations of Translator Jesus Rosa Garcia ("Garcia Decl.") and Matt Scaroni ("Scaroni Decl.") in support of the Motion to Compel Arbitration. (Dkt No. 45-13 to 45-31.)

parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent.") Because any discovery must proceed in arbitration and must be limited to plaintiffs' individual claims, Defendants submit no discovery is appropriate in this action until the final adjudication of whether plaintiffs must arbitrate their claims. *See Stiener*, 2007 WL 4219388, at *1 (staying discovery pending a motion to compel arbitration because "if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators" (quoting *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

Second, if the Court grants the Motion to Compel Arbitration in its entirety, there would be no need for case management deadlines, ADR, or case scheduling. Therefore, a stay of case management, initial scheduling, and ADR deadlines is necessary. *See Stiener*, 2007 WL 4219388, at *1 (case management, ADR, and pre-trial obligations stayed pending resolution of motion to compel arbitration). In sum, it is not settled which claims, if any, will proceed in this forum. Thus, the following revised case management schedule will conserve resources and promote judicial efficiency: (a) All discovery deadlines, including pending discovery, should be stayed until at least 45 days after the Court's final ruling on the Motion to Compel Arbitration; and (b) All dates and deadlines in the CMC Order be continued at least 45 days to a date after the Court's final ruling on the Motion to Compel Arbitration. (Nowlin Decl., ¶¶ 8-9.)

On October 3, 2024, defense counsel asked Mr. Morton to stipulate to Defendants' revised case management schedule. (Nowlin Decl., ¶ 10, Ex. 2.) Defense counsel also offered to extend the deadline for briefing on the Motion to Compel Arbitration. (*Id.*) Mr. Morton declined to stipulate to any of Defendants' proposals and stated plaintiffs will oppose this Motion. (*Id.*)

/ / / / /

/ / / / /

## II

## DEFENDANTS SOUGHT AN EARLY HEARING IN GOOD FAITH

Defendants met and conferred with Mr. Dawson and cooperated in good faith to obtain the earliest possible hearing date on the Motion to Compel Arbitration. (Nowlin Decl. ¶ 6, Ex. 1.)  Per Mr. Dawson's request, Defendants tried to schedule the hearing as early as October 23, 2023. (*Id*.)  However, January 8, 2025 was the earliest possible hearing date. (*Id*.)  Accordingly, on September 24, 2024, the parties jointly reserved January 8, 2025as the hearing date on the Motion to Compel Arbitration. (Dkt No. 45.)  Defendants' initial disclosures make the required disclosures and reserve the right to seek relief from the CMC Order based on the pending Motion to Compel Arbitration.  (Nowlin Decl. ¶ 6.)  Plaintiffs' initial disclosures do not address the arbitration or class waiver issues.  (*Id*.)

## III

## THE COURT SHOULD GRANT THIS MOTION AND IMPLEMENT DEFENDANTS' REVISED SCHEDULE

For the foregoing reasons, Defendants respectfully that the Court grant this Motion and enter an order with the following revised case management schedule: (a) All discovery deadlines, including pending discovery, are stayed until at least 45 days after the Court's final ruling on Motion to Compel Arbitration; and (b) All dates and deadlines in the CMC Order be continued at least 45 days to a date after the Court's final ruling on the Motion to Compel Arbitration.

DATED:  October 4, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com

2695.003/3RU8986.axm

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that this document has been filed electronically on this 4th day of October 2024 and is available for viewing and downloading to the ECF registered counsel of record:

<u>Via Electronic Service/ECF:</u>

| | |
|---|---|
| Dawson Morton, Esq.<br>James Knoepp, Esq. (*Admitted Pro Hac Vice*)<br>Law Offices Of Dawson Morton<br>1808 Sixth Street<br>Berkeley, California 94710<br>Telephone:  (404) 590-1295<br>Emails:    dawson@dawsonmorton.com<br>           jim@dawsonmorton.com | ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO |
| Jennifer Schermerhorn, Esq.<br>Scaroni Family of Companies<br>101 E. Main Street<br>Heber, California 92249<br>Telephone:  (760) 909-1315<br>Email:    jennifer@sfcos.com | ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC. |

DATED:  October 4, 2024             Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP


By:  */s/ Marlene C. Nowlin*
     CHAD T. WISHCHUK
     MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com