JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>DECLARATION OF MARLENE C. NOWLIN, ESQ., IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION SEEKING RELIEF FROM CASE MANAGEMENT AND DISCOVERY DEADLINES<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Complaint Filed:  June 4, 2024<br>Trial Date:  Not Set |

I, Marlene C. Nowlin, declare as follows:

1.  I am an attorney admitted to practice before this court and all courts of the State of California and a partner in the law firm of Finch, Thornton & Baird, LLP, attorneys of record in this case for Defendants Fresh Harvest, Inc., Farm Labor Association for Growers, Inc., and SMD Logistics, Inc. ("Defendants").  I am one of the attorneys primarily responsible for representing

Defendants in this action. I make this declaration in support of Defendants' Administrative Motion Seeking Relief From Case Management And Discovery Deadlines ("Motion for Administrative Relief"). All facts stated here are true of my own knowledge unless otherwise stated, and if called as a witness, I could and would competently testify to them.

2. I am primarily responsible for preparing Defendants' pending Motion to Compel Arbitration, Dismiss Class Claims, and Dismiss or Stay PAGA Representative Claims and supporting papers which is scheduled for hearing on January 8, 2025 ("Motion to Compel Arbitration"). I also met and conferred with plaintiffs' counsel, Dawson Morton regarding the Motion to Compel Arbitration and the instant Motion for Administrative Relief as I describe below.

3. The Motion to Compel Arbitration sets forth the following facts which are supported by the Declarations Jennifer M. Schermerhorn and Marlene C. Nowlin filed on September 24, 2024 which I also prepared: Beginning in April 2024 continuing to September 16, 2024, Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc. ("Defendants") informed plaintiffs' counsel, Dawson Morton, that: (a) plaintiffs each executed an Arbitration Agreement with a class action waiver; (b) plaintiffs must submit their claims to binding arbitration; and (c) Defendants will move to compel arbitration and dismiss class and representative claims unless plaintiffs proceed to arbitration. (See Dkt. Nos. 42 and 45-1 through 45-31 of which the court is requested to take Judicial Notice.)

4. Despite Defendants' efforts to meet and confer described in the Motion to Compel Arbitration, plaintiffs declined to arbitrate, did not disclose the arbitration and class waiver issues in their separately filed Case Management Statement, and propounded 18 requests for production of documents on Fresh Harvest, responses to which are due October 21, 2024 ("RFPs"). (See also Dkt. No. 43.)

5.      On September 23, 2024, as I was finalizing the Motion to Compel Arbitration, I received the Court's Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order").  (See Dkt. No. 44.)  On September 24, 2024, I caused my office to file Defendants' Motion to Compel Arbitration and supporting papers.  (See Dkt. No. 45.)

6.      Prior to causing the Motion to Compel Arbitration to be filed, I met and conferred with Mr. Dawson and cooperated in good faith to obtain the earliest possible hearing date.  Attached to this Declaration as Exhibit 1 is a true and copy of an email string between Mr. Morton, Deputy Thomson, and me reflecting my efforts to obtain the earliest possible hearing date.  As reflected in Exhibit 1, per Mr. Dawson's request, I tried to schedule the hearing as early as October 23, 2023.  However, January 8, 2025 was the earliest possible hearing date per Deputy Thomson.  Accordingly, on September 24, 2024, Mr. Morton and I jointly reserved January 8, 2025 as the hearing date on the Motion to Compel Arbitration.  (See Dkt No. 45.)

7.      In accordance with the CMC order, I prepared and caused Defendants' initial disclosures to be served on plaintiffs via email and mail on September 27, 2024.  In addition to complying with initial disclosure requirements, Defendants' initial disclosures reserve the right to seek relief from the CMC Order and to a stay of this case pending the Court's ruling on the Motion to Compel Arbitration.  I reviewed plaintiffs' initial disclosures received in the regular mail on October 1, 2024.  Plaintiffs' initial disclosures do not mention the ongoing arbitration and class waiver issues between the parties.

8.      The following dates and deadlines set forth in the CMC Order remain to be completed: (1) The October 9, 2024, deadline to file a joint status update identifying the mediator and proposing a case schedule; (2) The October 23, 2024 initial case management conference; (3) The February 20, 2025

/ / / / /

deadline to hold an ADR session and related deadlines; (4) The February 27, 2025 deadline to file a joint status report; and (5) discovery including responses to the RFPs.

9. In view of plaintiffs' arbitration agreement, class action waiver, and the pending Motion to Compel Arbitration, the following revised case management schedule will conserve resources and promote judicial efficiency: (a) All discovery deadlines, including pending discovery, should be stayed until 45 days after the Court's final ruling on the Motion to Compel Arbitration; and (b) All dates and deadlines in the CMC Order be continued 45 days to a date after the Court's final ruling on the Motion to Compel Arbitration.  Copies of Plaintiffs' arbitration agreement with class action waiver are attached to the declarations of Translator Jesus Rosa Garcia and Matt Scaroni which I prepared and caused to be filed in support of the Motion to Compel Arbitration.  (See Dkt No. 45-13 to 45-31 of which the Court is requested to take judicial notice.)

10. On October 3, 2024, I spoke to Mr. Morton and asked him to stipulate to the revised case management schedule proposed by Defendants.  I also offered to extend the deadline for briefing on the Motion to Compel Arbitration. Mr. Morton declined to stipulate to any of Defendants' proposals and stated plaintiffs will oppose Defendants Motion for Administrative relief. Attached to this Declaration as Exhibit 2 is a true and correct copy of an email string between Mr. Morton and me reflecting my efforts from October 2, 2024 to October 3, 2024 to meet and confer with Mr. Morton regarding this Motion and my request that plaintiffs' stipulate to Defendants' revised case management schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of October 2024, at San Diego, California.

/s/ Marlene C. Nowlin
MARLENE C. NOWLIN

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

2695.003/3RV3880.axm

4

CASE NO: 5:24-cv-03375-EKL

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 4th day of October 2024 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

| | |
|---|---|
| Dawson Morton, Esq.<br>James Knoepp, Esq. (*Admitted Pro Hac Vice*)<br>Law Offices Of Dawson Morton<br>1808 Sixth Street<br>Berkeley, California 94710<br>Telephone:  (404) 590-1295<br>Emails:     dawson@dawsonmorton.com<br>                  jim@dawsonmorton.com | ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO |
| Jennifer Schermerhorn, Esq.<br>Scaroni Family of Companies<br>101 E. Main Street<br>Heber, California 92249<br>Telephone:  (760) 909-1315<br>Email:       jennifer@sfcos.com | ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC. |

DATED:  October 4, 2024                 Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP


By:    */s/ Marlene C. Nowlin*
         CHAD T. WISHCHUK
         MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com