Dawson Morton
Cal. SBN 320811
James Knoepp
SC Bar No. 102757, *Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth St.
Berkeley, CA 94710
Ph: 404-590-1295
dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACT. NO.: 5:24-cv-3375-EKL<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION<br><br>MOTION HEARING SET FOR 10:00 A.M. ON JANUARY 8, 2025 BEFORE JUDGE LEE IN COURTROOM 7, FOURTH FLOOR |

The Federal Arbitration Act does not apply to transportation workers who are engaged in the movement of goods in interstate commerce. 9 U.S.C. § 1; *Rittman v. Amazon.com, Inc.*, 971 F.3d 904, 915 (9th Cir. 2020). Because Plaintiffs here worked for Defendants driving trucks carrying produce that moved in interstate commerce, Defendants' motion to compel arbitration pursuant to the FAA and to stay this proceeding should be denied.

This is a suit by truck drivers who were not paid properly by the Defendants in violation of the Fair Labor Standards Act, the California Labor Code, and their employment contracts. Plaintiffs' Amended Complaint makes clear at the outset that the case is brought by individuals who worked as "**truck drivers** employed by Defendants to transport crops over public roads to Defendants' clients packing sheds in the growing regions of California, Arizona, and Colorado."

ECF 15 at ¶ 1 (emphasis added). Plaintiffs seek to bring their claims on behalf of themselves and a class of other workers defined as "[a]ll individuals employed by Defendants between June 5, 2020 and the date of judgment in this matter at work sites in California, Arizona or Colorado **in a truck driver or tractor-trailer driver position**." ECF 15 at ¶ 102 (emphasis added). Plaintiffs' Amended Complaint mentions the terms "truck driver" or "truck drivers" more than 40 times, and the terms "truck," "trucks," or "trucking" more than 60 times. ECF 15. Defendants disingenuously refer to the Plaintiffs as "farm workers" and attempt to give the impression that Plaintiffs were out in "various fields" providing "custom harvesting services." ECF 45 at 9-10. Defendants' factual omissions about the nature of this case and the work performed by the Plaintiffs and other class members, combined with their legal omissions discussed below, are glaring and fatal to their motion to compel arbitration.

> **I.     Plaintiffs were exempt transportation workers, the FAA does not apply to their employment, and accordingly this Court cannot compel arbitration.**

Before ordering arbitration, a court should "decide for itself whether §1's 'contracts of employment' exclusion applies." *New Prime Inc. v. Oliveira*, 586 U.S. 105, 111 (2019) (holding truck driver subject to an independent contractor agreement exempt from FAA). The FAA specifically excludes the employment agreements of transportation workers, like Plaintiffs, from coverage. 9 U.S.C. § 1 (providing "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."). Section 1 of the FAA "exempts transportation workers who are engaged in the movement of goods in interstate commerce, even if they do not cross state lines" from being compelled to arbitration. *Rittmann,* 971 F.3d at 915.

Defendants fail to mention this exemption or cite any of the numerous controlling cases interpreting it. ECF 45 at 13 (discussing only section 2 of the FAA and failing to discuss the coverage limits of the FAA contained in section 1). The Ninth Circuit and the Supreme Court have each thrice decided that transportation workers are not subject to mandatory arbitration and that agreements requiring they engage in arbitration are unenforceable. *Bissonnette v. Lepage Bakeries Park St., LLC*, 601 U.S. 246, 256 (2024); *Sw. Airlines Co. v. Saxon*, 596 U.S. 450 (2022); *New*

*Prime Inc.*, 586 U.S. at 111; *Lopez v. Aircraft Serv. Int'l*, 107 F.4th 1096, 1101 (9th Cir. 2024); *Ortiz v. Randstad Inhouse Servs., Ltd. Liab. Co.*, 95 F.4th 1152, 1160 (9th Cir. 2024); *Rittmann*, 971 F.3d at 915.

Because Plaintiffs here are transportation workers, the FAA does not apply, the claims cannot be compelled to arbitration under 9 U.S.C. § 2 as Defendants' ask. Defendants' motion should be denied.

