JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>EVIDENTIARY OBJECTION TO DECLARATION OF PLAINTIFF GERARDO LEDESMA-DELGADO IN OPPOSITION TO THE MOTION TO COMPEL ARBITRATION<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date:     January 8, 2025<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 7<br><br>Complaint Filed:  June 4, 2024<br>Trial Date:            Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc. (collectively "Defendants") hereby submit the following objections to evidence submitted by Plaintiffs Antonio Rubio-Leon, Angel De Jesus Rocha-Rivera ("Rocha-Rivera"), Diego Martinez-Jimenez, and Gerardo Ledesma-Delgado (collectively "Plaintiffs") in support of its opposition to Defendants Motion to Compel Arbitration.

I

OBJECTIONS TO DECLARATION OF GERARDO LEDESMA-DELGADO

Defendants submit the following specific evidentiary objections to the Declaration of Gerardo Ledesma-Delgado ("Ledesma-Delgado Decl."), Doc. No. 48-10:

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 1. Ledesma-Delgado Decl., ¶ 2: " . . . I worked in California as a commercial truck driver for the following companies: Fresh Harvest, SMD Logistics and Farm Labor Association of Growers." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "commercial truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any listed entity during any relevant timeframe. Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "commercial truck driver for any listed entity. For each of these reasons the statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion.** The witness's reference to himself as a "commercial truck driver" and his alleged working relationship with the listed entities constitutes inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010). | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Improper Opinion Testimony** The witness's reference to himself as a "commercial truck driver" and his alleged working relationship with the listed entities constitutes improper opinion testimony. (Fed. R. Evid. Evid. Code §702). | |
| | **Hearsay.** This statement is based on inadmissible out of court statements sought to be used for the truth of the matter asserted with no showing of an applicable exception to the rule against hearsay. Therefore, the statement is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. | |
| | **Irrelevant.** Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403. | |
| 2. Ledesma-Delgado Decl., ¶ 3: "Fresh Harvest has an associate company in a town called Bataquez which is close to where I live. Every season . . . I first had to work for the associate company in Baja California, which is called Harvestek de Mexico. In 2020, 2021 and also 2022, I worked for Harvestek before going to the U.S. to work on a visa for Fresh Harvest or for Farm Labor Association of Growers." | **Lacks foundation.** No evidence has been introduced to support a finding that this witness has personal knowledge of any information asserted in this statement including the assertions that "Fresh Harvest has an associate company . . .", "called HarvesTek de Mexico" or that "before being able to work with a visa in the U.S." the witness "had" to work for that company. Therefore, this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.  **Improper Legal Conclusion.** The witness's statements "Fresh Harvest has an associate company" called "HarvesTek de Mexico" and that "before | ___ Sustained  ___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | being able to work with a visa in the U.S. the witness "had" to work for that company constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010). <br><br>**Improper Opinion Testimony** The witness's statements "Fresh Harvest has an associate company" called "HarvesTek de Mexico" and that "before being able to work with a visa in the U.S. the witness "had" to work for that company constitute improper opinion testimony. (Fed. R. Evid. Evid. Code §702). <br><br>**Irrelevant.** Because this statement is so lacking in foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. <br><br>**Hearsay.** This statement is based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. 010. | |
| 3. Ledesma-Delgado Decl., ¶ 4: "I saw an advertisement for truck drivers on HarvesTek's homepage and I also saw one on Facebook. I have attached to with this statement, a copy of the advertisement they had on Facebook.." | **Lacks foundation**. This entire paragraph is lacking in foundational facts and evidence establishing how the referenced Facebook advertisement (which lists non-party Harvest Tek at the top) is connected to any person, Defendant, or issue in this case. Moreover, due to the witness's use of "these | ___ Sustained <br><br> ___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | companies" and "they," it is impossible to determine whether the witness refers to non-party Harvest Tek or some other person or entity. For each of these reasons the statement lacks foundation and is inadmissible. Fed. R. Evid. 602.<br><br>**Irrelevant**. Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401.<br><br>**Hearsay**. This entire paragraph is based on an out-of-court statement that the witness heard or saw on an unidentified Facebook account which is offered for the truth of the matter asserted—that the witness heard about the opportunity to work across the border for "these companies with a visa through Facebook" and that how he "came to be employed by these companies" with no showing of an applicable exception to the rule against hearsay. Therefore, the entire paragraph is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805 | |
