JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com

**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com

**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor
Association For Growers, Inc., and SMD Logistics, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>EVIDENTIARY OBJECTION TO DECLARATION OF PLAINTIFF ANGEL DE JESUS ROCHA-RIVERA IN OPPOSITION TO THE MOTION TO COMPEL ARBITRATION<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date:      January 8, 2025<br>Time:     10:00 a.m.<br>Dept.:     Courtroom 7<br><br>Complaint Filed:   June 4, 2024<br>Trial Date:           Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1    Defendants Fresh Harvest, Inc., Farm Labor Association For Growers,

2    Inc., and SMD Logistics, Inc. (collectively "Defendants") hereby submit the

3    following objections to evidence submitted by Plaintiffs Antonio Rubio-Leon

4    ("Leon"), Angel De Jesus Rocha-Rivera ("Rocha"), Diego Martinez-Jimenez,

5    and Gerardo Ledesma-Delgado ("Delgado") (collectively "Plaintiffs") in support

6    of their opposition to Defendants' Motion to Compel Arbitration.

7    I

8    <u>OBJECTIONS TO DECLARATION OF ANGEL DE JESUS ROCHA-RIVERA</u>

9    Defendants submit the following specific evidentiary objections to the

10    Declaration of Angel De Jesus Rocha-Rivera ("Rocha Decl."), Doc. No. 48-3:

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 1. Rocha-Rivera Decl., ¶ 2: ". . . I worked as a commercial truck driver for the following companies: Fresh Harvest, SMD Logistics and Farm Labor Association of Growers." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "commercial truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any listed entity during any relevant timeframe. Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "commercial truck driver for any listed entity. For each of these reasons the statement lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's reference to himself as a "commercial truck driver" and his alleged working relationship with the listed entities constitutes inadmissible legal conclusions.  *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010). | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Improper Opinion Testimony** The witness's reference to himself as a "commercial truck driver" and his alleged working relationship with the listed entities constitutes improper opinion testimony.  (Fed. R. Evid. Evid. Code §702).<br><br>**Hearsay**. This statement is based on inadmissible out of court statements sought to be used for the truth of the matter asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, the statement is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant**.  Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401, 402, 403. | |
| 2. Rocha-Rivera Decl., ¶ 3: "I heard about the opportunity to work across the border for these companies with a visa, through Facebook.  They advertised for truck drivers (the advertisement which appeared on Facebook is attached to this statement).  I saw the advertisement and that is how I came to become employed by these companies." | **Lacks foundation**.  This entire paragraph is lacking in foundational facts and evidence establishing how the referenced Facebook advertisement (which lists non-party Harvest Tek at the top) is connected to any person, Defendant, or issue in this case.  Moreover, due to the witness's use of "these companies" and "they," it is impossible to determine whether the witness refers to non-party Harvest Tek or some other person or entity. For each of these reasons the statement lacks foundation and is inadmissible.  Fed. R. Evid. 602. | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Irrelevant**.  Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401.  **Hearsay**.  This entire paragraph is based on an out-of-court statement that the witness heard or saw on an unidentified Facebook account which is offered for the truth of the matter asserted—that the witness heard about the opportunity to work across the border for "these companies with a visa through Facebook" and that how he "came to be employed by these companies" with no showing of an applicable exception to the rule against hearsay.  Therefore, the entire paragraph is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805 | |
| 3. Document 48-4, Exhibit 1, referenced in Rocha Decl., at ¶ 3 as a "Facebook advertisement." | **Lacks Authentication**.  The witness does not identify the Facebook account where the witness saw Ex. 1.  Moreover, a mere printout of a purported Facebook advertisement is insufficient to establish that it emanated from a particular person or entity's account because anyone can establish a fictitious profile under any name.  Plaintiff does not explain or how when, or why he obtained the printout.  See *Campbell v. State*, 382 S.W.3d 545, 550 (Tex. App. 2012); Commonwealth v. Purdy, 459 Mass. 442, 945 N.E.2d 372, 381 (2011) (message sent from Facebook account bearing defendant's name cannot be | ___ Sustained  ___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | sufficiently authenticated without additional "confirming circumstances" indicating who was the author).  The witness provides no such confirming circumstances.  As such, plaintiffs fail to produce evidence sufficient to support a finding that Ex.1 is what the witness claims it is.  Therefore, Ex. 1 is inadmissible.  Fed. R. Evid. 901. | |
| | **Lacks foundation.**  No evidence has been introduced to support a finding that this witness has personal knowledge of how Ex. 1 is connected to any person, Defendant, or issue in this case.  Moreover, due to the use of "these companies" and "they," and the fact that Ex 1 is in Spanish with no translation, it is impossible for the Court to determine what Ex. 1 says or to what or whom it relates.  For each of these reasons, Ex. 1 lacks foundation and is inadmissible.  Fed. R. Evid. 602. | |
