JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor
Association For Growers, Inc., and SMD Logistics, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF PLAINTIFF ANTONIO RUBIO-LEON IN OPPOSITION TO THE MOTION TO COMPEL ARBITRATION**<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date:  January 8, 2025<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 7<br><br>Complaint Filed:  June 4, 2024<br>Trial Date:  Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

1    Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc. (collectively "Defendants") hereby submit the following objections to evidence submitted by Plaintiffs Antonio Rubio-Leon, Angel De Jesus Rocha-Rivera ("Rocha-Rivera"), Diego Martinez-Jimenez, and Gerardo Ledesma-Delgado (collectively "Plaintiffs") in support of its opposition to Defendants Motion to Compel Arbitration.

I

OBJECTIONS TO DECLARATION OF ANGEL DE ANTONIO RUBIO-LEON

Defendants submit the following specific evidentiary objections to the Declaration of Antonio Rubio-Leon ("Rubio-Leon Decl."), Doc. No. 48-15:

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 1. Rubio-Leon Decl., ¶ 2: "I worked as a commercial truck driver for the following companies: Fresh Harvest, SMD Logistics and Farm Labor Association of Growers . . . . | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "commercial truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) worked in that capacity for any listed entity during any relevant timeframe. Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "commercial truck driver for any listed entity. For each of these reasons the statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's reference to himself as a "commercial truck driver" and his alleged working relationship with the listed entities constitutes inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010). | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Improper Opinion Testimony** The witness's reference to himself as a "commercial truck driver" and his alleged working relationship with the listed entities constitutes improper opinion testimony. (Fed. R. Evid. Evid. Code §702). **Hearsay.** This statement is based on inadmissible out of court statements sought to be used for the truth of the matter asserted with no showing of an applicable exception to the rule against hearsay. Therefore, the statement is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. **Irrelevant.** Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403. | |
| 2. Rubio-Leon Decl., ¶ 3: "Fresh Harvest has a hiring office in Mexicali, in the Colonia Catavina area, and an associate company in a town called Bataquez, east of Mexicali. Every season, before being able to work with a visa in the U.S., I first had to work for the associated company in Baja California, which is called HarvesTek de Mexico. I worked for HarvesTek in 2022 and also in 2023 before going to the U.S. to work with a visa for Fresh Harvest or to work with a visa for Farm Labor Association of Growers." | **Lacks foundation.** No evidence has been introduced to support a finding that this witness has personal knowledge of any information asserted in this statement including the assertions that "Fresh Harvest was a hiring office in Mexicali . . ." that had an associate company "called HarvesTek de Mexico" or that "before being able to work with a visa in the U.S." the witness "had" to work for that company. Therefore, this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602. **Improper Legal Conclusion.** The witness's statements "Fresh Harvest was a hiring office in Mexicali . . ." that had an associate company "called | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | HarvesTek de Mexico" and that "before being able to work with a visa in the U.S." the witness "had" to work for that company constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statements "Fresh Harvest was a hiring office in Mexicali . . ." that had an associate company "called HarvesTek de Mexico" and that "before being able to work with a visa in the U.S." the witness "had" to work for that company constitute improper opinion testimony. (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.** Because this statement is so lacking in foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401.<br><br>**Hearsay.** This statement is based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. 010. | |
