JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>EVIDENTIARY OBJECTIONS TO PLAINTIFFS' WEBSITE LINKS IN THEIR OPPOSITION TO THE MOTION TO COMPEL ARBITRATION<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date:     January 8, 2025<br>Time:    10:00 a.m.<br>Dept.:    Courtroom 7<br><br>Complaint Filed:   June 4, 2024<br>Trial Date:        Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc. ("Defendants") hereby submit the following objections to evidence submitted by Plaintiffs Antonio Rubio-Leon, Angel De Jesus Rocha-Rivera, Diego Martinez-Jimenez, and Gerardo Ledesma-Delgado ("Plaintiffs") in support of plaintiffs' opposition to the Defendants Motion to Compel Arbitration ("Opposition").

I

OBJECTIONS TO PLAINTIFF'S USE OF WEBSITES AS EVIDENCE

Defendants submit the following specific evidentiary objections to the Opposition:

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| 1. Opposition, p. 6, at 4-6: "Taylor Farms describes itself '[a]s North America's largest producer of fresh foods' and which supplies and ships product nationally.  *See* Taylor Farms website (available at https://www.taylorfarms.com/vegetable-facts/)." | **Lacks foundation**.  Plaintiffs introduce no evidence to support a finding that plaintiffs have personal knowledge of the business activities of Taylor Farms.  Fed. R. Evid. 602.<br><br>**Lack of Authentication**.  Plaintiffs fail to introduce evidence sufficient to sustain a finding that the writing is the writing that plaintiff claims it is.  Plaintiffs' vague quote purportedly contained on a website is not enough.  See *People v. Beckley* (2010) 185 Cal.App.4th 509, 515-516, internal citations omitted ["No web-site is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation]."  Plaintiffs fail to introduce evidence sufficient to authenticate the website's claim, and thus, plaintiffs' reference to a purported Taylor Farms website is inadmissible.  Fed. R. Evid. 901. | ___ Sustained<br><br>___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | **Improper Legal Conclusion.** Plaintiffs' reference to Taylor Farms in attempt to show that produce from the Salinas Valley was distributed nationally constitutes inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Hearsay.** This statement is based on inadmissible out of court statements sought to be used for the truth of the matter asserted with no showing of an applicable exception to the rule against hearsay. Therefore, the statement is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant.** Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendence to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403. | |
| 2. Opposition, p. 6, at 6-9: "Fresh Express describes its long history of shipping produce nationally 'including shipping fresh heads of lettuce across the country' and 'bagged salad sold nationwide.' *See* Fresh Express website (available at https://www.freshexpress.coM/our-history)." | **Lacks foundation**. Plaintiffs introduce no evidence to support a finding that plaintiffs have personal knowledge of the business activities of Fresh Express. Fed. R. Evid. 602.<br><br>**Lack of Authentication**. Plaintiffs fail to introduce evidence sufficient to sustain a finding that the writing is the writing that plaintiff claims it is. Plaintiffs' vague quote purportedly contained on a website is not enough. See *People v. Beckley* (2010) 185 Cal.App.4th 509, 515- | ___ Sustained<br><br>___ Overruled |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| | 516, internal citations omitted ["No web-site is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation]." Plaintiffs fail to introduce evidence sufficient to authenticate the website's claim, and thus, plaintiffs' reference to a purported Fresh Express website is inadmissible. Fed. R. Evid. 901.<br><br>**Improper Legal Conclusion.** Plaintiffs' reference to Fresh Express in attempt to show that produce from the Salinas Valley was distributed nationally constitutes inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Hearsay.** This statement is based on inadmissible out of court statements sought to be used for the truth of the matter asserted with no showing of an applicable exception to the rule against hearsay. Therefore, the statement is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805.<br><br>**Irrelevant.** Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendence to make a fact of consequence in this action more or less probable than it would be without this statement. Therefore, the statement is irrelevant and inadmissible. Fed. R. Evid. 401, 402, 403. | |
| 3. Opposition, p. 6, at 9-11: 'Similarly, the Colorado | **Lacks foundation**. Plaintiffs introduce no evidence to | ___ Sustained |

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
| produce warehouse to which Plaintiffs trucked produce advertises its shipment of "key specialty crops for regional eastern markets.' *See* Southern Colorado Farms website (*available at*: https://www.jvsmithcompanies.com/southern-colorado-farms.html)." | support a finding that plaintiffs have personal knowledge of the business activities of Southern Colorado Farms. Fed. R. Evid. 602.<br><br>**Lack of Authentication.** Plaintiffs fail to introduce evidence sufficient to sustain a finding that the writing is the writing that plaintiff claims it is. Plaintiffs' vague quote purportedly contained on a website is not enough. See *People v. Beckley* (2010) 185 Cal.App.4th 509, 515-516, internal citations omitted ["No web-site is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation]." Plaintiffs fail to introduce evidence sufficient to authenticate the website's claim, and thus, plaintiffs' reference to a purported Southern Colorado Farms website is inadmissible. Fed. R. Evid. 901.<br><br>**Improper Legal Conclusion.** Plaintiffs' reference to Southern Colorado Farms in attempt to show that produce from the Salinas Valley was distributed nationally constitutes inadmissible legal conclusions. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010).<br><br>**Hearsay.** This statement is based on inadmissible out of court statements sought to be used for the truth of the matter asserted with no showing of an applicable exception to the rule against hearsay. Therefore, the statement is inadmissible hearsay. Fed. R. Evid. 801, 802, 803, 805. | ___ Overruled |

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

| Plaintiff's Evidence | Objections | Court Ruling |
|---|---|---|
|  | **Irrelevant.**  Because this statement is so lacking in foundational facts and so vague, ambiguous, and unintelligible, it has no tendence to make a fact of consequence in this action more or less probable than it would be without this statement.  Therefore, the statement is irrelevant and inadmissible.  Fed. R. Evid. 401, 402, 403. |  |

DATED:  October 15, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By:   */s/ Marlene C. Nowlin*
      CHAD T. WISHCHUK
      MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com

2695.003/3RX4006.axm

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100