Dawson Morton
Cal. SBN 320811
James Knoepp
S.C. Bar 102757, *Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth St.
Berkeley, CA 94710
Ph: 404-590-1295
dawson@dawsonmorton.com
jim@dawsonmorton.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACT. NO.: 5:24-cv-3375-EKL<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIFT ARBITRATION STAY OR, IN THE ALTERNATIVE, ORDER ARBITRATIONS TO PROCEED BEFORE JAMS ADR<br><br>DECEMBER 9, 2026 AT 10:00 A.M. IN COURTROOM 7 |

Plaintiffs ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, and GERARDO LEDESMA-DELGADO and Opt-in Plaintiffs Jesus Manuel Ceballos-Espinoza, Manuel Sigala-Duarte, and Francisco Diaz-Garcia move the Court to lift the arbitration stay because Defendants have waived their right to arbitration by: (1) refusing to participate in the arbitrations filed by Plaintiffs; and (2) requesting that all arbitrations be dismissed. Alternatively, Plaintiffs ask that the Court to order Defendants to proceed with the JAMS arbitrations filed by Plaintiffs in accordance with the arbitration agreements.

## I. <u>DEFENDANTS REFUSED TO PARTICIPATE IN THE JAMS ARBITRATIONS FILED BY PLAINTIFFS.</u>

Plaintiffs, former heavy-tractor trailer truck drivers for Defendants, filed this lawsuit on June 5, 2024, seeking unpaid wages, contractual damages and PAGA penalties. ECF No. 1. Defendants

filed a Motion to Compel Arbitration on September 25, 2024. ECF No. 45. The Court granted Defendants' motion, stayed the Plaintiffs' litigation, and ordered the parties to participate in arbitration. ECF No. 64 at 15 (ordering arbitration).

Following this Court's order, Plaintiffs filed individual arbitrations before JAMS ADR. The arbitration agreements do not identify a specific arbitrator, but state that: "[s]uch arbitration shall be conducted in accordance with the rules of the arbitration association or service from which the arbitrator is selected (e.g., American Arbitration Association, JAMS, ARS, etc.) and will be governed by the Federal Arbitration Law [9 U.S.C Section 2, et seq]." ECF No. 45-19 (arbitration agreement filed by Defendants). Accordingly, Plaintiffs selected one of the arbitration services specifically referenced in Defendants' arbitration agreements. Because the arbitration agreement includes a class action waiver, Plaintiffs' counsel filed individual arbitrations for each of the four named plaintiffs and for 14 additional putative class members Plaintiffs' counsel represents, many of whom had previously filed FLSA consents to sue in this proceeding. ECF Nos. 9, 13, 14, 32.

The arbitration firm sent Defendants a notice that claim administration before JAMS ADR had begun and asked Defendants to register in the JAMS ADR electronic filing system. *See* Ex. B to Declaration of Dawson Morton. Defendants in response requested that the arbitrations be closed. Ex. C to Declaration of Dawson Morton (stating the arbitrations "were unilaterally submitted to JAMS by the Dawson Morton firm. The arbitration agreements attached to the Demands do not provide for administration by JAMS and Respondents have not agreed to administration by JAMS.") The administrator at JAMS ADR ultimately closed each of the arbitration requests. Ex. D to Declaration of Dawson Morton (Ltr. of G. Yulo of JAMS ADR) ("JAMS has received and reviewed the parties' correspondence regarding Respondent's objection to JAMS, Claimant's response thereto, and the accompanying documents. In light of the Parties' agreement and Respondent's objection, JAMS is unable to proceed with the administration of this case at this time."). As noted, Plaintiffs' counsel also filed arbitration agreements for 14 additional putative class members, many of whom had filed FLSA consent forms in this litigation. Plaintiffs' counsel wrote Defendants' counsel numerous times to request copies of the arbitration agreements for these individuals—Plaintiffs' counsel also called Defendants' counsel. *See* Ex. A to Decl. of D. Morton. Plaintiffs' counsel never received a response

to these requests and never received copies of any arbitration agreements for the 14 additional individuals. JAMS ADR also wrote the parties to request copies of the arbitration agreements and warned that the arbitrations would be dismissed if the arbitration agreements were not provided. Exs. E and F. Those arbitrations were ultimately dismissed when Defendants refused to provide the Plaintiffs or JAMS ADR copies of the signed arbitrations agreements. Exs. E and F to Decl. of D. Morton (emails dated Jan. 15, 2026, making final request for agreements and Feb. 12, 2026, closing arbitration).

