Dawson Morton
Cal. SBN 320811
James Knoepp
S.C. Bar 102757, *Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth St.
Berkeley, CA 94710
Ph: 404-590-1295
dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

ANTONIO RUBIO-LEON, et al., and others similarly situated,

Plaintiffs,

vs.

FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,

Defendants.

CIVIL ACT. NO.: 5:24-cv-3375-EKL

DECLARATION OF DAWSON MORTON IN SUPPORT OF MOTION TO LIFT ARBITRATION STAY OR, IN THE ALTERNATIVE, ORDER ARBITRATIONS TO PROCEED BEFORE JAMS ADR

I, Dawson Morton, am an attorney for the Plaintiffs in this case and declare that I am competent to testify to the matters declared below, and that under penalty of perjury under the laws of the United States of America the following statements are true and correct to the best of my knowledge and memory:

1. This declaration is submitted in support of the Plaintiffs' Motion to Lift the Arbitration Stay.
2. In advance of filing this motion, Plaintiffs emailed and then met and conferred by video conference with Defendants' counsel. During the meet and confer video conference counsel spoke about their availability for a hearing and confirmed that Defendants' counsel was available on December 9. After the hearing date was reserved with the Court Defendants'

counsel emailed to demand the hearing date be canceled because Defendants did not agree to the motion being filed.

3. This Court granted Defendants' motion to compel arbitration and ordered the parties to arbitration on September 16, 2025. ECF No. 64 at 15.

4. Defendants' motion to compel arbitration included as exhibits copies of the arbitration agreements for the four named Plaintiffs translated into English. ECF Nos. 45-15, 45-17, 45-19, 45-21.

5. Defendants' motion did not include any arbitration agreements for the FLSA opt-ins or for putative class members. Plaintiffs' counsel did not possess arbitration agreements for the FLSA opt-ins nor for other putative class members represented by Plaintiffs' counsel.

6. Plaintiffs' counsel wrote Defendants' counsel on October 14, 2025, October 16, 2025, October 17, 2025 October 20, 2025, November 4, 2025, and November 7, 2025, requesting copies of the arbitration agreements for Juan Armando Garcia-Bravo, Jesus Manuel Ceballos-Espinoza, Jose Alfredo Rios-Rodriguez, Carlos Cabrera-Castillo, David Pacheco-Gomez, Manuel Sigala-Duarte, Edgar Nava-Jimenez, Francisco Diaz-Garcia, Fernando Valerio-Aldaco, Jhonathan Romo-Araujo, Lorenzo Garcia-Orozco, Antonio Guerra-Felix, Samuel Rivera-Soto, and Manuel Herrera-Lara. True and accurate copies of these emails are attached as Exhibit A.

7. Plaintiffs' counsel also called Defendants' counsel on November 6, 2025, to request copies of the arbitration agreements.

8. Plaintiffs filed arbitration demands on behalf of the 4 named Plaintiffs and 14 FLSA opt-in Plaintiffs and putative class members with JAMS ADR using the JAMS ADR electronic filing system in October of 2025.

9. JAMS ADR emailed counsel for all parties on October 28, 2025, requesting that counsel register for the JAMS ADR electronic system. A true and accurate copy of this email is attached as Exhibit B.

10. Defendants' counsel wrote JAMS on October 30, 2025, demanding as to the four arbitrations filed for the named Plaintiffs that "each of these arbitration proceedings should be

closed forthwith and JAMS should take no further action on these proceedings." A true and accurate copy of this correspondence is attached as Exhibit C.

11. JAMS ADR closed the four named Plaintiffs' arbitrations when Defendants refused to proceed before JAMS ADR. A true and accurate copy of the email that was sent related to Plaintiff Antonio Rubio-Leon, which is the same as the emails sent in the other three named Plaintiffs' cases is attached as Exhibit D.

12. JAMS ADR emailed counsel for all parties in November of 2025 requesting copies of the arbitration agreements for the FLSA opt-in Plaintiffs and putative class members for whom Defendants had not provided Plaintiffs a copy of their agreements. A true and accurate copy of the email that was sent related to FLSA opt-in Plaintiff and putative class member Jesus Ceballos-Espinoza, which is the same as the emails sent in the other cases, is attached as Exhibit E.

13. JAMS ADR sent a follow-up request to the parties in January of 2026 asking for copies of the arbitration agreements applicable to the FLSA opt-in Plaintiffs and putative class members and warned that the arbitrations would be closed without these documents being filed. A true and accurate copy of the email that was sent related to FLSA opt-in Plaintiff and putative class member Jesus Ceballos-Espinoza, which is the same as the emails sent in the other cases, is attached as Exhibit F.

14. JAMS ADR closed the FLSA opt-in Plaintiffs' and putative class members' arbitrations when Defendants refused to provide the arbitration agreements and refused to proceed before JAMS ADR. A true and accurate copy of the email that was sent related to FLSA opt-in Plaintiff/putative class member Jesus Ceballos-Espinoza, which is the same as the emails sent in the other cases, is attached as Exhibit G.

I, Dawson Morton, declare and swear under penalty of perjury under the laws of the United States that the previous statements are true and correct.

DATED: August 25, 2026

*s/ D. Morton*
DAWSON MORTON
ATTORNEY FOR PLAINTIFFS