JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
ISABELLA H. CONSTANTINO, SBN365285
EMAIL: iconstantino@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC.'S MOTION TO ENLARGE TIME FOR DEFENDANTS TO FILE RESPONSES TO MOTION TO LIFT ARBITRATION STAY OR IN THE ALTERNATIVE, ORDER ARBITRATIONS TO PROCEED BEFORE JAMS ADR<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Hearing:<br>Time:<br>Dept.:<br><br>Complaint Filed: June 4, 2024<br>Trial Date: Not Set |

Pursuant to Northern District Civil Local Rule 6-3, Defendants Fresh Harvest, Inc., Farm Labor Association for Growers, Inc., and SMD Logistics,

Inc. ("Defendants") hereby move this Court for an administrative order enlarging time for Defendant to file responses to the pending Motion to Lift Arbitration Stay or, in the Alternative, Order Arbitration to Proceed Before JAMS ADR ("Motion") by twenty-one (21) days, shifting the current deadline from September 8, 2026 to September 29, 2026. This Motion is supported by the concurrently filed Declarations of Isabella H. Constantino ("Constantino Decl."), Marlene C. Nowlin ("Nowlin Decl."), and Jennifer M. Schermerhorn ("Schermerhorn Decl.").

I

RELEVANT BACKGROUND AND
TIMING OF MEET AND CONFER EFFORTS

On August 21, 2026, Ms. Nowlin began experiencing severe pain that impairs her ability to work. On the morning of August 25, Ms. Nowlin learned that co-defense counsel, Jennifer Schermerhorn, was simultaneously experiencing a medical emergency regarding her father which required her to immediately travel to West Virgina. Ms. Schermerhorn remains in West Virginia with her father and is unavailable to work on this case. Ms. Schermerhorn is also Vice President of Human Resources & General Counsel of Scaroni Family of Companies which includes Defendants and FTB's primary client contact. (See Nowlin and Schermerhorn Decls.).

On August 25, 2026 at 10:41 a.m., Ms. Nowlin's office disclosed to opposing counsel, Dawson Morton, that both lead defense counsel, Marlene C. Nowlin and Jennifer Schermerhorn, are simultaneously experiencing medical emergencies and asked him to meet and confer regarding all arbitration issues raised in the Motion and Defendants' motion to appoint arbitrator. On August 25, 2026 at 4:41 p.m., Mr. Morton acknowledged receiving notice of defense counsels' medical emergencies but, nevertheless, proceed to file the Motion at 5:05 p.m. that same day. (Constantino Decl., Exhibits 2 and 3.)

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

On August 27, 2026, Ms. Nowlin was diagnosed with a condition that causes severe pain and continues to impair her ability to work. (Nowlin Decl.)

Due to defense counsels' ongoing serious medical issues, on August 28 at 12:17 p.m. defense counsel asked Mr. Morton to grant the professional courtesy of a 21-day extension for Defendants' response to the Motion. At 4:08 p.m., Mr. Morton responded that he would consent to a 10-day extension. At 5:59 p.m. on August 31, Defendants provided Mr. Morton with a detailed stipulation setting forth the 10-day extension and supporting facts. Mr. Morton acknowledged receipt of the stipulation but as of the filing of this motion on September 2, has not commented on or authorized Defendants to file the stipulation. (Constantino Decl., Exhibits 4, 5, and 10.)

Based on the August 25 filing date, the deadline for Defendants to respond to the Motion is September 8. Therefore, per section V of this Court's Standing Order, the deadline to file this motion for enlargement of time is today, September 2, 2026. Considering that the Motion seeks the loss of Defendants' core contractual right to arbitration, Mr. Morton's history of sharp practices, Mr. Morton's failure to timely comment on or approve the stipulation, and the intervening Court holiday on Monday, Defendants felt forced to file this unilateral motion immediately, today.

