Dawson Morton
Cal. SBN 320811
James Knoepp
S.C. Bar 102757, *Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth St.
Berkeley, CA 94710
Ph: 404-590-1295
dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS

JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACT. NO.: 5:24-cv-3375-EKL<br><br>JOINT STATUS REPORT RE: ARBITRATION |

Plaintiffs ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, and GERARDO LEDESMA-DELGADO, and Defendants FRESH HARVEST, INC., SMD LOGISTICS, INC., and FARM LABOR ASSOCIATION FOR GROWERS, INC. ("Defendants"), by and through their Counsel, jointly submit this JOINT STATUS REPORT RE: ARBITRATION in accordance with the Court's September 16, 2025, Order. (ECF No. 64.)

**PLAINTIFFS' POSITION**

The Parties were unable to agree on a Joint Report and therefore this Report is divided into sections with "Plaintiffs' Position" and "Defendants' Position." Plaintiffs disagree with several of the statements contained in Defendants' Position.

No arbitration proceedings have occurred as of the date of this filing.

Plaintiffs filed arbitration demands with JAMS ADR shortly after this Court's September 16, 2025, Order. Defendants objected to the arbitrations having been filed with JAMS ADR and asked JAMS ADR to dismiss the arbitrations, which JAMS ADR did.

On August 25, 2026, Plaintiffs filed a Motion to Lift Arbitration Stay or, Alternatively, Order Arbitrations to Proceed Before JAMS ADR. (ECF No. 66). Defendants oppose the motion and their opposition is due on September 29, 2026. (ECF No. 70).

**DEFENDANTS' POSITION**

1. **The Court's Stay Order**: On September 16, 2026, this Court granted Defendants' motion to compel arbitration as to all claims except Plaintiff's representative PAGA claim, dismissed all claims brought as putative class or collective action claims, and stayed this action in its entirety until arbitration concludes ("Order"). (ECF Nos 64 and 65.)

/ / / / /

/ / / / /

/ / / / /

2. **Plaintiffs' Unilateral JAMS Mass Filing and Subsequent Dismissals**: Without advance notice to Defendants and contrary to the parties' arbitrator selection provisions, on October 15 and 21, 2025, Plaintiffs' counsel unilaterally filed 18 separate arbitration demands with JAMS, 4 in Plaintiffs' names and the other 14 using nonparty names.

On November 13, 2025, JAMS closed Plaintiffs' arbitration demands, stating "In light of the Parties' agreement and Respondent's objection, JAMS is unable to proceed . . . ." On February 12, 2026, having received no evidence JAMS is the designated provider, JAMS summarily closed the14 nonparty demands stating "This letter is to confirm the above referenced matter is closed as of February 12, 2026."

As further explained below, 3 of the 14 nonparties purport to join Plaintiffs' pending Motion to Lift Arbitration Stay or, Alternatively, Order Arbitrations to Proceed Before JAMS ADR ("Plaintiffs' Motion"). (ECF No. 66.)

3. **Plaintiffs' 9-Month Delay and Refusal Comply With the Parties' Arbitrator Selection Provisions**: Following JAMS' dismissals in November 2025, Plaintiffs did not propose any arbitrators or comply with the parties' arbitrator selection provisions. Instead, from November 2025 to January 2026, Plaintiff repeatedly demanded JAMS and Defendants responded that: (a) the arbitration agreements do not designate JAMS nor permit Plaintiffs to unilaterally select JAMS as arbitration provider; (b) per the agreements, the parties must mutually agree to an arbitrator first; and (c) Once an arbitrator is selected, his/her rules and procedures govern. In addition, from November 2025 to January 2026, Defendants proposed arbitrators including Hon. William V. Gallo, Ret., an arbitrator with specific familiarity with agriculture, transportation, and wage and hour cases. Plaintiffs rejected Judge Gallo, without explanation and without proposing alternative

/ / / / /

/ / / / /

/ / / / /

arbitrators. In January 2026, Defendants made a second request to proceed before Judge Gallo. Defendants received no response to that request nor any communication whatsoever from Plaintiffs until August 7, 2026.

4. **Renewed Arbitration Discussions, Defense Counsels' Medical Emergencies, and Plaintiffs' Motion Filing**: From August 7 to August 20, 2026, the parties reengaged in discussions regarding mediation and resolution of arbitration issues, including Defendants' motion to appoint Judge Gallo in the event the arbitrator selection deadlock remains unresolved. On August 20, 2026, Plaintiffs' counsel finally proposed arbitrators. Defendants were actively reviewing and considering Plaintiffs' proposed arbitrators when lead defense counsel experienced severe medical emergencies. On the morning of August 25, Defendant's counsel formally notified Plaintiffs' counsel, Dawson Morton, of defense counsels' medical emergencies. That afternoon, Mr. Morton filed Plaintiffs' Motion with a hearing date of December 9, 2026. (ECF No. 66.) Based on the August 25 filing date, Defendants' response deadline was September 8, 2026. (ECF No. 67.)

5. **Defendants' Motion to Enlarge Time**: Due to defense counsel's ongoing medical issues, Defendants were forced to file a motion to enlarge time which was granted by the Court. (ECF Nos. 68, 68-1 to 68-3, and 70.) The extended deadline for Defendants to file their response to Plaintiffs' Motion is September 29, 2026. (ECF No. 70.)

6. **Nonparties Lack Standing To Seek An Order**: Plaintiffs' Motion attempts to use legally deficient, nonparty "opt-in" individuals as a mechanism to lift the Court's arbitration stay (the "Nonparties"). Because this Court dismissed all class and collective claims, stayed the action, and compelled the named PAGA representatives to individual arbitration, Nonparties have no standing whatsoever to seek any order from this Court—let alone an order altering the arbitral status of named Plaintiffs' individual claims.

/ / / / /

7. **Defendants Will File a Motion to Appoint Judge Gallo as Arbitrator**: Due to the breakdown in the selection of an arbitrator and to protect Defendants' right to arbitration, Defendants intend to move this Court to appoint Judge Gallo or other equally qualified arbitrator in accordance with the Federal Arbitration Act. The parties are scheduled to further meet and confer on September 18, 2026, regarding Defendants' motion to appoint Judge Gallo.

DATED: September 16, 2026

Respectfully submitted,

*s/ D. Morton*
DAWSON MORTON
Attorney for Plaintiffs

DATED: September 16, 2026

SCARONI FAMILY OF COMPANIES

By: */s/ Jennifer M. Schermerhorn*
JENNIFER M. SCHERMERHORN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: jennifer@sfcos.com

DATED: September 16, 2026

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: cwishchuk@ftblaw.com