CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>DECLARATION OF MARLENE C. NOWLIN, ESQ., IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' AND NONPARTIES' MOTION TO LIFT ARBITRATION STAY OR, ALTERNATIVELY, ORDER ARBITRATIONS TO PROCEED BEFORE JAMS ADR<br><br>Assigned to:<br>District Judge: Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge: Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date: December 9, 2026<br>Time: 10:00 a.m.<br>Dept.: Courtroom 7<br><br>Complaint Filed: June 4, 2024<br>Trial Date: Not Set |

I, Marlene C. Nowlin, declare as follows:

1. I am an attorney admitted to practice before this court and all courts of the State of California and a partner in the law firm of Finch, Thornton & Baird, LLP, attorneys of record in this case for Defendants Fresh Harvest, Inc., Farm Labor Association for Growers, Inc., and SMD Logistics, Inc. ("Defendants"). I am one of the attorneys primarily responsible for representing Defendants in this action. I make this declaration in support of Defendants' Opposition to plaintiffs' Antonio Rubio-Leon, Angel De Jesus Rocha-Rivera, Diego Martinez-

Jimenez, and Gerardo Ledesma-Delgado's (collectively "plaintiffs") and nonparties' Jesus Ceballos-Espinoza, Manuel Sigala-Duarte, and Francisco Diaz-Garcia ("nonparty" or collectively "nonparties") Motion to Lift Stay Or, In The Alternative, Order Arbitrations To Proceed Before JAMS ADR ("Motion").

2. All facts stated in this declaration are true of my own knowledge unless otherwise stated, and if called as a witness, I could and would competently testify to them.

3. Attached to this declaration as **Exhibits 1 and 2** are true and correct court-filed copies of plaintiffs' First Amended Complaint and the Court's Order Granting Motion to Compel Arbitration which dismissed class and collective claims except for PAGA claims and stayed the remainder of this case ("Stay Order"), respectively, which I received in the course of representing Defendants in this action. ECF Nos. 15 and 64.

4. Attached to this declaration as **Exhibits 3, 4, and 26** are true and correct copies of the Declarations of Matt Scaroni, Translator Jesus Rosa Garcia, and Jennifer M. Schermerhorn in support of Defendants' Motion to Compel Arbitration with all exhibits, respectively, which I caused to be filed in this action. ECF Nos. 45-22 through 45-30, 45-13 through 45-21, and 45-6 through 45-12.

5. As I state in my court-filed declaration in support of Defendants' Motion to Compel Arbitration ("Prior Declaration"), on September 9, 2024, I spoke to plaintiff's counsel, Dawson Morton, by phone regarding Defendants' position that the Arbitration Agreement with an enforceable class action waiver was signed by plaintiffs and that plaintiffs should honor that agreement. I asked Mr. Morton whether plaintiffs will arbitrate claims on an individual basis. Mr. Morton acknowledged the existence of the Arbitration Agreement but stated plaintiffs will not agree to arbitration. ECF No. 45-1 to 45-5.

6. As I also stated in my Prior Declaration, on September 16, 2024, I continued to meet and confer with Mr. Dawson via email regarding the Arbitration Agreement and advised him in Defendants' Case Management Statement as follows:

/ / / / /

/ / / / /

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

> This case does not belong in this Court pursuant to valid and enforceable arbitration agreements containing class action waivers. Plaintiffs have acknowledged the existence of the arbitration agreements. Accordingly, Defendants will file a motion to compel arbitration, dismiss class claims, and stay this case in lieu of an amended and initial disclosures ("Motion to Compel Arbitration"). Defendants' Motion to Compel Arbitration will establish plaintiffs must be ordered to arbitration, class claims must be dismissed, and any remaining aspect of this case must be stayed. Defendants reserve their right to assert all additional defenses and arguments establishing this Court's lack of jurisdiction and plaintiffs' lack of factual and legal support for their claims pending the Court's ruling on the Motion to Compel Arbitration.

Attached to this declaration as **Exhibits 5 and 6** are true and correct copies of my September 16, 2024 email to Mr. Morton and Defendants' Case Management Statement, respectively, stating the above which I caused to be filed in this action as Exhibits to my prior Declaration. ECF Nos. 42, 45-1, 45-2, 45-3.

7. As I further state in my Prior Declaration, on September 20, 2024, I, again, emailed Mr. Morton requesting that plaintiffs submit their claims to binding arbitration and dismiss class and representative action claims. Attached to this declaration as **Exhibit 7** is a true and correct court-filed copy of my September 20, 2024 email to Mr. Morton which I caused to be filed in this action as an exhibit to my Prior Declaration. ECF Nos. 45-1, 45-4.

