# EXHIBIT 6

# EXHIBIT 2

JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACT. NO.: 5:24-cv-3375-EKL<br><br>DEFENDANTS CASE MANAGEMENT STATEMENT AND SUPPORTING DECLARATION OF MARLENE C. NOWLIN<br><br>RULE 23 CLASS |

Defendants FRESH HARVEST, INC., SMD LOGISTICS, INC., and FARM LABOR ASSOCIATION FOR GROWERS, INC. ("Defendants"), by and through their Counsel, submit this separate CASE MANAGEMENT STATEMENT and supporting declaration of Marlene C. Nowlin pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

/ / / / /

/ / / / /

**I. Jurisdiction and Service**

This case does not belong in this Court pursuant to valid and enforceable arbitration agreements containing class action waivers. Plaintiffs have acknowledged the existence of the arbitration agreements. Accordingly, Defendants will file a motion to compel arbitration, dismiss class claims, and stay this case in lieu of an amended and initial disclosures ("Motion to Compel Arbitration"). Defendants' Motion to Compel Arbitration will establish plaintiffs must be ordered to arbitration, class claims must be dismissed, and any remaining aspect of this case must be stayed. Defendants reserve their right to assert all additional defenses and arguments establishing this Court's lack of jurisdiction and plaintiffs' lack of factual and legal support for their claims pending the Court's ruling on the Motion to Compel Arbitration.

**II. Facts**

Defendants will file and serve a Motion to Compel Arbitration in lieu of an amended answer and initial disclosures and plaintiffs have acknowledged the existence of arbitration agreements with class action waivers. Therefore, it is premature to delineate disputed and undisputed facts at this juncture. Accordingly, Defendants reserve their right to address disputed and undisputed facts after the Court decides Defendants' Motion to Compel Arbitration which will likely dispose of class, PAGA, and individual claims and eliminate the need for related litigation, discovery, and disclosures. Defendants object to plaintiffs' characterization of disputed and undisputed facts pending the Court's ruling on the Motion to Compel Arbitration.

**III. Statement of Legal Issues:**

Defendants will file and serve their Motion to Compel Arbitration in lieu of an amended answer and initial disclosures and plaintiffs have acknowledged the existence of arbitration agreements containing class action waivers. Legal issues at this juncture are, accordingly, limited to whether: (a) plaintiffs' must be ordered to arbitration; (b) class claims must be dismissed, and (c) any remaining aspect of this

case must be stayed pursuant to valid and enforceable arbitration agreements and class action waivers. Moreover, no Case Management Conference has been scheduled. For these reasons, it is premature, inappropriate, and a waste of the parties and Court's resources, to address legal issues outside the Motion to Compel Arbitration. In the interim, Defendants reserve their rights to object to plaintiffs' characterization of legal issues and disclose facts, arguments, defenses, and legal issues after the Court decides Defendants' Motion to Compel which will likely dispose of class and individual claims and eliminate the need for litigation, discovery, and disclosures on class certification and PAGA claims, among other issues and claims as further discussed below.

## IV. <u>Motions</u>

*Motion to Compel Arbitration, Dismiss Class Claim, and Stay Case*: As stated previously, in lieu of an amended answer and initial disclosures, Defendants' will move to compel arbitration, dismiss class claims, and stay this case pursuant to valid and enforceable arbitration agreements and class action waivers signed by plaintiffs. Defendants acknowledged the existence of the arbitration agreements containing class action waivers.

*Motion to Dismiss Claims Asserted in Current and Future Amended Complaints:* Defendants' reserve their rights to raise all defenses and legal arguments relating to any claims asserted by plaintiffs by filing additional motions to dismiss as Defendants deem necessary.

*Motion for Summary Judgment*: Should any aspect of this case proceed following Defendants' Motion to Compel Arbitration and survive motions to dismiss, Defendants intend to move for summary judgment pursuant to Fed. R. Civ. P. 56.

*Responses to Motions filed by Plaintiffs*: Defendants reserve all rights, defenses, and arguments they deem necessary to respond to, or oppose, any motions filed by plaintiffs, including, without limitation, motions to compel discovery and/or class certification motions.

*Other Motions:* Defendants reserve their right to address any additional motions they deem necessary after the Court rules on their Motion to Compel Arbitration.

**V. <u>Amendment of Pleadings:</u>**

In lieu of an amended answer, Defendants will move to compel arbitration, dismiss class claims, and stay this case pursuant to a valid and enforceable arbitration agreements containing class action waivers. Plaintiffs have acknowledged the existence of the arbitration agreements containing class action waivers. Defendants' reserve all rights, defenses, and arguments relating to all claims asserted in current and future pleadings pending the Court's decision on Defendants' Motion to Compel Arbitration.

