JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>DEFENDANTS' MOTION FOR AN ORDER APPOINTING THE HON. WILLIAM V. GALLO, RET., AS ARBITRATOR PURSUANT TO SECTION 5 OF THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 5 AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Assigned to:<br>District Judge:<br>Hon. Eumi K. Lee, Courtroom 7 Magistrate Judge:<br>Hon. Nathanael M. Cousins, Courtroom 5<br><br>Hearing: December 9, 2026<br>Time: 10:00 a.m.<br>Dept.: Courtroom 7<br><br>Complaint Filed: June 4, 2024<br>Trial Date: Not Set |

/ / / / /

/ / / / /

/ / / / /

TO ALL PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 9, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7, 4th Floor of the above-entitled United States District Court, located at 280 South First Street, San Jose, California 95113, before the Honorable Eumi K. Lee, Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc. ("Defendants") jointly will and hereby do move for an order appointing the Hon. William V. Gallo, Ret., pursuant to Section 5 of the Federal Arbitration Act (FAA), 9 U.S.C. § 5 to serve as arbitrator over each individual arbitration between Defendants on the one hand and each individual plaintiff on the other hand. This Motion is made on the grounds that:

1. On September 16, 2024, the Court entered a valid order compelling each plaintiff to arbitrate their individual claims and stayed this action pending completion of each individual arbitration pursuant to the parties' agreement to arbitrate ("Arbitration Agreement");

2. Plaintiffs and their counsel have repeatedly refused to mutually select an arbitrator as mandated by the Arbitration Agreement;

3. Plaintiffs have failed to avail themselves of the arbitrator selection provisions of the Arbitration Agreement;

4. A "lapse in the naming of an arbitrator" under 9 U.S.C. § 5 has occurred due to plaintiffs' unilateral, non-contractual selection of JAMS, JAMS dismissal of those proceedings, and plaintiffs' failure or refusal to propose or agree to an arbitrator; and

5. The Hon. William V. Gallo, Ret. is qualified to serve as arbitrator.

For each of the above reasons, and the reasons set forth in the following Memorandum of Points and Authorities, judicial intervention is required to preserve the parties' valid agreement to arbitrate.

/ / / / /

/ / / / /

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

Pursuant to Section VIII.A of this Court's Standing Order for Civil Cases, counsel for the moving party certifies that the meet-and-confer requirement has been satisfied by videoconference among counsel for the parties held on September 18, 2026.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Marlene C. Nowlin and Jennifer M. Schermerhorn, all records on file with this Court, all matters upon which judicial notice may be taken, any oral argument that may be presented at the hearing on this matter, and upon such other matters this Court deems just and necessary.

DATED: October 29, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: *_/s/ Marlene C. Nowlin_*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: mnowlin@ftblaw.com

TABLE OF CONTENTS

Page

I INTRODUCTION AND SUMMARY OF ARGUMENT ....... 5

II STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY ....... 6

A. Plaintiffs Agreed to Arbitrate all Claims ....... 6

B. Plaintiffs Were Ordered to Individually Arbitrate Their Claims ....... 7

C. Plaintiffs Breached the Arbitrator Selection Provisions ....... 7

D. Plaintiffs Continued to Ignore the Agreement and Sat Idle for Nine Months ....... 7

E. Plaintiffs Rushed to File Their Motion to Lift the Arbitration Stay ....... 8

III THE COURT SHOULD EXERCISE ITS AUTHORITY AND APPOINT JUDGE GALLO ....... 8

A. Plaintiffs Caused a Complete Lapse Under Section 5 of the FAA and Failed to Avail Themselves of the Arbitrator Selection Process ....... 9

