# EXHIBIT 5

# EXHIBIT 1

**From:** Marlene C. Nowlin
**To:** Dawson Morton
**Cc:** Jim Knoepp; Chad T. Wishchuk; Ada Meraz; Jennifer Schermerhorn; Jennifer L. Dawson
**Subject:** RE: Joint CMS - Rubio-Leon et al v. Fresh Harvest, Inc., et al.
**Date:** Monday, September 16, 2024 3:14:00 PM
**Attachments:** 3RS2973-JOINT CMS.DOCX

---

Hello:

Attached is a clean version of the Joint CMS for filing today. Please let us know before 5PM today whether you will arrange to file the attached.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

Dawson Morton
Cal. SBN 320811
James Knoepp
S.C. Bar 102757, *Admitted Pro Hac Vice*
LAW OFFICES OF DAWSON MORTON
1808 Sixth St.
Berkeley, CA 94710
Ph: 404-590-1295
dawson@dawsonmorton.com
jim@dawsonmorton.com

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

JENNIFER M. SCHERMERHORN, SBN 225070
EMAIL: jennifer@sfcos.com
**SCARONI FAMILY OF COMPANIES**
101 EAST MAIN STREET
HEBER, CALIFORNIA 92249
TELEPHONE: (760) 592-2258

Co-Counsel
CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, et al., and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendants. | CIVIL ACT. NO.: 5:24-cv-3375-EKL<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>RULE 23 CLASS<br><br>JURY TRIAL DEMANDED |

/ / / / /

Plaintiffs ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, and GERARDO LEDESMA-DELGADO, and Defendants FRESH HARVEST, INC., SMD LOGISTICS, INC., and FARM LABOR ASSOCIATION FOR GROWERS, INC. ("Defendants"), by and through their Counsel, jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

**Plaintiffs' position:**

The Complaint was filed June 5, 2024. ECF 1. And Amended Complaint was filed on July 26, 2024. ECF 15. Defendants were served on July 30, 2024. ECF 16. Defendants answered on August 12, 2024. ECF 20. Defendants admit the Court has jurisdiction "over federal questions" but "lack sufficient information to admit or deny" supplemental jurisdiction of the state law claims. ECF 20 at ¶ 5.

**Defendants' position:**

This case does not belong in this Court pursuant to valid and enforceable arbitration agreements containing class action waivers. Plaintiffs have acknowledged the existence of the arbitration agreements. Accordingly, Defendants will file a motion to compel arbitration, dismiss class claims, and stay this case in lieu of an amended and initial disclosures ("Motion to Compel Arbitration"). Defendants' Motion to Compel Arbitration will establish plaintiffs must be ordered to arbitration, class claims must be dismissed, and any remaining aspect of this case must be stayed. Defendants reserve their right to assert all additional defenses and arguments establishing this Court's lack of jurisdiction and plaintiffs' lack of factual and legal support for their claims pending the Court's ruling on the Motion to Compel Arbitration.

## II. FACTS

**Plaintiff's position:**

A. UNDISPUTED FACTS

1. Defendant Fresh Harvest is a farm labor contractor.

2. Defendant Farm Labor Association for Growers was formed March 30, 2020 and

Case 5:24-cv-03475-EJD Document 76-10 Filed 10/22/24 Page 5 of 15 PageID

operates from the same address as Defendant Fresh Harvest.

3. Defendant SMD Logistics has a mailing address at the same location as Defendants Fresh Harvest and Farm Labor Association for Growers.

B. <u>PRINCIPAL FACTUAL DISPUTES</u>

The parties dispute whether Plaintiffs were employed, the Defendants' relationship, the Defendants' legal obligations, and how prevailing wage requirements operated, and whether payroll and pay calculations were properly made.

