# EXHIBIT 18

## Ada Meraz

**From:** Marlene C. Nowlin
**Sent:** Monday, November 17, 2025 5:39 PM
**To:** Dawson Morton
**Cc:** Jennifer Schermerhorn; Chad T. Wishchuk; Ada Meraz; Jim Knoepp
**Subject:** RE: arbitrations for Farm Labor Association, Fresh Harvest, SMD et al.

Dear Dawson:

Per JAMS' recent correspondence, each arbitration agreement signed by plaintiffs requires the respective parties to meet and confer to reach agreement on an arbitrator. In an effort meet and confer with you, Defendants stipulate to arbitrations before Hon. Bonnie Sabraw (Ret.) for each individual plaintiff ( i.e., Antonio Rubio Leon, Diego Martinez Jimenez, Angel Rocha Rivera, and Gerardo Ledesma Delgado.)

As you know, the Court dismissed class claims and stayed the rest of the case.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

---

**From:** Dawson Morton
**Sent:** Friday, November 14, 2025 12:24 PM
**To:** Marlene C. Nowlin ; Jennifer Schermerhorn
**Cc:** Jim Knoepp
**Subject:** arbitrations for Farm Labor Association, Fresh Harvest, SMD et al.

Hi Marlene and Jennifer:

We have received the notices dismissing the only arbitrations for which you have provided copies of arbitration agreements. We are at a loss as to where Defendants expect arbitrations to occur or why you would have compelled arbitration and then asked, and received, a dismissal of those arbitrations. The arbitration agreements that these four individuals signed (again, the only four that we have been provided) list various options for applicable arbitration rules and says "[s]uch arbitration shall be conducted in accordance with the rules of the arbitration association or service from which the arbitrator is selected (e.g., American Arbitration Association, JAMS, ARS, etc[.]" Why have your clients refused to proceed with arbitration before JAMS given this specific inclusion of JAMS within the arbitration agreement? We have also asked repeatedly for you to send us our other clients' arbitration agreements, if they exist, but have received no response despite our requesting them 30 days ago.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295