### II. Plaintiffs worked as truck drivers, transporting produce that moved in interstate commerce.

While a job title is not determinative, this is a suit by truck drivers. ECF 15 at ¶ 1. Defendants' own employment documents and the employment contracts Defendants prepared all identify Plaintiffs as engaged in truck driving. *See* 2021 H-2A Job Order [Ex. A] (describing how "Truck drivers' hours are regulated by the U.S. Department of Transportation Code of Federal Regulation, Title 49 section 395.1 to 395.13, Hours of Service of Drivers"); 2023 H-2A Job Order [Ex. B] (listing position as "Haulers/Truck Drivers"). Defendants advertised truck driving openings in Mexico. Ex. C [Decl. of Rocha-Rivera] at ¶¶ 3-4; Ex. D [Decl. of Ledesma-Delgado] at ¶¶ 4-5; E [Decl. of Rubio-Leon] at ¶ 5. Defendants assigned Plaintiffs trucks to drive. Exs. C at ¶¶ 9-10, D at ¶¶ 6-7, E at ¶ 6. Defendants listed truck driver on Plaintiffs' paystubs. Ex. C at ¶ 8; Ex. D at ¶ 8. Defendants provided Plaintiffs with work vests that identified them as "Truck Driver SMD Logistics" on the back. Ex. C at ¶ 11. Defendants drug tested Plaintiffs pursuant to the Federal Motor Carrier Safety Act because they were truck drivers. Ex. C at ¶ 7. Defendants provided separation notices that listed Plaintiffs' position as "truck driver." Exs. C at ¶ 12, D at ¶ 9 and E at ¶ 7. And Defendants did not deny Plaintiffs' allegation that they were employed as "truck drivers." ECF 20 at ¶ 13; ECF 15 at ¶ 13.

To avoid the FAA exemption, Defendants' motion attempts to claim that Plaintiffs were "farm workers." ECF 45 at 10. But given the evidence above, there is no reasonable basis to dispute that Plaintiffs worked as truck drivers. *Hansen v. LMB Mortg. Servs.*, 1 F.4th 667, 672 (9th Cir. 2021) (requiring trial under 9 U.S.C. § 4 only on "genuine disputes of material fact"). This conclusion is even more unescapable, because all reasonable inferences are to be resolved in

Plaintiffs' favor, as the party opposing arbitration. *Webb v. Rejoice Delivers LLC*, 2023 U.S. Dist. LEXIS 216335, at *28 (N.D. Cal. Dec. 5, 2023) ("all reasonable inferences are resolved in favor of the party opposing a motion to compel arbitration").

Plaintiffs were plainly truck drivers employed, in part, by a trucking company, and are exempt from arbitration as Plaintiffs work was moving produce in interstate commerce.

### III. Workers who further the movement of products in interstate commerce are exempt from the FAA, even if they do not cross state lines.

While Defendants' never mention the transportation worker exemption to the FAA, both the Ninth Circuit and the Supreme Court have repeatedly confirmed that workers involved in the movement of products in interstate commerce are exempt. *See, e.g.*, *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 256 (2024) (holding individuals trucking bread locally are exempt transportation workers where the bread travels from out-of-state.). It does not matter their job title or their employer's business. *Id.* ("[a] transportation worker need not work in the transportation industry to fall within the exemption[.]") Nor must workers cross state lines. Section 1 of the FAA "exempts transportation workers who are engaged in the movement of goods in interstate commerce, even if they do not cross state lines." *Rittmann,* 971 F.3d at 915.

Controlling case law shows the breadth of this exemption. For example, workers moving products in a warehouse are exempt transportation workers even where they neither load nor unload trucks. *Ortiz v. Randstad Inhouse Servs., Ltd. Liab. Co.*, 95 F.4th 1152, 1161 (9th Cir. 2024) (affirming exempt status of warehouse worker who "transport[ed] packages to and from storage racks, help[ed] other employees in obtaining packages so they could be shipped, and assist[ed] the Outflow Department to prepare packages" in a shoe warehouse), *cert. den'd*, No. 23-1296 (Oct. 7, 2024). Ramp agents who touch products going on to or off of planes are also exempt. *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 462-63 (2022) ("[O]ur case law makes clear that airplane cargo loaders plainly do perform 'activities within the flow of interstate commerce' when they handle goods traveling in interstate and foreign commerce, either to load them for air travel or to unload them[.]"). Even "a fuel technician who places fuel in an airplane used for foreign and interstate

commerce is a transportation worker" and thus exempt from the FAA. *Lopez v. Aircraft Serv. Int'l*, 107 F.4th 1096, 1101 (9th Cir. 2024).