| 4. Document 48-11, Exhibit 1, referenced in Ledesma-Delgado Decl.,., at ¶ 4 as a "Facebook advertisement." | **Lacks Authentication**. The witness does not identify the Facebook account where the witness saw Ex. 1. Moreover, a mere printout of a purported Facebook advertisement is insufficient to establish that it emanated from a particular person or entity's account because anyone can establish a fictitious profile under any name. Plaintiff does not | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | explain or how when, or why he obtained the printout. See *Campbell v. State*, 382 S.W.3d 545, 550 (Tex. App. 2012); Commonwealth v. Purdy, 459 Mass. 442, 945 N.E.2d 372, 381 (2011) (message sent from Facebook account bearing defendant's name cannot be sufficiently authenticated without additional "confirming circumstances" indicating who was the author). The witness provides no such confirming circumstances. As such, plaintiffs fail to produce evidence sufficient to support a finding that Ex.1 is what the witness claims it is. Therefore, Ex. 1 is inadmissible. Fed. R. Evid. 901.<br><br>**Lacks foundation.** No evidence has been introduced to support a finding that this witness has personal knowledge of how Ex. 1 is connected to any person, Defendant, or issue in this case. Moreover, due to the use of "these companies" and "they," and the fact that Ex 1 is in Spanish with no translation, it is impossible for the Court to determine what Ex. 1 says or to what or whom it relates. For each of these reasons, Ex. 1 lacks foundation and is inadmissible. Fed. R. Evid. 602.<br><br>**Irrelevant.** Because this Ex. 1 is so lacking in foundational and authenticating facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403.<br><br>**Hearsay**. Ex. 1 is an out-of-court statement offered for the | |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | truth of the matter asserted—that the witness "heard" about the opportunity to work across the border for "these companies" and "came to be employed by these companies" because he saw Ex. 1. There is no showing of an applicable exception to the rule against hearsay. Therefore, Ex. is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805 | |
| 5. Ledesma-Delgado Decl., ¶ 5: "I did everything they made us do and that is how I became an employee of these companies. I was given a position as a truck driver for Harvestek and was later given the opportunity to have a position as a truck driver, driving to King City, CA." | **Lacks foundation.** These statements are lacking in foundational facts and evidence establishing what the witness means by "I did everything they made us do and that is how I became an employee of these companies", who required the witness to do anything, what HarvesTek is, or what any of this information has to do with any Defendant. Moreover, the witness's use of "they" and "these companies" makes it impossible to determine what entity or person the witness is referencing. Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any Defendant during any relevant timeframe. Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver for any Defendant, who provided the "opportunity," or why. For each of these reasons, these statements lack foundation and are inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion.** The witness's references to himself as "truck driver" and his employment relationship | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | with any entity constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's references to himself as "truck driver" and his employment relationship with any entity constitute inadmissible legal conclusions. (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.** Because these statements are so lacking in foundational facts and so vague, ambiguous, and unintelligible, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401.<br><br>**Hearsay**. These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. | |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| **Plaintiff's Evidence** | **Objections** | **Court Ruling** |
|---|---|---|
| 6. Ledesma-Delgado Decl., ¶ 6: "My position was always as a truck driver. I held no other positions in these companies. I did not pick any vegetables nor did I plant anything. My job was to be a truck driver." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any Defendant during any relevant timeframe.  Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver for any Defendant. These statements are lacking in foundational facts and evidence establishing what company the phrase "these companies" references.  For each of these reasons this entire paragraph lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's statement "My position was always as a truck driver" and "I never held any other positions in these companies" constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statement "My position was always as a truck driver" and "I never held any other positions in these companies" constitute improper opinion testimony. (Fed. R. Evid. Evid. Code §702).<br><br>**Hearsay**. These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, these statements are | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| **Plaintiff's Evidence** | **Objections** | **Court Ruling** |
|---|---|---|
|  | inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant.** Because these statements are so lacking in foundational facts or explanation of their relevance, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements. Therefore, the statements are irrelevant and inadmissible. Fed. R. Evid. 401. |  |
| 7. Ledesma-Delgado Decl., ¶ 7: "I drove a tractor-trailer. Attached to this declaration is a photo of the type of truck I drove." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness drove a "tractor-trailer" for any Defendant during any relevant timeframe. In addition, this statement is based on Ex. 2 which has not been authenticated. For each of these reasons this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602. | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Lacks Authentication**. This statement is based on Ex. 2 which has not been authenticated. Therefore, this statement is inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Irrelevant.** Because this statement is so lacking in foundational and authenticating facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 8. Document 48-12, Exhibit 2, Referenced in Ledesma-Delgado Decl., ¶ 6. | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 2, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 2 is what the proponent claims it is. Therefore, Ex. 2 and all statements relating to it are inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Lacks Foundation.** Plaintiff fails to sufficiently identify Ex. 2 or introduce evidence sufficient to the witness has personal knowledge of what is Exhibit 4 is, or how when, where, or why he obtained it. For each of these reasons, Ex. 2 lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Hearsay.** Exhibit 2 is an out-of-court statement offered for the truth of the matter asserted—that the witness drove the vehicle depicted. There is no showing of an allowable exception to the rule against hearsay. Therefore, Ex. | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | 4 is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805<br><br>**Irrelevant.**  Because Ex. 2 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed | |
| 9. Ledesma-Delgado Decl., ¶ 8: "My paystubs sometimes only reflected hourly labor, which was always as a driver, but they also reflect work as "General (Trucking) Labor", "Truck Driver" or as being "Hauling Commodity Labor"." | **Lacks foundation.**  Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity or as a driver for any Defendant during any relevant timeframe.   Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver" or "driver" for any Defendant. These statements are lacking in foundational facts and evidence establishing which company issued Ex. 3, or how plaintiff received Ex. 3 making this statement vague, ambiguous, and unintelligible. In addition, these statements are based on Ex. 3 which has not been authenticated.   For each of these reasons this entire paragraph lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Content of a Writing:** The witness's statements constitute inadmissible evidence of the content of a writing.  (Fed. R. Evid. Evid. Code §1004). | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Hearsay**. These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805.<br><br>**Lacks Authentication**. These statements are based on Ex. 3 which has not been authenticated. Therefore, these statements are inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Irrelevant.** Because these statements are so lacking in foundational facts or explanation of their relevance, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements. Therefore, the statements are irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 10. Document 48-13, Exhibit 3, Referenced in Ledesma-Delgado Decl., ¶ 8. | **Lacks Authentication**. The witness fails to sufficiently describe or identify Exhibit 3, how, where, when, or why he obtained it, or produce evidence sufficient to support a finding that Exhibit 3 is what the proponent claims it is, or who issued it. The statement is based on Ex. 3 which has not been authenticated. Therefore, Ex. 3 and statements relating to it are inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Lacks Foundation.** Plaintiff fails to sufficiently identify Ex. 3 or introduce evidence sufficient to show plaintiff Rivera has personal knowledge of what is Exhibit 2 is, how he obtained it, when, or why. For | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
|  | each of these reasons, Ex. 2 lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Hearsay**. Ex. 3 is an out-of-court statement offered for the truth of the matters asserted – that the witness worked as a truck driver with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805<br><br>**Irrelevant.** Because Ex. 3 so lacking in authenticating ad foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. |  |
| 11. Ledesma-Delgado Decl., ¶ 9: "When the season would come to an end, they would also give me a document explaining that work had run out. The document states my name, my employee number and the reason I left the job. The document also has a space for my job title- they wrote down "Truck Driver". I've attached the document they gave me in 2022." | **Lacks foundation.** These statements are lacking in foundational facts and evidence establishing who gave the witness the "document" or why. Moreover, the witness's use of "they" makes it impossible to determine what entity or person the witness is referencing. Plaintiffs introduce no evidence to support a finding that this witness is qualified to testify about the significance of the "document" or that the witness has personal knowledge of the reasons the "document" was given or what it means. Nor do plaintiffs introduce any evidence of how this witness came to "work" in any capacity for any specific Defendant. For each of these reasons, these statements lack foundation and are inadmissible. Fed. R. Evid. 104, 602. | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
|  | **Improper Content of a Writing:** The witness's statements constitute inadmissible evidence of the content of a writing. (Fed. R. Evid. Evid. Code §1004). | |
|  | **Lacks Authentication.** These statements are based on Ex. 4 which has not been authenticated. Therefore, these statements are inadmissible due to lack of authentication. Fed. R. Evid. 901. | |
|  | **Improper Legal Conclusion.** The witness's statements regarding his working relationship and separation from any entity constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010). | |
|  | **Improper Opinion Testimony** The witness's statements regarding his working relationship and separation from any entity constitute inadmissible legal conclusions. (Fed. R. Evid. Evid. Code §702). | |
|  | **Hearsay.** These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805 | |
|  | **Irrelevant.** Because these statements are so lacking in foundational facts and so vague, ambiguous, and unintelligible, they have no tendency to make a fact of consequence in this action more or less probable than it would | |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| **Plaintiff's Evidence** | **Objections** | **Court Ruling** |
|---|---|---|
| | be without these statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 12. Document 48-14, Exhibit 4, Referenced in Ledesma-Delgado Decl., ¶ 9. (Status) | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 4, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 4 is what the proponent claims it is. Therefore, Ex. 4 and all statements relating to it are inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Lacks Foundation.** The witness fails to sufficiently identify Ex. 4 or introduce evidence sufficient to show the witness has personal knowledge of what is Exhibit 4 is, or how when, where, or why he obtained it. For each of these reasons, Ex. 6 lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Hearsay.** Exhibit 4 is an out-of-court statement offered for the truth of the matters asserted. There is no showing of an allowable exception to the rule against hearsay. Therefore, Ex. 4 is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant.** Because Ex. 4 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, Ex. 4 is irrelevant and inadmissible. Fed. R. Evid. 401. | ___ Sustained<br><br>___ Overruled |

/ / / / /

/ / / / /

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

DATED: October 15, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com

2695.003/3RW8020.axm

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100