| | **Irrelevant.**  Because this Ex. 1 is so lacking in foundational and authenticating facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401, 402, 403. | |
| | **Hearsay.**  Ex. 1 is an out-of-court statement offered for the truth of the matter asserted— that the witness "heard" about the opportunity to work across the border for "these companies" and "came to be employed by these companies" because he saw Ex. 1.  There is no showing of an applicable exception to the rule against | |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
|  | hearsay. Therefore, Ex. is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805 |  |
| 4. Rocha-Rivera Decl., ¶ 4: "I called the number on the advertisement and was hired." | **Lacks Authentication**. This statement describes information on Ex. 1 which is inadmissible because it has not been authenticated. This statement is inadmissible for the same lack of authentication. Fed. R. Evid. 901.<br><br>**Lacks foundation.** This statement refers to information on the "advertisement" attached as Ex. 1 which is inadmissible because it lacks foundation. This statement is inadmissible for the same lack of foundation. Moreover, the phrase "was hired" without any further information makes it is impossible to determine whether the witness refers to non-party Harvest Tek or some other person or entity. Because this statement does not articulate how Rocha was hired or who hired him, and the unauthenticated advertisement does not mention or identify any Defendant, the statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Irrelevant.** Because this statement is so lacking in foundational and authenticating facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403.<br><br>**Hearsay.** The statement is an out-of-court statement offered for the truth of the matter asserted—that plaintiff was hired. There is no showing of | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | an allowable exception to the rule against hearsay.  Fed. R. Evid. 801, 802, 803, 805 | |
| 5. Rocha-Rivera Decl., ¶ 4: "I first had to do the paperwork to get a type of bi-national license. I also had to work for HarvesTek de Mexico (their associate company in Baja California).  I first drove as a commercial trucker for Harvestek because it was a requirement to obtain a visa to travel to the US." | **Lacks foundation.**  These statements are lacking in foundational facts and evidence establishing what the witness means by "bi-national license", why he had to do paperwork for this, who required it, what HarvesTek is, why he had to work for HarveTek, or what any of this information has to do with any Defendant.  No evidence has been introduced to support a finding that this witness has personal knowledge that HarvesTek is an "associate" of any Defendant. Moreover, the witness's use of "their" makes it impossible to determine what entity or person the witness is referencing. Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "commercial trucker" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any Defendant during any relevant timeframe.   Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "commercial trucker for any Defendant, who required this, or that being a "commercial truck driver was requirement "to obtain a visa to travel to the US". For each of these reasons, these statements lack foundation and are inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's statements he had to get a "bi-national license," was a "commercial trucker," and "had to work for Harvestek as a commercial | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | trucker to obtain a visa", and his working relationship any entity constitute inadmissible legal conclusions.  *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony**  The witness's statements he had to get a "bi-national license," was a "commercial trucker," and "had to work for Harvestek as a commercial trucker to obtain a visa, and his working relationship any entity constitute inadmissible legal conclusions.  (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.**  Because these statements are so lacking in foundational facts and so vague, ambiguous, and unintelligible, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401.<br><br>**Hearsay**.  These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, these statements are inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805. | |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive · Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 6. Rocha-Rivera Decl., ¶ 5: "Fresh Harvest was a hiring office in Mexicali in the Colonia Catavina neighborhood and their associate company's main office is east of Mexicali, in a town called Ejido Monterrey Bataquez." | **Lacks foundation.**  No evidence has been introduced to support a finding that this witness has personal knowledge of any information asserted in this statement including the assertion that "Fresh Harvest was a hiring office in Mexicali" that had an "associate company" with a "main office." Therefore, this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's statements "Fresh Harvest was a hiring office in Mexicali" that had an "associate company" with a "main office" constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statements "Fresh Harvest was a hiring office in Mexicali" that had an "associate company" with a "main office"  constitute improper opinion testimony. (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.**  Because this statement is so lacking in foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401.<br><br>**Hearsay**.  This statement is based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | against hearsay.  Therefore, these statements are inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805. 010. | |