| 3. Rubio-Leon Decl., ¶ 4: "I worked as a truck driver for Harvestek and was later given the opportunity to go to Colorado and then to King City, California, as a truck driver." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness: (a) is qualified to testify about the "truck driver" designation; (b) met any criteria for that designation during any relevant timeframe; or (c) | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | worked in that capacity for any Defendant during any relevant timeframe.  Nor do plaintiffs introduce any evidence of how this witness came to "work" in the capacity of "truck driver for any Defendant. This statement is lacking in foundational facts and evidence establishing non-party HarvesTek's connection to this case, who provided the "opportunity to go to Colorado and then to King City, California, as a truck driver," or why.  For these reasons, this statement lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion**. The witness's reference to himself as a "truck driver" constitutes an inadmissible legal conclusion.  *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's reference to himself as a "truck driver" constitutes improper opinion testimony.  (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.**  Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401.<br><br>**Hearsay**. This statement is based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay.  Therefore, this | |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | statement is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. | |
| 4. Rubio-Leon Decl., ¶ 5: "They advertised for truck drivers- the advertisement they put up on Facebook is attached to this statement. I saw these advertisements and that's how I came to become an employee of these companies." | **Lacks foundation.** No evidence has been introduced to support a finding that this witness has personal knowledge of any information asserted in this statement including the assertion that "Fresh Harvest was a hiring office in Mexicali" that had an "associate company" with a "main office." Therefore, this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Legal Conclusion.** The witness's statements "Fresh Harvest was a hiring office in Mexicali" that had an "associate company" with a "main office" constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statements "Fresh Harvest was a hiring office in Mexicali" that had an "associate company" with a "main office" constitute improper opinion testimony. (Fed. R. Evid. Evid. Code §702).<br><br>**Irrelevant.** Because this statement is so lacking in foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401.<br><br>**Hearsay.** This statement is based on out-of-court | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
|  | statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. 010. |  |
| 5. Document 48-16, Exhibit 1, referenced in Leon Decl., at ¶ 5 as a "Facebook advertisement." | **Lacks Authentication**. The witness does not identify the Facebook account where the witness saw Ex. 1. Moreover, a mere printout of a purported Facebook advertisement is insufficient to establish that it emanated from a particular person or entity's account because anyone can establish a fictitious profile under any name. Plaintiff does not explain or how when, or why he obtained the printout. See *Campbell v. State*, 382 S.W.3d 545, 550 (Tex. App. 2012); Commonwealth v. Purdy, 459 Mass. 442, 945 N.E.2d 372, 381 (2011) (message sent from Facebook account bearing defendant's name cannot be sufficiently authenticated without additional "confirming circumstances" indicating who was the author). The witness provides no such confirming circumstances. As such, plaintiffs fail to produce evidence sufficient to support a finding that Ex.1 is what the witness claims it is. Therefore, Ex. 1 is inadmissible. Fed. R. Evid. 901.<br><br>**Lacks foundation.** No evidence has been introduced to support a finding that this witness has personal knowledge of how Ex. 1 is connected to any person, Defendant, or issue in this case. Moreover, due to the use of "these companies" and "they," and the fact that Ex 1 is in Spanish with no translation, it is impossible for the Court to determine what Ex. | ___ Sustained<br><br>___ Overruled |