## II. **<u>THE ARBITRATION AGREEMENTS ALLOWED PLAINTIFFS TO SELECT AN ARBITRATION ASSOCIATION OR SERVICE.</u>**

Arbitration is a matter of contract. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) ("The FAA reflects the fundamental principle that arbitration is a matter of contract."). Where arbitration agreements do not specify a means of selecting an arbitrator, following the arbitration rules referenced in the arbitration agreement is enforceable as a means of selecting the arbitrator. *Dockser v. Schwartzberg*, 433 F.3d 421, 425 (4th Cir. 2006) (enforcing selection of arbitrator through AAA rules because "the agreement expressly invokes a body of written rules to govern arbitrator selection"); *Hollingsworth v. Sanofi-Aventis US*, No. 3:25-cv-01342-AB, 2025 LX 515271, at *12 (D. Or. Nov. 24, 2025) ("Because the Agreement mandates that the 'Parties shall follow the JAMS Employment Arbitration Rules,' the Court orders the parties to return to JAMS."); *see also Maggio v. Windward Capital Mgmt. Co.*, 80 Cal. App. 4th 1210, 1215 (2000) (holding "an arbitration [to be]conducted 'in accordance with' the American Arbitration Association Commercial Dispute Resolution Procedures must take place before that body").

Here, Defendants' arbitration agreements did not specify an arbitrator, nor did it establish any requirements for how an arbitrator must be selected. ECF No. 45-19 at 2 (providing only that the arbitration shall be conducted in accordance with "the rules of the arbitration association or service" and listing "American Arbitration Association, JAMS, ARS"). Any vagueness in the selection process is due to Defendants' drafting of the agreement and should be interpreted against Defendants. Cal. Civ. Code § 1654 ("the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist"). In these circumstances, Plaintiffs' arbitrations were properly

filed before JAMS ADR, one of the applicable rules and arbitration services listed in the agreement Defendants drafted. *See, e.g., Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 933 (11th Cir. 2019) (finding in arbitration agreement that referenced two arbitration associations that the Plaintiff "had a contractual right to choose between JAMS and AAA in the parties' arbitration agreement"). The only alternative Defendants have offered is arbitration with an individual who is not part of an arbitration service referenced in the arbitration agreement and who works in a position which has no rules for employment arbitrations.

**III. <u>DEFENDANTS HAVE WAIVED THEIR RIGHT TO ARBITRATION.</u>**

The Federal Arbitration Act only allows a stay to continue provided that the party who has sought the stay "is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "[W]hen an employer enters into an agreement requiring its employees to arbitrate, it must participate in the process or lose its right to arbitrate." *Brown v. Dillard's, Inc*., 430 F.3d 1004, 1013 (9th Cir. 2005). A "party waives its right to compel arbitration when (1) it has knowledge of the right, and (2) it acts inconsistently with that right." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 460 (9th Cir. 2023); *see also Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990) ("[a] party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.").[1]

Here, Defendants refusal to participate in the filed arbitrations is inconsistent with its prior demand that this case be stayed so the parties could arbitrate the individual claims. ECF No. 45 at 2. Where a party has engaged in conduct that is inconsistent with a demand for arbitration, the right to continue to demand arbitration is waived, and the case can proceed in Court. *Lee v. Citigroup Corp. Holdings, Inc*., 691 F. Supp. 3d 1157, 1162 (N.D. Cal. 2023) (finding party's late payment was "delayed action [which] serves as waiver of its right to arbitrate"); *Rapaport v. Soffer*, No. 2:10-CV-00935-KJD-RJJ, 2011 U.S. Dist. LEXIS 51257, at *4 (D. Nev. May 12, 2011) (stay could not issue where arbitrator "closed or terminated the arbitration" because party which sought the stay had