For the these and the following reasons, Defendant will suffer severe, irreparable prejudice if forced to respond under the current compressed timeline while one lead defense counsel is experiencing a serious medical issue and the other is dealing with significant family medical issues in West Virginia.

## II

## DEFENDANTS WILL BE SEVERELY PREJUDICED IF THE EXTENSION IS DENIED

A motion to find arbitration waived is a high-stakes, dispositive dispute involving the loss of a core contractual right. A finding of waiver relies on a

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

dense, fact-specific inquiry into the "totality of the parties' actions." (*Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 471 (9th Cir. 2023).) As detailed in the accompanying declarations, the Motion fails to disclose material facts and communications that directly contradict the claim that Defendants waived arbitration.

For example, the Motion excludes material facts and communications regarding Defendants' attempts to select an arbitrator between October and January 2025. Exhibits 6 and 8 to the Constantino Declaration are examples of excluded communications in December 2025 and January 2026 reflecting that defense counsel proposed arbitrators, including the Hon. William V. Gallo, Ret.

The Motion also fails to disclose that Opposing counsel waited until August 7, 2026, to contact defense counsel following their January request to arbitrate before Judge Gallo. (See Constantino Decl., Exhibit 7.)

In addition, the Motion excludes material facts and communications between the parties from August 7, 2026 and August 25, 2026, which show that, just prior to Ms. Nowlin's and Ms. Schermerhorn's medical issues, the parties had reengaged in meet and confer efforts regarding mediation and resolution of arbitration issues, including meet and confer regarding Defendants' motion to appoint Judge Gallo as arbitrator. (See Constantino Decl, Exhibit 9.)

The above are only examples of excluded facts and communications. Given their medical situations, defense counsel requires additional time and capacity to unearth and compile all omitted communications and facts and properly brief the Court. Allowing the Motion to proceed on the current track rewards sharp practices that exploit defense counsel's medical emergencies, violate this District's Guidelines for Professional Conduct, and subvert this Court's Civil Standing Order requiring transparent, good-faith meet-and-confer efforts, and candor to the Court. (Standing Order for Civil Cases Before Judge Eumi K. Lee, V, VIII.A. and G.; California Northern District Local Rule 1-5(n),

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

11-4(a).); see also *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) ("Where . . .there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries.").)

The 21-day extension is reasonable given the circumstances set forth in the supporting declarations and would enable defense counsel to adequately present a full and accurate evidentiary record to counter waiver arguments and present a countermotions such as a request to appoint the Hon. William V. Gallo, Ret. or another qualified individual as arbitrator in this case.

For these reasons, Defendants will be severely prejudiced if they cannot properly present a full and accurate evidentiary record to counter the Motion's waiver arguments and present a countermotions including a request to appoint Judge Gallo or another qualified individual as arbitrator.

## III

## CONCLUSION

For each of the above reasons, Defendants respectfully request that the Court grant Defendants' request for a 21-day extension of time to file its response to the Motion and that any motion or countermotion filed by Defendants in response to the Motion be heard on the same day as the Motion.

DATED: September 2, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Isabella H. Constantino*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
ISABELLA H. CONSTANTINO
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: iconstantino@ftblaw.com

2695.003/3VG8270.axm

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 2nd day of September 2026 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

| | |
|---|---|
| Dawson Morton, Esq.<br>James Knoepp, Esq. (*Admitted Pro Hac Vice*)<br>Law Offices Of Dawson Morton<br>1808 Sixth Street<br>Berkeley, California 94710<br>Telephone: (404) 590-1295<br>Emails: dawson@dawsonmorton.com<br>jim@dawsonmorton.com | ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO |
| Jennifer Schermerhorn, Esq.<br>Scaroni Family of Companies<br>101 E. Main Street<br>Heber, California 92249<br>Telephone: (760) 909-1315<br>Email: jennifer@sfcos.com | ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC. |

DATED: September 2, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Isabella H. Constantino*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
ISABELLA H. CONSTANTINO
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: iconstantino@ftblaw.com