8. On September 23, 2024, Mr. Morton responded to my September 20 email by stating plaintiffs disagree that there is a valid and enforceable arbitration agreement. Attached to this declaration as **Exhibit 8** is a true and correct court-filed copy of Mr. Morton's email which I received on September 23, 2024 and caused to be filed in this action as an exhibit to my Prior Declaration. ECF Nos. 45-1, 45-5.

9. In violation of the plain language of their Arbitration Agreement and despite my and co-defense counsel's repeated demands that plaintiffs arbitrate, plaintiffs filed a class action complaint and first amended class action complaint against Defendants asserting wage and hour claims including claims under the Fair Labor Standards Act ("FLSA") and Private Attorneys General Act ("PAGA"). ECF No. 1, ECF No. 15. See Exhibit 1 to this Declaration. Consequently, on September 24, 2024, I caused Defendants' Motion To Compel Arbitration, Dismiss Class Claims, and Dismiss or Stay PAGA Representative Claims, and for an

/ / / / /

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

Immediate Stay Pending the Ruling and all supporting documents to be filed in this action (collectively "Motion to Compel Arbitration"). ECF Nos. 45 through 45-31. See Exhibits 3, 4, and 26 to this Declaration.

10. On September 16, 2025, the Court issued the Stay Order granting Defendants' Motion to Compel Arbitration as to all claims except plaintiff's representative PAGA claim, dismissing all claims brought as putative class or collective action claims, and staying remaining PAGA representative claims until arbitration concludes pursuant to the Arbitration Agreement which is attached to this Declaration as Exhibit 1. ECF No. 64.

11. True and correct copies of court-filed "consent" forms referenced in plaintiffs' Motion purporting to be filed on behalf of nonparty movants Jesus Ceballos-Espinoza, Manuel Sigala-Duarte, and Francisco Diaz-Garcia are attached to this declaration as **Exhibits 9 through 11**, respectively. ECF Nos. 13-1, 13-2, and 32-2. I received Exhibits 9 through 10 in the course of representing Defendants in this action.

12. Following entry of the Stay Order, plaintiffs' counsel refused to engage in the arbitrator selection process set forth in Arbitration Agreement. Instead, in October 2025, plaintiffs' counsel demanded Defendants produce arbitration agreements for 14 nonparties and proceeded to unilaterally file 18 unauthorized cases with JAMS. Plaintiffs' counsel's JAMS filings misrepresented to JAMS that it was the designated forum for plaintiffs and nonparties. Attached to this declaration as collective **Exhibits 12 and 13** are true and correct copies of plaintiffs and nonparties' arbitration cases, respectively, which were emailed to my office on October 15 and 17, 2025. Plaintiffs' counsel filed the JAMS cases at Exhibits 12 and 13 without providing Defendants or me prior notice or making any attempt to meet and confer regarding selection of an arbitrator.

13. From October to November 2025, plaintiffs' counsel continued to repeatedly send me emails demanding JAMS as arbitration forum for all unauthorized cases and production of irrelevant arbitration agreements for nonparties with stayed and time-barred claims. Attached to this declaration as collective **Exhibit 14** are true and correct copies of Mr. Morton's emails which I received between October and November 2025 reflecting the above.



FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

14. On October 30, 2025, I sent an email to JAMS objecting to opposing counsel's unilateral filings based on the plain language of the Arbitration Agreements. My email to JAMS included copies of the Arbitration Agreement and Stay Order. In response, opposing counsel insisted JAMS proceed. Attached to this declaration as collective **Exhibit 15** are true and correct copies of my and Mr. Morton's emails to JAMS on October 30, 2025, which I sent and/or received on that date.

15. On November 13, 2025, JAMS dismissed plaintiffs' 4 unilateral arbitration demands, stating "[i]n light of the Parties' agreement and Respondent's objection, JAMS is unable to proceed . . . ." Attached to this declaration as collective **Exhibit 16** is a copy of JAMS' letter dated October 30, 2025 which I received via email on that date.

16. On February 12, 2026, JAMS summarily dismissed all 14 Nonparty demands. Attached to this Declaration as collective **Exhibit 17** are copies of JAMS letters dated February 12, 2026 which I received via email on that date.