**VI. <u>Evidence Preservation:</u>**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action in accordance with ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer , as applicable and appropriate to the issues in this case.

**VII. <u>Disclosures</u>**

Plaintiffs' claims are subject to valid and enforceable written arbitration agreements which require: (a) plaintiffs' claims be compelled to individual arbitration; (b) class claims be dismissed; and (c) remaining claims be stayed pending arbitration. Plaintiff acknowledged the existence of arbitration agreements containing class action waivers. Therefore, Defendants will move to compel arbitration, dismiss class claims, and stay this action in lieu of initial disclosures. Defendants reserve their right to prepare and serve initial disclosures as appropriate pursuant to Fed. R. Civ. P. 26(a) pending the Court's ruling on Defendants' Motion to Compel Arbitration.

**VIII. Discovery**

The parties have not propounded or exchanged discovery. Plaintiffs' claims are subject to valid and enforceable written arbitration agreements containing class action waivers which require an order compelling plaintiffs' claims to individual arbitration, dismissing class claims, and staying this case. Plaintiffs acknowledged the existence of arbitration agreements containing class action waivers. Accordingly, Defendants will move to compel arbitration, dismiss class claims, and stay the case in lieu of initial disclosures and an amended answer. Defendants' Motion to Compel Arbitration will likely dispose of class and individual claims and, therefore, eliminate the need for discovery on class issues, PAGA claims, and other issues and claims. It is, therefore, inappropriate, premature, and a waste of the parties and Court's resources to address or engage in discovery prior to the Court's ruling on Defendants' Motion to Compel Arbitration. Defendants reserve their rights to object to plaintiffs' future discovery and serve appropriate discovery after the Court decides Defendants' Motion to Compel Arbitration.

**IX. Class Actions**

Plaintiffs' claims cannot proceed as a class action because their claims are subject to valid and enforceable written arbitration agreements and class action waivers which require an order compelling arbitration, dismissal of class claims, and stay of this case. Plaintiffs acknowledged the existence of arbitration agreements containing class action waivers. Accordingly, Defendants will move to compel arbitration, dismiss class claims, and stay this case. Therefore, it is inappropriate, premature, and a waste of the parties and Court's resources to address class issues prior to the Court's decision on Defendants' Motion to Compel Arbitration. Defendants reserve their rights to address class certification issues after the Court decides Defendants' Motion to Compel Arbitration which will likely dispose of class and individual claims and, therefore, eliminate the need to address class and PAGA claims, among other issues and claims.

**X. Related Cases**

Defendants are not aware of cases "related" to this case under the criteria set forth in Civil L.R. 3-12.

**XI. Relief**

Defendants will move to compel arbitration, dismiss class claims, and stay case. Therefore, it is inappropriate, premature, and a waste of the parties' and Court's resources to address relief sought by plaintiffs prior to the Court's order on Defendants' Motion to Compel Arbitration. Defendants reserve their rights to address these issues after the Court's order on Defendants' Motion to Compel Arbitration which will likely dispose of class and individual claims and establish plaintiffs are not entitled to relief sought on their claims.

**XII. Settlement and ADR**

For Defendants' reasons stated above and below, mediation and discussions relating to mediation are premature.

**XIII. Consent to Magistrate Judge for All Purposes**

For Defendants' reasons stated above and below, Defendants decision regarding consent to a magistrate judge for all purposes is premature as Defendants' Motion to Compel Arbitration will significantly narrow the issues and claims including, without limitation, issues to be raised by motions brought under Rule 12(b)(6), Rule 12(c), and 56 of the Federal Rules of Civil Procedure. Therefore, Defendants reserve their right to decline or consent to a magistrate judge pending the Court's ruling on Defendants' Motion to Compel Arbitration.

**XIV. Other References**

Defendants do not believe this case is suitable for references.

**XV. Narrowing of Issues**

Defendants' Motion to Compel Arbitration will significantly narrow the issues and claims including, without limitation, issues to be raised by motions brought under Rule 12(b)(6), Rule 12(c), and 56 of the Federal Rules of Civil Procedure.

**XVI. Expedited Trial Procedure**

Defendants' do not believe this case can be handled on an expedited basis.

**XVII. Scheduling**

All deadlines, including deadlines for the completion of fact and expert discovery and other pre-trial deadlines should be set after this Court's order on Defendants' Motion to Compel Arbitration at which point the case will be significantly narrowed and/or stayed as described by Defendants previously.

**XVIII. Trial**

It is premature for the parties to address their positions regarding a jury trial, equitable versus non-equitable claims, and estimated length of trial. All such issues should be addressed after this Court's order on Defendants' Motion to Compel Arbitration at which point this case will be significantly narrowed and/or stayed as described by Defendants previously. Defendants reserve their right to demand a jury trial, address equitable versus non-equitable claims, estimate length of trial, and address any other trial-related issues pending the Court's ruling on their Motion to Compel Arbitration.