IV THE COURT SHOULD APPOINT JUDGE GALLO BASED ON HIS SPECIALIZED KNOWLEDGE AND INDUSTRY EXPERIENCE ....... 10

V DEFENDANTS DID NOT WAIVE ARBITRATION ....... 11

VI TIME-BARRED NONPARTIES HAVE NO STANDING TO OPPOSE THIS MOTION ....... 13

VII CONCLUSION ....... 14

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

I

INTRODUCTION AND SUMMARY OF ARGUMENT

On September 16, 2024, this Court compelled plaintiffs' individual claims to arbitration and stayed this action pending completion of arbitration pursuant to the parties' agreement to arbitrate ("Arbitration Agreement"). ECF No. 64. From September 2025 to the present, however, plaintiffs repeatedly refused to mutually select an arbitrator as required by their Arbitration Agreement. Specifically, plaintiffs' counsel: (a) unilaterally filed 18 cases with JAMS—a premium forum – not designated by the parties; (b) repeatedly attempted to force Defendants into JAMS arbitrations even after JAMS dismissed their unauthorized cases; (c) rejected Defendants' arbitrator proposals, including the Hon. William V. Gallo, Ret., without explanation; and (d) refused to propose a single arbitrator for a staggering nine months. Moreover, rather mutually select an arbitrator, on August 25, plaintiffs and 3 nonparties filed a motion to lift the arbitration stay which is also scheduled for hearing on December 9, 2026 ("Motion to Lift Stay"). Plaintiffs' repeated violations of the arbitrator selection process are described in detail in Defendants' Opposition to Motion to Lift Stay ("Opposition"). ECF Nos. 72 through 72-28.

On September 18, 2026, Defendants made a final attempt to convince plaintiffs' counsel to mutually agree to an arbitrator by reiterating that they would seek judicial appointment of Judge Gallo, an arbitrator with specific familiarity with the issues in here; i.e., agriculture, transportation, and wage and hour claims. Plaintiffs' counsel still refused to provide any explanation for rejecting Judge Gallo and insisted on proceeding with their frivolous Motion to Lift Stay. Thus, the record shows plaintiffs engineered delay by impermissibly initiating unauthorized JAMS arbitrations. Then, after JAMS dismissed due to the lack of contractual designation, plaintiffs repeatedly bypassed contractually mandated arbitrator selection provisions and refused to respond to Defendant's arbitrator proposal for many months. Despite these facts, plaintiffs Motion to Lift Stay contends that JAMS' predictable dismissals somehow constitute a wholesale waiver of arbitration by Defendants. Plaintiffs' contentions are specious. The record shows Defendants proactively sought to advance arbitration by proposing neutral arbitrators and demanding the plaintiffs comply with the Arbitration Agreement. By categorically rejecting Defendants' proposals without making a single counter proposal until August 20, 2026, and suddenly filing their Motion to Lift Stay on

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

August 25, plaintiffs caused a complete lapse. They now ask this Court to reward them for it by lifting the stay. Given the facts, evidence, and applicable law, there is no basis for the Court to hold Defendants' conduct was inconsistent with their arbitration rights or that they waived those rights by invoking the arbitrator selection provisions. In sum, plaintiffs' counsel has now wasted a staggering 13 months.

Plaintiffs' obstructive conduct caused a clear lapse in naming an arbitrator. Consequently, Defendants are forced to move this Court to exercise its authority under Section 5 of the FAA and appoint Judge Gallo, a highly qualified arbitrator. Defendants' request is amply supported by Ninth Circuit authority and should be granted.

## II
## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

### A. Plaintiffs Agreed to Arbitrate all Claims

Plaintiffs are former seasonal workers with H-2A visa employment status who worked for one or more of the Defendants as "Vegetable/Harvest Workers, Haulers/Truck Drivers. (ECF No. 64, 1:23-25, 7:7 citing Compl. ¶¶ 8-11; Declaration of Marlene C. Nowlin ("Nowlin Decl"), ¶¶ 3-4, Exs. 1-4, 26 (ECF Nos. 45-22 through 45-30.) During their employment, each plaintiff signed the Arbitration Agreement governed by the FAA. (ECF No. 64, 2:17-3:2; Declaration of Jennifer M. Schermerhorn ("Schermerhorn Decl.") ¶ 2, Ex. 1; Declaration of Dawson Morton in support of plaintiffs' Motion to Lift Stay ("Morton Decl."), ¶ 4 (ECF No. 66-3); Nowlin Decl., Exs. 3 and 4.)