1. Whether any Plaintiff was employed by any Defendant.

2. Whether Plaintiffs were employed as truck drivers.

3. Whether any Defendant directed Plaintiffs and others similarly situated.

4. Whether any Defendant had a written employment contract with Plaintiffs.

5. Whether Defendants required placement fees for employment in the United States.

6. Whether Defendants caused Plaintiffs to incur prehire, unreimbursed, expenses.

7. Whether Defendants caused Plaintiffs to incur fees to access their wages.

8. Whether Defendant Fresh Harvest directly or through Farm Labor Association submitted job orders for foreign workers.

9. Whether Defendants coordinated to obtain foreign truck drivers at agricultural worker pay rates.

10. Whether Plaintiffs were paid the prevailing hourly wage for truck driving.

11. Whether Defendants knew the work of trucking produce as a labor contractor was non agricultural in nature.

12. Whether Defendants made the contractual promises Plaintiffs have alleged.

**Defendants' position:**

Defendants will file and serve a Motion to Compel Arbitration in lieu of an amended answer and initial disclosures and plaintiffs have acknowledged the existence of arbitration agreements with class action waivers. Therefore, it is premature to delineate disputed and undisputed facts at this juncture. Accordingly, Defendants reserve their right to address disputed and undisputed facts after the Court decides Defendants' Motion to Compel Arbitration which will likely dispose of class,

PAGA, and individual claims and eliminate the need for related litigation, discovery, and disclosures. Defendants object to plaintiffs' characterization of disputed and undisputed facts pending the Court's ruling on the Motion to Compel Arbitration.

## III. STATEMENT OF LEGAL ISSUES:

**Plaintiff's position:**

1. Whether all Defendants were Plaintiffs' "employer."
2. Whether Defendants collectively formed an enterprise for employment purposes.
3. Whether the median prevailing wage for Heavy and Tractor-Trailer Truck Drivers was owed to Plaintiffs and others similarly situated.
4. Whether overtime wages were contractual promised to Plaintiffs and others similarly situated.
5. Whether Defendants formed and breached an employment contract.
6. Whether waiting time penalties are owed to Plaintiff and others similarly situated.
7. Whether Defendant failed to record and pay Plaintiff and others similarly situated contractual and overtime wages for all compensable hours.
8. Whether the shifting of costs to Plaintiffs and others similarly situated violated the employment contracts and state and federal law.
9. Whether Defendants retaliated against Plaintiffs Rubio-Leon, Rocha-Rivera and Jimenez-Martinez.
10. Whether Defendants' conduct violated California's Unfair Competition Law.
11. Whether penalties are owed for Defendants' legal violations pursuant to the Private Attorneys' General Act.

**Defendants' position:**

Defendants will file and serve their Motion to Compel Arbitration in lieu of an amended answer and initial disclosures and plaintiffs have acknowledged the existence of arbitration agreements containing class action waivers. Legal issues at this juncture are, accordingly, limited to whether: (a) plaintiffs' must be ordered to arbitration; (b) class claims must be dismissed, and (c) any remaining aspect of this case must be stayed pursuant to valid and enforceable arbitration

agreements and class action waivers. Moreover, no Case Management Conference has been scheduled. For these reasons, it is premature, inappropriate, and a waste of the parties and Court's resources, to address legal issues outside the Motion to Compel Arbitration. In the interim, Defendants reserve their rights to object to plaintiffs' characterization of legal issues and disclose facts, arguments, defenses, and legal issues after the Court decides Defendants' Motion to Compel which will likely dispose of class and individual claims and eliminate the need for litigation, discovery, and disclosures on class certification and PAGA claims, among other issues and claims as further discussed below.

## IV. MOTIONS

**Plaintiffs' Position:**

Parties will file discovery motions as they become necessary. Plaintiffs plan to file a motion for class certification of Counts II-VI and VIII and a motion for preliminary certification of a Fair Labor Standards Act collective action on Count I.

**Defendants' Position**

*Motion to Compel Arbitration, Dismiss Class Claim, and Stay Case*: As stated previously, in lieu of an amended answer and initial disclosures, Defendants' will move to compel arbitration, dismiss class claims, and stay this case pursuant to valid and enforceable arbitration agreements and class action waivers signed by plaintiffs. Defendants acknowledged the existence of the arbitration agreements containing class action waivers.

*Motion to Dismiss Claims Asserted in Current and Future Amended Complaints:* Defendants' reserve their rights to raise all defenses and legal arguments relating to any claims asserted by plaintiffs by filing additional motions to dismiss as Defendants deem necessary.