The Ninth Circuit has distilled this exemption to say that "to qualify as a transportation worker, an employee's relationship to the movement of goods must be sufficiently close enough to conclude that his work plays a tangible and meaningful role in their progress through the channels of interstate commerce." *Ortiz*, 95 F.4th at 1160. Accordingly, the Ninth Circuit held that truck drivers who deliver ingredients from local warehouses, much like the produce at issue here, are exempt transportation workers. *Carmona v. Domino's Pizza, LLC*, 73 F.4th 1135, 1138 (9th Cir. 2023) (finding local truck drivers exempt because the "ingredients in this case are unaltered from the time they arrive in the Supply Center until they are delivered to franchisees [pizza parlors]"). "The fact that Plaintiff does not himself carry the equipment across state lines does not change the analysis." *Garate v. Lincare, Inc.*, 2024 U.S. Dist. LEXIS 162869, at *11 (S.D. Cal. Sep. 10, 2024); *see also Romero v. Watkins & Shepard Trucking*, 2020 U.S. Dist. LEXIS 188367, at *17 (C.D. Cal. July 10, 2020) (finding the FAA inapplicable where plaintiff was "a transportation worker . . . [who] transported furniture for Defendants" where "Defendants admit that they are engaged in interstate commerce").

**IV. Plaintiffs here played a tangible and meaningful role in the progress of produce through the channels of interstate commerce, making them exempt transportation workers.**

Defendants admit they were involved in interstate commerce. ECF 45 at 14. Defendants also represented to the federal government that they were engaged in interstate commerce in the underlying employment contracts, claiming Plaintiffs were exempt from federal overtime pay requirements because "employee[s] pick[] up loaded trailers filled with bins in the fields and transports/hauls to the plant's refrigeration storage site-cooling facility (initial point of distribution)." *See* 2023 Job Order [Ex. B] at page C.1 (*48 of the PDF). Defendants describe the work as to "deliver harvested perishable crops packed and loaded in bins and cartons." Ex. B at *48. These statements were made under penalty of perjury. Ex B at *7. The produce at issue was transported by Plaintiffs to the refrigerated warehouses of well-known produce companies like

1  "Taylor Farms" and "Fresh Express." Ex B at *59. These refrigerated warehouses serve as trans-
2  shipment points to distribution centers nationwide.

3  There's no doubt that the produce from the Salinas Valley and other growing regions was
4  distributed nationally. Taylor Farms describes itself "[a]s North America's largest producer of fresh
5  foods" and which supplies and ships product nationally. *See* Taylor Farms website (*available at*
6  https://www.taylorfarms.com/vegetable-facts/). Fresh Express describes its long history of shipping
7  produce nationally "including shipping fresh heads of lettuce across the country" and "bagged salad
8  sold nationwide." *See* Fresh Express website (available at https://www.freshexpress.com/our-
9  history). Similarly, the Colorado produce warehouse to which Plaintiffs trucked produce advertises
10 its shipment of "key specialty crops for regional eastern markets." *See* Southern Colorado Farms
11 website (*available at*: https://www.jvsmithcompanies.com/southern-colorado-farms.html).