| 7. Rocha-Rivera Decl., ¶ 6: "I worked as a truck driver for Harvestek and was later given the opportunity to travel to Salinas, California, as a truck driver there." | **Lacks foundation.**  Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any Defendant during any relevant timeframe.   Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver for | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | any Defendant. This statement is lacking in foundational facts and evidence establishing non-party HarvesTek's connection to this case, who provided the "opportunity to travel to Salinas," or why.  For these reasons, this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's reference to himself as a "truck driver" constitutes an inadmissible legal conclusion.  *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's reference to himself as a "truck driver" constitutes improper opinion testimony.  (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.**  Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401.<br><br>**Hearsay**.  This statement is based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, this statement is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805. | |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 8. Rocha-Rivera Decl., ¶ 7: "Since we had been truck drivers, when we got to California we had to take a drug test. | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any Defendant during any relevant timeframe.   Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver for any Defendant. These statements are lacking in foundational facts and evidence establishing who the term "we" refers to.  No evidence has been introduced to support a finding the witness has personal knowledge that anyone "had been truck drivers," "had to take a drug test," or who required any of this.  For each of these reasons the statement lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602. **Improper Legal Conclusion**. The witness's statement "we had been truck drivers" and "had to take a drug test" constitute inadmissible legal conclusions.  *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010). **Improper Opinion Testimony** The witness's statements constitute improper opinion testimony.  (Fed. R. Evid. Evid. Code §702). **Irrelevant.**  Because this statement is so lacking in foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the | ___ Sustained ___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | statement is irrelevant and inadmissible.  Fed. R. Evid. 401.<br><br>**Hearsay**.  This statement is based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, these statements are inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805. 010. | |
| 9. Rocha-Rivera Decl., ¶ 7: "I've attached to this statement a picture of the drug test form I filled out"  We traveled to a lab in King City, California for the test."<br><br>Document 48-5, Exhibit 2, Referenced in Rocha-Rivera Decl., ¶ 7. (Drug Test) | **Lacks Authentication**.  Ex. 2 is illegible and the witness fails to sufficiently describe or identify Exhibit 2, how, when, where, or why he obtained it or filled it out, or produce other evidence sufficient to support a finding that Exhibit 2 is what the proponent claims it is.  The statement is based on Ex. 2 which has not been authenticated.  Therefore, Ex. 2 and these statements are inadmissible due to lack of authentication.  Fed. R. Evid. 901.<br><br>**Lacks Foundation.**  Plaintiffs fail to sufficiently identify or introduce evidence sufficient to show the witness has personal knowledge of what Exhibit 2 is, how he obtained it, or why. The statements are based on Ex. 2 which is inadmissible because it has not been authenticated. Therefore, these statements and Ex. 2 are inadmissible for lack of foundation.  Fed. R. Evid. 104, 602.<br><br>**Hearsay**.  Ex. 2 is an out-of-court statement offered for the truth of the matter asserted. There is no showing of an allowable exception to the rule against hearsay.  Therefore, the statements are based on an out-of-court statement, Ex. 2, with | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | no showing of an applicable exception to the rule against hearsay. Fed. R. Evid. 801, 802, 805.<br><br>**Irrelevant.** Because these statements and Ex. 2 are so lacking in foundational facts, authentication, or explanation of their relevance, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements. Therefore, the statements are irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 10. Rocha-Rivera Decl., ¶ 8: "My job was always as a truck driver. I never held any other position within these companies. My paystubs reflect work as "Fresh Harvest Truck Driver", "Truck Driver or things like "Move Material Labor" which was also a trucking job. I have attached one of my paystubs to this statement as an example." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any Defendant during any relevant timeframe. Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver" for any Defendant. These statements are lacking in foundational facts and evidence establishing what company the phrase "these companies" refers to, which company issued Ex. 3, or how plaintiff received Ex. 3 making this statement vague, ambiguous, and unintelligible. In addition, these statements are based on Ex. 3 which has not been authenticated. For each of these reasons this entire paragraph lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Content of a Writing:** The witness's statements constitute inadmissible evidence of the content of a writing. (Fed. R. Evid. Evid. Code §1004). | ___ Sustained<br><br>___ Overruled |