| **Plaintiff's Evidence** | **Objections** | **Court Ruling** |
|---|---|---|
| | 1 says or to what or whom it relates. For each of these reasons, Ex. 1 lacks foundation and is inadmissible. Fed. R. Evid. 602.<br><br>**Irrelevant.** Because this Ex. 1 is so lacking in foundational and authenticating facts and so vague, ambiguous, and unintelligible, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403.<br><br>**Hearsay.** Ex. 1 is an out-of-court statement offered for the truth of the matter asserted—that the witness "heard" about the opportunity to work across the border for "these companies" and "came to be employed by these companies" because he saw Ex. 1. There is no showing of an applicable exception to the rule against hearsay. Therefore, Ex. is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805 | |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 6. Rubio-Leon Decl., ¶ 6: "I drove a tractor-trailer. A photo of the type of truck I drove is attached to this statement." | **Lacks foundation.** Plaintiffs introduce no evidence to support a finding that this witness drove a "tractor-trailer" for any Defendant during any relevant timeframe. In addition, this statement is based on Ex. 2 which has not been authenticated. For each of these reasons this statement lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Lacks Authentication.** This statement is based on Ex. 2 which has not been authenticated. Therefore, this statement is inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Irrelevant.** Because this statement is so lacking in foundational and authenticating facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 7. Document 48-18, Exhibit 2, Referenced in Rubio-Leon Decl., ¶ 6. | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 2, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 2 is what the proponent claims it is. Therefore, Ex. 2 and all statements relating to it are inadmissible due to lack of authentication.  Fed. R. Evid. 901.<br><br>**Lacks Foundation.**  Plaintiff fails to sufficiently identify Ex. 2 or introduce evidence sufficient to the witness has personal knowledge of what is Exhibit 4 is, or how when, where, or why he obtained it.  For each of these reasons, Ex. 2 lacks foundation and is inadmissible.  Fed. R. Evid. 104, 602.<br><br>**Hearsay.**  Exhibit 2 is an out-of-court statement offered for the truth of the matter asserted—that the witness drove the vehicle depicted.  There is no showing of an allowable exception to the rule against hearsay.  Therefore, Ex. 4 is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805<br><br>**Irrelevant.**  Because Ex. 2 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401. | ___ Sustained<br><br>___ Overruled |
| 8. Rubio-Leon Decl., ¶ 7: "Also, when there were layoffs at the end of the season- I was given a document that | **Lacks foundation.**  These statements are lacking in foundational facts and evidence establishing who gave the | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| explained that work had run out. The document states the reason I left the job. There is also a space for my job title on this document- they put down "Truck Driver". I've attached the document they gave me to this statement." | witness the "document" or why. Moreover, the witness's use of "they" makes it impossible to determine what entity or person the witness is referencing. Plaintiffs introduce no evidence to support a finding that this witness is qualified to testify about the significance of the "document" or that the witness has personal knowledge of the reasons the "document" was given or what it means. Nor do plaintiffs introduce any evidence of how this witness came to "work" in any capacity for any specific Defendant. For each of these reasons, these statements lack foundation and are inadmissible. Fed. R. Evid. 104, 602.<br><br>**Improper Content of a Writing:** The witness's statements constitute inadmissible evidence of the content of a writing. (Fed. R. Evid. Evid. Code §1004).<br><br>**Lacks Authentication**. These statements are based on Ex. 3 which has not been authenticated. Therefore, these statements are inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Improper Legal Conclusion**. The witness's statements regarding his working relationship and separation from any entity constitute inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Improper Opinion Testimony** The witness's statements regarding his working relationship and separation from any entity constitute inadmissible legal conclusions. (Fed. R. Evid. Evid. Code §702). | |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Hearsay**. These statements are based on out-of-court statements that the witness heard or saw which are offered for the truth of the matters asserted with no showing of an applicable exception to the rule against hearsay. Therefore, these statements are inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805 | |
| | **Irrelevant.** Because these statements are so lacking in foundational facts and so vague, ambiguous, and unintelligible, they have no tendency to make a fact of consequence in this action more or less probable than it would be without these statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401. | |
| 18. Document 48-19, Exhibit 3, Referenced in Rubio-Leon Decl., ¶ 7 (Status). | **Lacks Authentication.** The witness fails to sufficiently describe or identify Exhibit 3, how, where, when, or why he obtained it, or produce other evidence sufficient to support a finding that Exhibit 3 is what the proponent claims it is. Therefore, Ex. 3 and all statements relating to it are inadmissible due to lack of authentication. Fed. R. Evid. 901.<br><br>**Lacks Foundation.** The witness fails to sufficiently identify Ex. 3 or introduce evidence sufficient to show the witness has personal knowledge of what is Exhibit 3 is, or how when, where, or why he obtained it. For each of these reasons, Ex. 3 lacks foundation and is inadmissible. Fed. R. Evid. 104, 602.<br><br>**Hearsay.** Exhibit 3 is an out-of-court statement offered for the truth of the matters asserted. There is no showing of an | ___ Sustained<br><br>___ Overruled |

| **Plaintiff's Evidence** | **Objections** | **Court Ruling** |
|---|---|---|
|  | allowable exception to the rule against hearsay.  Therefore, Ex. 4 is inadmissible hearsay.  Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant.**  Because Ex. 3 so lacking in authenticating and foundational facts or explanation of its relevance, it has no tendency to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, Ex. 3 is irrelevant and inadmissible. Fed. R. Evid. 401. |  |

DATED:  October 15, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP


By:   */s/ Marlene C. Nowlin*
     CHAD T. WISHCHUK
     MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com

2695.003/3RW7981.axm

13

FINCH, THORNTON &
BAIRD, LLP
4747 Executive
Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

5:24-cv-03375-EKL