[1] The U.S. Supreme Court has ruled that prejudice is no longer a required factor for the finding of waiver. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).

refused to pay for and continue the arbitration). "A bedrock principle of California contract law is that '[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.'" *Brown*, 430 F.3d at 1010. "Failure to pay arbitration fees in a timely manner or to participate in arbitration can constitute breach [of the arbitration agreement]." *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d 745, 760 (N.D. Cal. 2022). "Courts have consistently held that termination by the [arbitration provider] allows for the cases to return to district court." *Lee*, 691 F. Supp. 3d at 1160. Here, the agreement designated acceptable forums, including JAMS where Plaintiffs filed their arbitrations. When Defendants refused to participate, that closed the arbitrations and constituted a waiver of Defendants' right to enforce the arbitration agreements. *Freeman*, 771 F. App'x at 935 (affirming lifting of arbitration stay because "district court did not err in concluding that the 'stay [was] due to be lifted, because the arbitration underlying the stay 'ha[d] been had in accordance with the terms of the agreement'"). Defendants' refusal to participate in the arbitrations they had sought was inconsistent with their demand for arbitration and the Court should find that Defendants have waived their right to arbitration and lift the litigation stay.

## IV. <u>ALTERNATIVELY, THE COURT SHOULD ORDER A RETURN TO JAMS ADR FOR ARBITRATION, INCLUDING USING THE JAMS PROCESS FOR SELCTING AN ARBITRATOR.</u>

Alternatively, Plaintiffs ask that the Court order the arbitrations to proceed as filed before JAMS ADR. Under 9 U.S.C. § 5, the Court may appoint the arbitrator or arbitration provider. Under both federal law and California law, in the absence of an agreed method, or if the agreed method fails, the court may appoint an arbitrator. *Amtax Holdings 279, Ltd. Liab. Co. v. Montalvo Assocs., Ltd. Liab. Co*., No. 22-55688, 2024 U.S. App. LEXIS 12862, at *16 (9th Cir. May 29, 2024); *accord Karamooz v. Valor LLP*, No. 2:24-cv-02156-RGK-JC, 2024 U.S. Dist. LEXIS 158048, at *2 (C.D. Cal. Sep. 3, 2024) (appointing arbitrator where "arbitration agreement is silent as to any method of selecting an arbitrator").

Here, appointment of JAMS ADR as the arbitration service is appropriate as they are listed as one of the possible arbitrators in Defendants' agreement. ECF No. 45-19 at 2; *see also Hollingsworth v. Sanofi-Aventis US*, No. 3:25-cv-01342-AB, 2025 LX 515271, at *12 (D. Or. Nov. 24, 2025) (appointing JAMS ADR to arbitrate where "the Agreement mandates that the 'Parties

shall follow the JAMS Employment Arbitration Rules'"). Through JAMS ADR's selection rules the parties can select an arbitrator or have one appointed by JAMS ADR. *Therabody, Inc. v. Dominion Sourcing, LLC*, No. 2:23-cv-06985-SB-AS, 2023 LX 154773, at *4-5 (C.D. Cal. Oct. 20, 2023) (ordering pursuant to 9 U.S.C. § 5 "the parties to submit their dispute to the American Arbitration Association (AAA) for resolution and shall appoint a single arbitrator pursuant to AAA's Arbitrator Select service")

**CONCLUSION**

Plaintiffs ask that the Court find arbitration waived by Defendants' refusal to participate in the filed arbitrations. Alternatively, Plaintiffs ask that arbitrations be ordered to proceed as filed before JAMS ADR using the JAMS ADR Employment Rules and Arbitrator Selection Process with arbitrations to occur in this district.

DATED: August 25, 2026

*s/ D. Morton*
DAWSON MORTON
ATTORNEY FOR PLAINTIFFS