17. Plaintiffs' Motion conceals material facts and communications regarding their continued refusal to comply with the Arbitration Agreement and 9-month delay after JAMS dismissed the unauthorized arbitrations. Specifically, after JAMS dismissed plaintiffs' cases, opposing counsel still did not propose any arbitrators or take any other action to comply with the arbitrator selection provisions until August 20, 2026. Instead, from November 2025 to January 2026, opposing counsel continued demanding JAMS and I repeatedly responded that: (a) the arbitration agreements do not designate JAMS nor permit plaintiffs to unilaterally select JAMS; (b) per the Arbitration Agreements, the parties must mutually agree to an arbitrator; and (c) once selected, the arbitrator's rules apply. Attached to this declaration as collective Attached to this Declaration as collective **Exhibits 18 through 20** are true and correct copies of Mr. Morton's and my emails which I sent to Mr. Morton and/or received from him between November 2025 and January 2026 reflecting the above.

18. Plaintiffs' Motion also conceals that from November 2025 to January 2026, I proposed arbitrators including Judge Sabraw and Hon. William V. Gallo, Ret., an arbitrator with specific familiarity with agriculture, transportation, and wage and hour cases.

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

Unfortunately, Judge Sabraw advised she no longer handles arbitration. Plaintiffs, thereafter, rejected Judge Gallo, without explanation and without proposing alternative arbitrators. See Exhibits 18 and 19 to this Declaration.

19. On January 9, 2026, I made a second request to proceed before Judge Gallo. Defendants and I received no response to my request nor any communication whatsoever from plaintiffs until Augst 7, 2026. See Exhibits 19 and 20 to this Declaration.

20. From August 7 to August 21, 2026, I attempted to meet and confer with opposing counsel regarding resolution of arbitration issues, mediation, and the possibility Defendants would file a motion to appoint Judge Gallo as arbitrator unless plaintiffs comply with the Arbitration Agreement. On August 20, 2026, plaintiffs' counsel finally proposed arbitrators which Defendants were considering. I proposed additional arbitrators as well. Attached to this Declaration as **Exhibits 21 through 22** are true and correct copies of Mr. Morton's and my emails which I sent to Mr. Morton and/or received from him between August 7 and August 21, 2026, reflecting the above.

21. Defendants were actively reviewing and considering plaintiffs' proposed arbitrators when co-defense counsel and I experienced medical emergencies. On the morning of August 25, my office formally notified plaintiffs' counsel of our medical situations. **Exhibits 23 and 24** to this Declaration are true and correct copies of Mr. Morton's and my emails which I sent to Mr. Morton and/or received from him between August 25, 2026 and August 28, 2026, reflecting the above.

22. That afternoon, Mr. Morton filed plaintiffs' Motion. See ECF No. 66. Based on the August 25 filing date, Defendants' response deadline was the day after Labor Day, September 8, 2026. ECF No. 67. Due to our emergencies and opposing counsel's delay in signing a stipulation granting an extension, Defendants were forced to file a motion to enlarge time which was granted by the Court on September 3, 2026. ECF No. 68 through 70.

23. Due to plaintiffs' continued refusal to comply with the arbitrator selection provisions and to protect Defendants' right to arbitration, on September 18, 2026, I, again, met and conferred with Mr. Morton and Jim Knoepp regarding Defendants' intention to proceed

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

with motion to appoint Judge Gallo or other equally qualified arbitrator in accordance with the Federal Arbitration Act ("Motion to Appoint Arbitrator"). (*Id*. at ¶ 21, Ex. 25.) I advised Mr. Morton and Mr. Knoepp that Defendants will file a Motion to Appoint Arbitrator unless plaintiffs withdraw their Motion. (*Id*.) Plaintiffs' counsel refused to do so. (*Id*.) Therefore, Defendants will proceed with a Motion to Appoint Arbitrator.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of September 2026, at San Diego, California.

/s/ Marlene C. Nowlin
MARLENE C. NOWLIN

2695.003/3VN4308.axm



FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 29th day of September 2026 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Dawson Morton, Esq.
James Knoepp, Esq. (*Admitted Pro Hac Vice*)
Law Offices Of Dawson Morton
1808 Sixth Street
Berkeley, California 94710
Telephone: (404) 590-1295
Emails: dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO

Jennifer Schermerhorn, Esq.
Scaroni Family of Companies
101 E. Main Street
Heber, California 92249
Telephone: (760) 909-1315
Email: jennifer@sfcos.com

ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC.

DATED: September 29, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISCHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: mnowlin@ftblaw.com