**XIX. Disclosure of Non-Party Interested Entities or Persons**

Defendants filed the Certificate of Interested Entities or Persons and have no non-party interested entities to disclose.

**XX. Professional Conduct**

Defendants' attorneys of record for the parties have reviewed the guidelines for professional Conduct for the Northern District of California.

**XXI. Other:**

It is premature for the parties to address the issues listed by plaintiffs at "XXI. Other". All such issues should be addressed after this Court's order on Defendants' Motion to Compel Arbitration at which point this case will be significantly narrowed

/ / / / /

/ / / / /

and/or stayed as described by Defendants previously. Defendants reserve their right to address all issues raised by plaintiffs at "XXI. Other" and any additional issues as Defendants deem appropriate pending the Court's ruling on their Motion to Compel Arbitration.

DATED: September 16, 2024

Respectfully submitted,

SCARONI FAMILY OF COMPANIES

By: <u>*/s/ Jennifer M. Schermerhorn*</u>
JENNIFER M. SCHERMERHORN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: jennifer@sfcos.com

DATED: September 16, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: <u>*/s/ Marlene C. Nowlin*</u>
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: .mnowlin@ftblaw.com

Case 5:24-cv-03375-EKL Document 43 Filed 09/24/24 Page 9 of 14

JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACT. NO.: 5:24-cv-3375-EKL<br><br>DECLARATION OF MARLENE C. NOWLIN IN SUPPORT OF SEPARATE CASE MANAGEMENT STATEMENT<br><br>RULE 23 CLASS |

I, Marlene C. Nowlin, declare as follows:

1. I am an attorney admitted to practice before this court and all courts of the State of California and a partner in the law firm of Finch, Thornton & Baird, LLP, attorneys of record for Defendants Fresh Harvest, Inc., Farm Labor Association For

/ / / / /

/ / / / /

Growers, Inc., and SMD Logistics, Inc. ("Defendants"). I am one of the attorneys primarily responsible for representing Defendants in this case and have reviewed Defendants' Case Management Statement. All facts stated here are true of my own knowledge unless otherwise stated, and if called as a witness, I could and would competently testify to them. I make this declaration in support of Defendants' separate Case Management Statement.

2. Pursuant to Local Rule 16-9(a), Defendants submit their separate case management statement ("CMS") after attempting to obtain plaintiffs' agreement to add Defendants' positions and minor changes to comply with Local 16.9(a) and the Standing Order. Specifically, on Friday, September 13, 2025 at 5:47 p.m., Defendants received plaintiffs' proposed Joint Case Management Statement.

3. On Monday morning, September 16, 2024, my office filed a Notice of Association of Counsel for Defendants, and immediately commenced adding Defendants' positions as to each item listed in plaintiffs' proposed Joint CMS.

4. At 2:41 p.m. on September 14, I sent plaintiffs' counsel, Dawson Morton, Defendants' proposed Joint CMS with Defendants' positions and additional minor changes. Mr. Morton responded by stating "it's not agreeable for you to recite an inaccurate position and that he "can" revise Defendants' positions. Mr. Morton thereafter revised plaintiffs' prior positions and included inaccurate statements.

5. Defendants attempted to resolve all issues by compromise. However, as of the filing of this declaration, Defendants are unable to accept plaintiffs' changes to Defendants' positions in the Joint CMS and it is inappropriate for Mr. Morton to propose such changes. As of the time of filing of this declaration, I have not received accurate proposed revisions from Mr. Morton nor plaintiffs' agreement to file a Joint CMS with Defendants' positions as requested.

/ / / / /

/ / / / /

/ / / / /

6. To timely and accurately comply with Defendants' CMS obligations by todays' deadline, Defendants have no alternative than to file a separate CMS.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of September 2024, at San Diego, California.

*/s/ Marlene C. Nowlin*
MARLENE C. NOWLIN

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 16th day of September 2024 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

| | |
|---|---|
| Dawson Morton, Esq.<br>James Knoepp, Esq. (*Admitted Pro Hac Vice*)<br>Law Offices of Dawson Morton<br>1808 Sixth Street<br>Berkeley, California 94710<br>Telephone: (404) 590-1295<br>Email: dawson@dawsonmorton.com<br>jim@dawsonmorton.com | ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO |
| Jennifer Schermerhorn, Esq.<br>Scaroni Family of Companies<br>101 East Main Street<br>Heber, California 92249<br>Telephone: (760) 909-1315<br>Email: jennifer@sfcos.com | ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC |

DATE: September 16, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail: mnowlin@ftblaw.com