The Arbitration Agreement provides that:

> [a]ny and all disputes, controversies or claims . . . arising out of or relating to this employment handbook, your employment or the termination of your employment may be settled by binding arbitration before an impartial arbitrator, unless otherwise prohibited by applicable law . . . . If the parties are not able to agree upon a neutral arbitrator within 10 days, the National Office of the Federal Mediation and Conciliation Service is authorized to select a neutral arbitrator who shall hold a hearing within 10 days of his/her selection. (Id.)

Plaintiff Gerardo Ledesma Delgado's Agreement also provides that:

> The arbitrator shall be selected from a list of seven arbitrators provided by the National Office of the Federal Mediation and Conciliation Service. . . . (*Id.* at ECF No. 45-15.)

/ / / / /

/ / / / /

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

B. Plaintiffs Were Ordered to Individually Arbitrate Their Claims

Despite their Arbitration Agreement, plaintiffs filed a class action complaint asserting the wage and hour claims against Defendants, including Violation of the Fair Labor Standards Act, Failure to Pay California Minimum Wage, Failure to Pay Overtime Wages; Failure to Reimburse Business Expenses, and Civil Penalties under the Private Attorneys General Act (Cal. Lab. Code § 2698.) (ECF Nos. 1, 15 and 64, Nowlin Decl., ¶ 9, Exs. 1, 5-8.) On September 24, 2024, Defendants filed a Motion To Compel Arbitration, Dismiss Class Claims, and for an Immediate Stay Pending the Ruling ("Motion to Compel Arbitration"). (ECF No. 45; Nowlin Decl., ¶ 9.) On September 16, 2025, the Court granted Defendants' Motion to Compel Arbitration as to all claims except representative PAGA claims, dismissing all claims brought as putative class or collective action claims, and staying remaining PAGA representative claims until arbitration concludes pursuant to the Agreement ("Stay Order"). (ECF No. 64, Nowlin Decl. ¶ 10, Ex. 2.)

C. Plaintiffs Breached the Arbitrator Selection Provisions

Despite the Stay Order and their Arbitration Agreement, plaintiffs refused to engage in a mutual arbitrator selection process. (Morton Decl., ¶¶ 5-9; Nowlin Decl. ¶ 11.) Instead, in October 2025, plaintiffs unilaterally filed 18 unauthorized arbitrations with JAMS by bundling plaintiffs' 4 arbitration demands with 14 time-barred nonparties' demands which misrepresent that JAMS is the designated forum. (Nowlin Decl., ¶¶ 11-12, Exs. 12-13; Morton Decl., ¶¶ 6-8, Exs. A to G; Motion Lift Stay 2:4-3:7;.) On October 30, 2025, Defendants objected to plaintiffs' unilateral filings and provided JAMS copies of the Arbitration Agreement and Stay Order. (Nowlin Decl. ¶13, Ex. 15; Morton Decl. ¶10, Ex. C.) In response, plaintiffs' counsel insisted JAMS proceed despite the plain language of the Arbitration Agreement. (Id.) As expected, JAMS dismissed the arbitrations. (Nowlin Decl., ¶¶ 14-15, collective Exs. 16-17; Morton Decl. ¶11, Ex. D.)

D. Plaintiffs Continued to Ignore the Agreement and Sat Idle for Nine Months

After JAMS dismissed the arbitrations, plaintiffs still did not propose arbitrators. (Nowlin Decl. ¶ 16, Exs. 18-19.) Instead, from November 2025 to January 2026, plaintiffs continued to demand JAMS and Defendants repeatedly explained plaintiffs cannot unilaterally impose JAMS, the parties must mutually agree to an arbitrator, and once selected, the

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

arbitrator's rules apply. (*Id.* at Exs. 18 and 19.) From November 2025 to January 2026, Defendants proposed arbitrators including Judge Sabraw and Hon. William V. Gallo, Ret. (Nowlin Decl., ¶ 17; Schermerhorn Decl. ¶¶ 4-7, Exs. 2-3.) Unfortunately, Judge Sabraw no longer handles arbitrations and plaintiffs rejected Judge Gallo without explanation or proposing alternative arbitrators. (*Id.*) On January 9, 2026, Defendants made a second request to proceed before Judge Gallo. Defendants received no response nor any communication whatsoever from plaintiffs for nine months. (Nowlin Decl. ¶ 18, Ex. 19.)