*Motion for Summary Judgment*: Should any aspect of this case proceed following Defendants' Motion to Compel Arbitration and survive motions to dismiss, Defendants intend to move for summary judgment pursuant to Fed. R. Civ. P. 56.

*Responses to Motions filed by Plaintiffs*: Defendants reserve all rights, defenses, and arguments they deem necessary to respond to, or oppose, any motions filed by plaintiffs, including, without limitation, motions to compel discovery and/or class certification motions.

Case 5:24-cv-03375-EKL Document 45-2 Filed 10/04/24 Page 8 of 15 PageID

*Other Motions:* Defendants reserve their right to address any additional motions they deem necessary after the Court rules on their Motion to Compel Arbitration.

**V. <u>AMENDMENT OF PLEADINGS:</u>**

**Plaintiffs' position:**

Defendants have agreed to amend their Answer based on concerns Plaintiffs raised and discussed by the parties at the Rule 26(f) conference. ECF 24. Plaintiffs do not have any present intentions to amend but may amend their complaint to conform to evidence or to revise any scrivener's error later uncovered.

**Defendants' position:**

In lieu of an amended answer, Defendants will move to compel arbitration, dismiss class claims, and stay this case pursuant to a valid and enforceable arbitration agreements containing class action waivers. Plaintiffs have acknowledged the existence of the arbitration agreements containing class action waivers. Defendants' reserve all rights, defenses, and arguments relating to all claims asserted in current and future pleadings pending the Court's decision on Defendants' Motion to Compel Arbitration.

**VI. <u>EVIDENCE PRESERVATION:</u>**

**Plaintiffs' Position:**

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiffs request that all parties be required to implement a "litigation hold" over all documents and electronically stored information in their possession, custody, or control. All parties will take prompt and affirmative measures to maintain, preserve, and safeguard against disposal, destruction, or any other modification or damage, any and all documents and electronically stored information in their possession, custody, or control relating to the allegations in this suit. This obligation extends to documents or electronically stored information in the possession, custody, or control of any agent of a party or anyone from whom the party can obtain documents upon request.

Case 5:24-cv-03073-EKL Document 64-2 Filed 09/29/24 Page 8 of 15

The hold also requires preservation of email, electronic messaging, electronic driver data recordings and electronic payroll records related to any allegations or defenses in this case. The parties and their counsel will take affirmative steps to ensure and monitor compliance with the litigation hold until discovery is complete and issues of relevance are determined by the Court, including altering any routine systems that might modify or destroy electronically stored information.

**Defendants' Position:**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action in accordance with ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer , as applicable and appropriate to the issues in this case.

## VII. DISCLOSURES

**Plaintiffs' Position**

The parties have extended their deadline to prepare and serve Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) until September 27, 2024. ECF 39.

**Defendants' Position**

Plaintiffs' claims are subject to valid and enforceable written arbitration agreements which require: (a) plaintiffs' claims be compelled to individual arbitration; (b) class claims be dismissed; and (c) remaining claims be stayed pending arbitration. Plaintiff acknowledged the existence of arbitration agreements containing class action waivers. Therefore, Defendants will move to compel arbitration, dismiss class claims, and stay this action in lieu of initial disclosures. Defendants reserve their right to prepare and serve initial disclosures as appropriate pursuant to Fed. R. Civ. P. 26(a) pending the Court's ruling on Defendants' Motion to Compel Arbitration.

## VIII. DISCOVERY

**Plaintiffs' Position:**

Plaintiffs anticipate additional written discovery and examination of Defendants' Electronically Stored Information. Plaintiffs anticipate taking the depositions of Defendants'

persons most knowledgeable regarding the claims alleged, and depositions of Defendants' dispatchers, supervisors, payroll staff, and/or managers.

**Defendants' Position:**

The parties have not propounded or exchanged discovery. Plaintiffs' claims are subject to valid and enforceable written arbitration agreements containing class action waivers which require an order compelling plaintiffs' claims to individual arbitration, dismissing class claims, and staying this case. Plaintiffs acknowledged the existence of arbitration agreements containing class action waivers. Accordingly, Defendants will move to compel arbitration, dismiss class claims, and stay the case in lieu of initial disclosures and an amended answer. Defendants' Motion to Compel Arbitration will likely dispose of class and individual claims and, therefore, eliminate the need for discovery on class issues, PAGA claims, and other issues and claims. It is, therefore, inappropriate, premature, and a waste of the parties and Court's resources to address or engage in discovery prior to the Court's ruling on Defendants' Motion to Compel Arbitration. Defendants reserve their rights to object to plaintiffs' future discovery and serve appropriate discovery after the Court decides Defendants' Motion to Compel Arbitration.