12 Plaintiffs who drove lettuce and other vegetables to trans-shipment points were clearly
13 moving the goods in interstate commerce in a tangible way. It does not matter that Plaintiffs did not
14 cross state lines. *Ortiz*, 95 F.4th at 1162 ("an employee is not categorically excluded from the
15 transportation worker exemption simply because he performs his duties on a purely local basis");
16 *see also Lopez v. Thyssenkrupp Supply Chain Servs., NA. Inc*., 2024 U.S. Dist. LEXIS 114728, at
17 *2 (N.D. Cal. June 28, 2024) (finding FAA inapplicable to claims made by worker who "loads,
18 unloads, processes, and stores goods—palletized component parts for Tesla—while they await
19 further transport"). And it does not matter if goods pause at a warehouse before continuing their
20 interstate movement. *Carmona*, 73 F.4th at 1138 (finding truck drivers exempt who drove local
21 routes in California because "the pause in the journey of the goods at the warehouse alone [does
22 not] remove them from the stream of interstate commerce").

23 **V.      Defendants' Motion does not seek enforcement pursuant to the CAA.**

24 Defendants' motion to compel arbitration seeks relief pursuant to the Federal Arbitration
25 Act. *See* ECF at 45-31 (seeking an order that Plaintiffs "must arbitrate all claims . . . on an
26 individual basis pursuant to the Federal Arbitration Act"); ECF 45 at 8 (moving that "pursuant to
27 the FAA, plaintiffs must arbitrate their claims on an individual basis") and at 19 (providing that
28 "[h]ere, the FAA governs the Arbitration Agreement"). Defendants have waived any argument that

Pls.' Opp. to Defs.' Mot. To Compel Arbitration                                              - 6 -

the agreement is enforceable pursuant to the California Arbitration Act. Even had Defendants sought to compel arbitration pursuant to the CAA, their motion would fail. First, this suit concerns employment in multiple states where the CAA cannot apply, *see* ECF 15 at ¶¶ 55-56, ordering arbitration for only a portion of the claims could cause conflicting results a result the CAA counsels to avoid. Cal. Code of Civ. Pro. § 1281.2(c). Second, the agreement contains class action and PAGA waiver provisions which are unenforceable under the CAA. *Webb v. Rejoice Delivers LLC*, 2023 U.S. Dist. LEXIS 216335, *38 (N.D. Cal. Dec. 5, 2023) (declining to compel arbitration agreement under CAA and finding "class action waiver is invalid under California law"). Third, California public policy prefers enforcement in court of class wage claims for low-wage workers and arbitration cannot be enforced under the CAA to hinder private class suits. *Gentry v. Superior Court*, 42 Cal. 4th 443, 464 (2007) (ruling under California law that "class arbitration waivers cannot, consistent with the strong public policy behind section 1194, be used to weaken or undermine [] private enforcement"); *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 383 (2014) (under California law "an employee's right to bring a PAGA action is unwaivable[.]").

### VI. Because Plaintiffs are transportation workers who are exempt from the FAA, the Court should deny Defendants' motion and reject Defendants' request for a stay.

In order to stay a proceeding under the FAA as Defendants ask, a court must be "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3. Where the action is not referable because the motion is frivolous, and the workers exempt, a stay is appropriately declined. *New Prime Inc*, 586 U.S. at 110 (holding the authority to stay under 9 U.S.C. § 3 "doesn't extend to all private contracts, no matter how emphatically [a party] may express a preference for arbitration."). "The parties' private agreement may be crystal clear and require arbitration of every question under the sun, but that does not necessarily mean the [Federal Arbitration] Act authorizes a court to stay litigation and send the parties to an arbitral forum." *New Prime Inc.*, 586 U.S. at 111. Defendants' have filed a frivolous motion that fails to acknowledge this case is about truck drivers, falsely claims that Plaintiffs worked in the fields as "farm workers," and completely ignores binding Supreme Court and Ninth

Pls.' Opp. to Defs.' Mot. To Compel Arbitration                                                                              - 7 -

Circuit precedent related to the FAA and its inapplicability to transportation workers such as Plaintiffs.

Here, Plaintiffs drove trucks carrying produce that moved in interstate commerce. Under controlling Supreme Court and Ninth Circuit precedent, Plaintiffs are transportation workers who are exempt from arbitration under Section 1 of the FAA. Defendants' motion to compel arbitration and for a stay of this litigation should be denied.

DATED: October 8, 2024

                                            *s/ D. Morton*
                                            DAWSON MORTON
                                            ATTORNEY FOR PLAINTIFFS