14

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Improper Legal Conclusion**. The witness's statement "My job was always as a truck driver" and "I never held any other position within these companies," and ""Move Material Labor" which was also a trucking job" constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statements "My job was always as a truck driver" and "I never held any other position within these companies," and ""Move Material Labor" which was also a trucking job" constitute improper opinion testimony. (Fed. R. Evid. Evid. Code §702).<br><br>**Hearsay**.  These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, these statements are inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805.<br><br>**Lacks Authentication**.  These statements are based on Ex. 3 which has not been authenticated.  Therefore, these statements are inadmissible due to lack of authentication.  Fed. R. Evid. 901.<br><br>**Irrelevant.**  Because these statements are so lacking in foundational facts or explanation of their relevance, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements.  Therefore, the | |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | statements are irrelevant and inadmissible.  Fed. R. Evid. 401. | |
| 11. Document 48-6, Exhibit 3, Referenced in Rocha-Rivera Decl., ¶ 8. | **Lacks Authentication**.  The witness fails to sufficiently describe or identify Exhibit 3, how, where, when, or why he obtained it, or produce evidence sufficient to support a finding that Exhibit 3 is what the proponent claims it is, or who issued it.  The statement is based on Ex. 3 which has not been authenticated.  Therefore, Ex. 3 and statements relating to it are inadmissible due to lack of authentication.  Fed. R. Evid. 901.<br><br>**Lacks Foundation.**  Plaintiff fails to sufficiently identify Ex. 3 or introduce evidence sufficient to show plaintiff Rivera has personal knowledge of what is Exhibit 2 is, how he obtained it, when, or why.  For each of these reasons, Ex. 2 lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Hearsay**.  Ex. 3 is an out-of-court statement offered for the truth of the matters asserted – that the witness worked as a truck driver with no showing of an applicable exception to the rule against hearsay.  Therefore, these statements are inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805<br><br>**Irrelevant.**  Because Ex. 3 so lacking in authenticating ad foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401. | ____ Sustained<br><br>____ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 12. Rocha-Rivera Decl., ¶ 9: "I was not a farmer working on the land-I did not harvest or plant any vegetables. | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about what a farmer or farm worker is or does; (b) what timeframe this statement relates to; or (c) how this statement relates to any Defendant or any issue in this case. For each of these reasons the statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's reference to what a farmer is or does constitutes and inadmissible legal conclusion. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's reference to what a farmer or farm worker is or does constitutes improper opinion testimony. (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.** Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403. | \_\_\_ Sustained<br><br>\_\_\_ Overruled |
| 13. Rocha-Rivera Decl., ¶ 10: "I drove a tractor-trailer. I have attached a copy of the truck I drove to this statement. " | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness drove a "tractor-trailer" driver for any Defendant during any relevant timeframe. In addition, this statement is based on Ex. 4 which has not been authenticated. For each of these reasons this statement | \_\_\_ Sustained<br><br>\_\_\_ Overruled |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.  **Lacks Authentication**.  This statement is based on Ex. 4 which has not been authenticated.  Therefore, this statement is inadmissible due to lack of authentication.  Fed. R. Evid. 901.  **Irrelevant.**  Because this statement is so lacking in foundational and authenticating facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 14. Document 48-7, Exhibit 4, Referenced in Rocha-Rivera Decl., ¶ 10. (Truck) | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 4, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 4 is what the proponent claims it is. Therefore, Ex. 4 and all statements relating to it are inadmissible due to lack of authentication.  Fed. R. Evid. 901.  **Lacks Foundation.**  Plaintiff fails to sufficiently identify Ex. 4 or introduce evidence sufficient to the witness has personal knowledge of what is Exhibit 4 is, or how when, where, or why he obtained it. For each of these reasons, Ex. 4 lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.  **Hearsay.**  Exhibit 4 is an out-of-court statement offered for the truth of the matter asserted—that the witness drove the vehicle depicted. | \_\_\_ Sustained  \_\_\_ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | There is no showing of an allowable exception to the rule against hearsay.  Therefore, Ex. 4 is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805  **Irrelevant.**  Because Ex. 4 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401. | |
| 15. Rocha-Rivera Decl., ¶ 11: "All drivers were given a vest to wear at work.  People working in the fields were not given a vest.  I still have my vest.  I've attached a photo of my vest to this statement.  The back of the vest, as can be seen in the photo, reads "Truck Driver SMD Logistics". | **Lacks foundation.**  Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about "all drivers"; (b) who those drivers were, what they were given, or why; (c) who was or was not required to wear vests or by who; or (d) worked for SMD Logistics or any Defendant.  No evidence has been introduced to support a finding the witness has personal knowledge of any information in this statement.  For each of these reasons, the statements lack foundation and are inadmissible.  Fed. R. Evid. 104, 602.  **Hearsay**.  These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, these statements are inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805.  **Lacks Authentication**.  These statements are based on Ex. 5 which has not been | ___ Sustained  ___ Overruled |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive · Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | authenticated.  Therefore, these statements are inadmissible due to lack of authentication.  Fed. R. Evid. 901.  **Irrelevant.**  Because these statements are so lacking in foundational and authenticating facts or explanation of their relevance, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements.  Therefore, the statements are irrelevant and inadmissible.  Fed. R. Evid. 401. | |
| 16. Document 48-8, Exhibit 5, Referenced in Rocha-Rivera Decl., ¶ 11. | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 5, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 5 is what the proponent claims it is.  Therefore, Ex. 5 and all statements relating to it are inadmissible due to lack of authentication.  Fed. R. Evid. 901.  **Lacks Foundation.**  The witness fails to sufficiently identify Ex. 5 or introduce evidence sufficient to show the witness has personal knowledge of what is Exhibit 5 is, or how when, where, or why he obtained it.  For each of these reasons, Ex. 5 lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.  **Hearsay.**  Exhibit 5 is an out-of-court statement offered for the truth of the matter asserted—that the witness was a truck driver for SMD Logistics.  There is no showing of an allowable exception to the rule against hearsay.  Therefore, Ex. 4 is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805. | ___ Sustained  ___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Irrelevant.**  Because Ex. 5 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, Ex. 5 is irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 17. Rocha-Rivera Decl., ¶ 12: "Also, when I was let go when the season ended—I was given a document which explains that there was no more work.  The document states the reason I left the job.  It states that the employer was Fresh Harvest, that I worked in the area of Salinas, and there is also a space in the document for my position—they wrote 'Truck Driver.  I have attached he document they gave me to this statement." | **Lacks foundation.**  These statements are lacking in foundational facts and evidence establishing who gave the witness the "document" or why. Moreover, the witness's use of "they" makes it impossible to determine what entity or person the witness is referencing. Plaintiffs introduce no evidence to support a finding that this witness is qualified to testify about the significance of the "document" or that the witness has personal knowledge of the reasons the "document" was given or what it means.  Nor do plaintiffs introduce any evidence of how this witness came to "work" in any capacity for any specific Defendant.  For each of these reasons, these statements lack foundation and are inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Improper Content of a Writing:**  The witness's statements constitute inadmissible evidence of the content of a writing.  (Fed. R. Evid. Evid. Code §1004).<br><br>**Lacks Authentication**.  These statements are based on Ex. 6 which has not been authenticated.  Therefore, these statements are inadmissible due to lack of authentication.  Fed. R. Evid. 901. | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