E. Plaintiffs Rushed to File Their Motion to Lift the Arbitration Stay

Between August 7 and 21, 2026, Defendants restarted efforts to resolve arbitrator selection issues, met and conferred with plaintiffs' counsel regarding mediation, and notified plaintiffs that Defendants would file a motion to appoint Judge Gallo as arbitrator. (*Id.* at ¶¶ 18-19, Ex. 20-22.) On August 20, 2026, Plaintiffs' counsel finally proposed arbitrators. (*Id.* at Ex. 22.) While Defendants were actively reviewing and considering plaintiffs' proposed arbitrators, both lead defense counsel experienced medical emergencies. (*Id.* at ¶ 20, Ex. 23-24.) On August 25, plaintiffs' counsel rushed to file plaintiffs' Motion to Lift Stay. (*Id.* at ¶ 21; ECF No. 66.)

On September 18, 2026, defense counsel met and conferred again with plaintiff's counsel regarding Defendants' intention to file a motion to appoint Judge Gallo unless plaintiffs withdraw their Motion to Lift Stay. (*Id.* at ¶ 22, Ex. 27.) Plaintiffs' counsel still refused to withdraw plaintiffs' Motion to Lift Stay, forcing Defendants to file the instant motion. (*Id.*)

## III
## THE COURT SHOULD EXERCISE ITS AUTHORITY AND APPOINT JUDGE GALLO

Where an arbitration agreement exists but the selection process breaks down, Congress provided an explicit statutory remedy to prevent the breakdown from invalidating the agreement. 9 U.S.C. § 5. Here, the plain terms of the Arbitration Agreement required meet and confer discussions to reach mutual agreement to an arbitrator. Once an arbitrator is chosen, his/her rules and procedures govern. If the parties fail to agree to an arbitrator, the National Office of the Federal Mediation and Conciliation Service is authorized to select a neutral arbitrator. JAMS acknowledged these provisions and properly dismissed plaintiffs' unauthorized arbitrations. Under governing Ninth Circuit authority plaintiffs caused a lapse

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

in naming an arbitrator. Therefore, a court-appointed arbitrator is required pursuant to section 5 of the FAA. (9 U.S.C. § 5.)

A. Plaintiffs Caused a Complete Lapse Under Section 5 of the FAA and Failed to Avail Themselves of the Arbitrator Selection Process

Plaintiffs' obstructive conduct caused a complete lapse in the naming of an arbitrator under Section 5 of the FAA. Plaintiffs' Motion to lift the stay exacerbates the lapse by further delaying arbitration and demanding the Court lift the stay or appoint an undesignated forum without first selecting a qualified arbitrator. Therefore, the Court should grant Defendants relief under Section 5 of the FAA which states that where an arbitration agreement provides "a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed." 9 U.S.C. § 5. But "if a method be provided and any party thereto shall fail to avail himself of such method, or if ***for any other reason*** there shall be a lapse in the naming of an arbitrator . . . or in filling a vacancy, then upon the application of either party to the controversy ***the court shall designate and appoint an arbitrator*** . . ., as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein." *Id.* (emphasis added.) Parties "fail to avail" themselves "when an arbitration agreement designates an arbitrator, or specifies a procedure for selecting an arbitrator, and one of the parties refuses to comply, thereby delaying arbitration indefinitely." *In re Salomon Inc. S'holders' Derivative Litig.*, 68 F.3d 554, 560 (2d Cir. 1995) (quoting 9 U.S.C. § 5 and citing *Pac. Reinsurance*, 814 F.2d at 1327–29) "[T]he 'lapse' referred to in § 5 means 'a lapse in time in the naming of the' arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process[.]" *Id.* (quoting *Pac. Reinsurance*, 814 F.2d at 1327).[1] The Ninth Circuit's decision in *Pacific Reinsurance*, 814 F.2d 1324, is instructive. There, the parties agreed to arbitrate and attempted to implement a contractual arbitrator-selection method. *Id.* at 1325–26. They succeeded in appointing arbitrators but were unable to agree on the selection of a neutral umpire. *Id.*