**IX. <u>CLASS ACTIONS</u>**

**Plaintiffs' position:**

Plaintiffs' first count is brought as a Fair Labor Standards Act collective action. ECF 15 at ¶ 114. Plaintiffs in Counts II-VI, and VIII seek to represent a class of workers composed of "[a]ll individuals employed by Defendants between June 5, 2020 and the date of judgment in this matter at work sites in California, Arizona or Colorado in a truck driving or tractor-trailer driver position." ECF 15 at ¶ 102. Plaintiffs believe the class is greater than 40 individuals and was subject to (1) a common contractual arrangement, (2) common payroll practices, (3) similar wage and hour violations which include the common questions detailed in the Complaint. ECF 15 at ¶¶ 104-106.

**Defendants' Position:**

Plaintiffs' claims cannot proceed as a class action because their claims are subject to valid and enforceable written arbitration agreements and class action waivers which require an order compelling arbitration, dismissal of class claims, and stay of this case. Plaintiffs acknowledged the

existence of arbitration agreements containing class action waivers. Accordingly, Defendants will move to compel arbitration, dismiss class claims, and stay this case. Therefore, it is inappropriate, premature, and a waste of the parties and Court's resources to address class issues prior to the Court's decision on Defendants' Motion to Compel Arbitration. Defendants reserve their rights to address class certification issues after the Court decides Defendants' Motion to Compel Arbitration which will likely dispose of class and individual claims and, therefore, eliminate the need to address class and PAGA claims, among other issues and claims.

## X. RELATED CASES

**Plaintiffs' position:**

None.

**Defendants' position:**

Defendants are not aware of cases "related" to this case under the criteria set forth in Civil L.R. 3-12.

## XI. RELIEF

**Plaintiffs' position:**

Plaintiffs seek FLSA collective action certification of Count I, class certification of Counts II-VI and Count VIII and judgement against Defendants for violation of the FLSA, the PAGA, their employment contract and for unpaid wages (regular contractual wages, minimum wages and overtime), reimbursement of business expenses, waiting time penalties pursuant to Labor Code § 203, wage statement penalties, UCL damages, penalties under the PAGA, plus attorney's fees and costs.

**Defendants' position:**

Defendants will move to compel arbitration, dismiss class claims, and stay case. Therefore, it is inappropriate, premature, and a waste of the parties' and Court's resources to address relief sought by plaintiffs prior to the Court's order on Defendants' Motion to Compel Arbitration. Defendants reserve their rights to address these issues after the Court's order on Defendants' Motion to Compel Arbitration which will likely dispose of class and individual claims and establish plaintiffs are not entitled to relief sought on their claims.

## XII. SETTLEMENT AND ADR

**Plaintiffs' position:**

The parties have agreed to pursue private mediation of this matter within 120 days of a Case Management Conference. ECF 30 at 2.

**Defendants' position:**

For Defendants' reasons stated above and below, mediation and discussions relating to mediation are premature.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

**Plaintiffs' position:**

Plaintiffs declined referral to a magistrate. ECF 10.

**Defendants' position:**

For Defendants' reasons stated above and below, Defendants decision regarding consent to a magistrate judge for all purposes is premature as Defendants' Motion to Compel Arbitration will significantly narrow the issues and claims including, without limitation, issues to be raised by motions brought under Rule 12(b)(6), Rule 12(c), and 56 of the Federal Rules of Civil Procedure. Therefore, Defendants reserve their right to decline or consent to a magistrate judge pending the Court's ruling on Defendants' Motion to Compel Arbitration.

## XIV. OTHER REFERENCES

The Parties do not believe this case is suitable for references.

## XV. NARROWING OF ISSUES

**Plaintiffs' position:**

Plaintiffs do not believe there are options for narrowing the issues at this time. However, Plaintiffs expect the number of disputed issues to be narrowed after Defendants amend their answer.