21

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Improper Legal Conclusion**. The witness's statements regarding his working relationship and separation from any entity constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statements regarding his working relationship and separation from any entity constitute inadmissible legal conclusions. (Fed. R. Evid. Evid. Code §702).<br><br>**Hearsay**. These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805<br><br>**Irrelevant**. Because these statements are so lacking in foundational facts and so vague, ambiguous, and unintelligible, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statements. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 18. Document 48-9, Exhibit 6, Referenced in Rocha-Rivera Decl., ¶ 12 (Status). | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 6, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 6 is what the proponent claims it is. | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive
Drive · Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | Therefore, Ex. 6 and all statements relating to it are inadmissible due to lack of authentication.  Fed. R. Evid. 901.<br><br>**Lacks Foundation.**  The witness fails to sufficiently identify Ex. 6 or introduce evidence sufficient to show the witness has personal knowledge of what is Exhibit 6 is, or how when, where, or why he obtained it.  For each of these reasons, Ex. 6 lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Hearsay.**  Exhibit 6 is an out-of-court statement offered for the truth of the matters asserted.  There is no showing of an allowable exception to the rule against hearsay.  Therefore, Ex. 4 is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant.**  Because Ex. 6 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, Ex. 6is irrelevant and inadmissible.  Fed. R. Evid. 401. | |

DATED:  October 15, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP


By:    */s/ Marlene C. Nowlin*
       CHAD T. WISHCHUK
       MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com

2695.003/3RW3202.axm

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100