[1] Superseded by statute on different grounds as stated in *Broman v. Riedel Int'l, Inc.*,1989 U.S. App. LEXIS 23497



FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

The resulting stalemate lasted five months. *Id.* at 1326. The Ninth Circuit held that even this short impasse was both a failure to avail and a lapse within the meaning of Section 5, authorizing the district court to appoint the umpire and move the arbitration forward. *Id.* at 1327–29.

Here, following the Stay Order, Defendants repeatedly demanded plaintiffs comply with the Arbitration Agreement's selection provisions and proposed arbitrators. In response, plaintiffs repeatedly demanded an undesignated forum, rejected Defendants' proposals, and refused to propose a single arbitrator until August 20, 2026 – a staggering 11 months after the Court's order compelling arbitration. Then, on August 25, 2026, while Defendants were considering plaintiffs' proposed arbitrators and experienced medical emergencies, plaintiffs' counsel filed a specious motion seeking to lift the arbitration stay in further violation of the Arbitration Agreement. Thus, plaintiffs' self-created year-long lapse and failure to avail themselves is significantly more pronounced and egregious than in *Pacific Reinsurance* and is further exacerbated by the additional delay imposed by their specious Motion. *Id.* at 1327.

Given the facts, Section 5 does not give the court discretion, but rather states the court "shall" designate and appoint an arbitrator upon request from a party. The Court should reject any argument it must first order compliance before acting on Defendants' request for appointment of an arbitrator or that the selection method is unworkable. In *Pacific Reinsurance*, the Ninth Circuit rejected those arguments, explaining that the parties had already been given ample time and opportunity to implement the agreed method. *Id.* at 1329. Once the contractual selection method proves unworkable in practice, Section 5 empowers—and indeed obligates—the court to step in. *Id.* at 1328–29. Therefore, the Court should appoint an arbitrator pursuant to the FAA, Section 5.

## IV
## THE COURT SHOULD APPOINT JUDGE GALLO BASED ON HIS SPECIALIZED KNOWLEDGE AND INDUSTRY EXPERIENCE

The Ninth Circuit and the U.S. Supreme Court have emphasized that a primary purpose of the FAA is to ensure private agreements are enforced to achieve speedy and efficient dispute resolutions. *Sink v. Anden Enters.* 352 F.3d 1197, 1201-1202 (9th Cir. 2003) citing *Dean Witter Reynolds Inc.* 470 U.S. 213, 219 (1985). Therefore, when a district court exercises its authority under FAA Section 5 to select an arbitrator, its goal should be to facilitate an efficient,

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

expert- driven forum consistent with the parties' expectations of alternative dispute resolution. *Id.* Appointing Judge Gallo directly advances these federal policies. First, Judge Gallo is a retired federal judge with specific familiarity with the issues in this case; i.e., agriculture, transportation, and wage and hour claims. (Schermerhorn Decl. ¶¶ 4-7, Exs. 2-3.) Notably, to date, plaintiffs' counsel has failed to articulate *any basis for rejecting Judge Gallo.* Second, utilizing an arbitrator with industry- specific baseline knowledge prevents the parties from wasting substantial time and resources educating the adjudicator on fundamental industry practices. Third, the direct appointment of Judge Gallo immediately resolves the impasse.

Here, plaintiffs have refused to avail themselves of the contractual framework causing a lapse in the naming of an arbitrator. Therefore, plaintiffs have waived their active input, and the Court possesses clear statutory authority and good cause to step in and appoint Judge Gallo. Doing so would assure the ensuing bilateral arbitrations are run competently, efficiently, and with the rigorous precision required by federal law.