**Defendants' position:**

Defendants' Motion to Compel Arbitration will significantly narrow the issues and claims including, without limitation, issues to be raised by motions brought under Rule 12(b)(6), Rule 12(c), and 56 of the Federal Rules of Civil Procedure.

/ / / / /

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case can be handled on an expedited basis.

## XVII. SCHEDULING

**Plaintiffs' position:**

The Parties request that the Court schedule a conference in _________.

**Defendants' position:**

All deadlines, including deadlines for the completion of fact and expert discovery and other pre-trial deadlines should be set after this Court's order on Defendants' Motion to Compel Arbitration at which point the case will be significantly narrowed and/or stayed as described by Defendants previously.

## XVIII. TRIAL

**Plaintiffs' position:**

Plaintiffs have demanded a jury trial. Plaintiffs maintain the UCL claim, Count VII, is an equitable claim to be tried by the Court.

**Defendants' position:**

It is premature for the parties to address their positions regarding a jury trial, equitable versus non-equitable claims, and estimated length of trial. All such issues should be addressed after this Court's order on Defendants' Motion to Compel Arbitration at which point this case will be significantly narrowed and/or stayed as described by Defendants previously. Defendants reserve their right to demand a jury trial, address equitable versus non-equitable claims, estimate length of trial, and address any other trial-related issues pending the Court's ruling on their Motion to Compel Arbitration.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed the Certificate of Interested Entities or Persons and had no non-party interested entities to disclose.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the guidelines for professional Conduct for the Northern District of California.

## XXI. OTHER:

**Plaintiffs' position:**

**(i) a list or description of each party;**

Plaintiffs are residents of Mexico who worked pursuant to H-2A visas for Defendants.

**(ii) a summary of all claims, counter-claims, crossclaims, or third party claims and the date the complaint and cross-complaint(s) were filed; and**

There are no counter or cross claims. The claims of Plaintiffs were summarized above but are as follows:

| Count | Claim | Class Action Alleged |
|---|---|---|
| I | Fair Labor Standards Act | Collective Action under 29 U.S.C. § 216b |
| II | Failure to Pay California Minimum Wage | Yes. |
| III | Failure to Pay Overtime Wages | Yes. |
| IV | Failure to Reimburse Business Expenses under Cal. Labor Code § 2802 | Yes. |
| V | Breach of Employment Contract | Yes. |
| VI | Failure to Furnish Itemized Wage Statements under Cal. Labor Code § 226 | Yes. |
| VII | Unfair Competition under Cal. Bus. & Prof. Code § 17200 | No, but on behalf of others pursuant to statute. |
| VIII | Failure to Pay Wages When Due under Cal. Labor Code § 203 | Yes. |
| IX | Private Attorneys' General Act claim | No. |
| X | Retaliation under Cal. Labor Code § 98.6 | No. |

**(iii) a brief procedural history of the case (chart format welcomed) including, but not limited to, any ADR proceedings or settlement conferences that have been scheduled or concluded and any appellate proceedings that are pending or concluded.**

The case is at an initial stage. No ADR proceedings or settlement conferences have been scheduled as of yet. There have been no motions filed, no rulings and no appellate proceedings.

**Defendants' position:**

It is premature for the parties to address the issues listed by plaintiffs at "XXI. Other". All such issues should be addressed after this Court's order on Defendants' Motion to Compel Arbitration at which point this case will be significantly narrowed and/or stayed as described by Defendants previously. Defendants reserve their right to address all issues raised by plaintiffs at "XXI. Other" and any additional issues as Defendants deem appropriate pending the Court's ruling on their Motion to Compel Arbitration.

DATED: September 23, 2024

____________________________
DAWSON MORTON
ATTORNEY FOR PLAINTIFFS

DATED: September 23, 2024

Respectfully submitted,

SCARONI FAMILY OF COMPANIES

By: *<u>/s/ Jennifer M. Schermerhorn</u>*
JENNIFER M. SCHERMERHORN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail:jennifer@sfcos.com

DATED: September 23, 2024

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: *<u>/s/ Chad T. Wishchuk</u>*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
E-mail:cwishchuk@ftblaw.com