## V
## DEFENDANTS DID NOT WAIVE ARBITRATION

Moreover, there is no support for the claim that a party that obtains an order compelling arbitration, waives that right by: (a) refusing to be forced into a forum not designated by their arbitration agreement; or (b) demanding compliance with arbitrator selection provisions in that agreement. The law is the exact opposite: plaintiffs may not obtain the result they prefer by sabotaging the process the law requires. *Gaul v. Chrysler Fin. Servs. Ams. LLC*, 657 Fed. Appx. 16, 18 (affirming the district court's denial of plaintiff's motion to lift arbitration stay); *Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S.A.*, 284 F.2d 419, 421 (2d Cir. 1960) (a party who agreed to arbitration "should not be permitted to avoid it" by "merely running to the judge with charges so futile that they may reasonably appear to the court only a device for getting delay"); *Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 129 (2d Cir. 2009) (the unclean hands doctrine "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief) quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co*., 324 U.S. 806, 814 (1945). Thus, plaintiffs may not use their delays and breaches to return their dispute that was compelled to arbitration, back to court. *Id.*

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

Because there is no authority to support a claim of waiver, the Motion to Lift Stay misapplies irrelevant cases. For example, plaintiffs rely on *Brown v. Dillard's, Inc.* 430 F.3d 1004, 1012 (9th Cir. 2005) ("*Dillard's"*) where, unlike here, the employer did not successfully move to compel arbitration. Instead, the employer refused to participate in the employee's properly initiated arbitration, forced the employee to file a lawsuit, and then filed a motion to compel arbitration. *Dillard's, supra* at 1013. Based on those inapplicable facts, the Ninth Circuit had "no trouble concluding that the delay and costs incurred by [the employee] are prejudicial for the purpose of waiver analysis" and affirmed denial of the employer's motion to compel arbitration. *Id.* Moreover, *Dillard's* is undermined by the recent case, *Hohenshelt v. Superior Court* (2025),18 Cal. 5th 310, 335 ("*Hohenshelt*"). There, the California Supreme Court directed remand to the trial court for consideration of whether the employer "may be excused" and the stay of litigation should not be lifted. *Id.* at 349.

The rest of plaintiffs' cases are similarly inapplicable and do not support waiver because they: (a) relate to inapplicable motions to compel arbitration; (b) have nothing to do with a Court-imposed stay pending arbitration; (c) involve unequivocal designations of arbitration forums such as the American Arbitration Association ("AAA"); (d) were overruled by the U.S. Supreme Court in favor of a stay pending arbitration; and/or (e) their waiver holding is undermined by *Hohenshelt*. See, e.g., *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 460 (9th Cir. 2023) (denial of motion to compel arbitration affirmed where employer over the course of 6 years, engaged in discovery, opposed class certification, and sought partial summary judgment before moving to compel arbitration); *Lee v. Citigroup Corp. Holdings, Inc.*, 691 F. Supp. 3d 1157, 1162 (N.D. Cal. 2023) (arbitration stay lifted based on AAA's unequivocal designation, multiple reminders to the employer to pay AAA's fees, and closure of AAA's file per AAA rules due to the employer's failure to pay); *Rapaport v. Soffer*, No. 2:10-CV-00935-KJD-RJJ, 2011 U.S. Dist. LEXIS 51257, at*4 (D. Nev. May 12, 2011) (motion to compel arbitration denied for similar reasons); *Belyea v. GreenSky, Inc*., 637 F. Supp. 3d 745, 760 (N.D. Cal. 2022) (motion to set aside judgment against borrower denied where JAMS or AAA unequivocally designated even though lender had not paid fees); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990) overruled in part

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

by *Coinbase, Inc. v. Bielski*,599 U.S. 736 (2023) (finder of waiver of arbitration reversed and case remanded to the district court to determine standing to assert right to arbitration.)

VI

TIME-BARRED NONPARTIES HAVE NO STANDING TO OPPOSE THIS MOTION

Plaintiffs attempt to use nonparties who did not sign the Arbitration Agreement to impose JAMS and lift the arbitration stay. However, the Stay Order dismissed their collective claims, stayed the action, and compelled only named plaintiffs to arbitration. Thus, nonparties have no standing to seek an order or oppose this motion. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983). "[A]n arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement")[2] It falls to courts and arbitrators to give effect to the intent of the parties. *Volt*, 489 U.S., at 479, 109 S. Ct. 1248, 103 L. Ed. 2d 488. (Emphasis added.) The 3 nonparties did not sign the Arbitration Agreement, have not satisfied PAGA's strict administrative exhaustion requirements, and their purported FLSA claims, if any, are entirely separate with distinct standing requirements. *See Reloj v. Gov't Emps. Ins. Co.* 2026 U.S. Dist. LEXIS 11250 **4-8 citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1108 (9th Cir. 2018) and *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 583-584, 588 (9th Cir. 2022). Moreover, because the Stay Order dismissed all non-PAGA collective claims there is nothing for nonparties to join. In sum, nonparties have no rights or interests to assert and no standing to oppose this motion.

Finally, the FLSA operates under a strict, statutory "opt-in" regime. Under 29 U.S.C. § 216(b). In addition, 29 U.S.C. § 256 dictates that a FLSA collective action is not considered "commenced" for an opt-in plaintiff until a legally sufficient, signed written consent is physically filed with the court. *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1100 (9th Cir. 2018) *(citing* 29 U.S.C. § 216(b).) Consequently, because an opt-in plaintiff assumes literal party status, the document establishing that status must explicitly manifest an intentional, unambiguous, legal binding intent to be a party to the exact case at hand. *Id. Heitmann v. City of Chicago* 2004 U.S. Dist. LEXIS 14669 **4-8 (2004) ("*Heitmann*") (consent forms stricken because they did not state the particular lawsuit by name or number.) Therefore, vague statements of generalized intent

[2] Superseded by statute on different grounds as stated in *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7 Cir., 1997).



FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

are legally meaningless. *Id.* Here, nonparties' forms vaguely express they wish to join *"a lawsuit about my work during the year 2021."* (Nowlin Decl. ¶ 10, Exhibits 9 through 11, ECF Nos. 13-1, 13-2, and 32-2.) Their forms fail to mention any Defendant, case name, number, or caption. Blank check forms like these cannot transform a legal stranger into a party to this specific case when the form does not even identify this litigation or target of the claims. *Id.* In addition, an opt-in plaintiff must explicitly designate and authorize named counsel to act as their legal agents in the litigation. *Id.* Here, the forms do not mention much less empower attorneys to represent anyone. Therefore, plaintiffs' counsel has no legal standing to bring or oppose a motion on behalf of nonparties. *Id.* Each of these defects, renders each purported "consent" form fatally defective. Because legally sufficient written consents have not been filed, nonparties' claims have not commenced and are time-barred. 29 U.S.C. § 255(a) (the FLSA permits claims for unpaid wages or overtime be brought "two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ."); *see also Campbell v. City of Los Angeles,* 903 F.3d 1090, 1100 (9th Cir. 2018) *(citing* 29 U.S.C. § 216(b); (See ECF No. 72-1 [Decl. of Cynthia Quintero, ¶¶ 2-3.])

## VII
## CONCLUSION

For each of the above reasons plaintiffs have failed to avail themselves of the selection method prescribed in their Arbitration Agreement and there has been a lapse in the naming of an arbitrator. Therefore, Defendants respectfully request that the Court designate and appoint Judge Gallo "who shall act under the said agreement[s] with the same force and effect as if he or they had been specifically named therein." 9 U.S.C. § 5.

DATED: October 29, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: /s/ Marlene C. Nowlin
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: mnowlin@ftblaw.com

2695.003/3VG1888.axm

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 29th day of October 2026 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Dawson Morton, Esq.
James Knoepp, Esq. (*Admitted Pro Hac Vice*)
Law Offices Of Dawson Morton
1808 Sixth Street
Berkeley, California 94710
Telephone: (404) 590-1295
Emails: dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO

Jennifer Schermerhorn, Esq.
Scaroni Family of Companies
101 E. Main Street
Heber, California 92249
Telephone: (760) 909-1315
Email: jennifer@sfcos.com

ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC.

DATED: October 29, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: mnowlin@ftblaw.com