# EXHIBIT 19

## Ada Meraz

| | |
|---|---|
| **From:** | Marlene C. Nowlin |
| **Sent:** | Friday, January 9, 2026 2:11 PM |
| **To:** | 'Dawson Morton' |
| **Cc:** | 'Jim Knoepp'; Jennifer Schermerhorn; Chad T. Wishchuk; Isabella H. Constantino; Ada Meraz |
| **Subject:** | RE: Rubio-Leon, et al. v. Fresh Harvest Inc., et al. (24-6346-BLS) - December 18, 2025 Mediation Hearing Documents |

Dear Dawson:

As we previously advised you, the arbitration agreements at issue do not permit plaintiff to unilaterally select JAMS. Nor do the agreements designate JAMS as an "arbitration locale." The agreements state that once an arbitrator is agreed upon by the parties, his/her association's rules, govern.

To date, you have not proposed a single arbitrator.

Please identify arbitrators with a proven track record and specific familiarity with agriculture, transportation, and wage and hour cases so that we can consider them.

Judge Gallo has this experience.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

---

**From:** Dawson Morton
**Sent:** Wednesday, January 7, 2026 3:49 PM
**To:** Marlene C. Nowlin
**Cc:** Jim Knoepp ; Jennifer Schermerhorn ; Chad T. Wishchuk ; Ada Meraz
**Subject:** Re: Rubio-Leon, et al. v. Fresh Harvest Inc., et al. (24-6346-BLS) - December 18, 2025 Mediation Hearing Documents

Marlene:

Thank you for the offer. However, I do not understand why we are discussing seemingly random potential arbitrators rather than follow the terms of the arbitration agreement which specifically list JAMS ADR as an arbitration locale and where Plaintiffs have filed arbitrations. Instead of suggesting arbitrators one by one, you should instead withdraw your objection to the filed JAMS ADR arbitrations and allow those arbitrations to proceed. JAMS rules provide for a panel of arbitrators and then the parties can proceed to

select from those arbitrators. JAMS ADR, Employment Arbitration Rules, Rule 15(b). Please let us know by 3 pm on Friday whether you will agree to withdraw your request to dismiss the arbitrations filed by Plaintiffs and use the JAMS procedure for selecting an arbitrator. If you are not willing to agree, we intend to return to Court and ask that the case be reinstated as Defendants have dismissed the arbitrations filed.

Additionally, it has been more than 80 days since we asked you to produce arbitration agreements for our other clients in emails dated October 14 and 15. These individuals were putative class members in the federal court litigation. Is there a reason why those have not been produced? The failure to produce the arbitration agreements precludes those arbitrations from going forward and unnecessarily hampers the resolution of our clients' claims.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

On Dec 22, 2025, at 8:51 AM, Marlene C. Nowlin <mnowlin@ftblaw.com> wrote:

Dear Dawson:

As a further effort to meet and confer with you, Defendants propose Hon. William V. Gallo, Ret., as arbitrator.

Let us know if you agree to proceed with Judge Gallo.

We disagree with your characterizations.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

---

**From:** Dawson Morton <dawson@dawsonmorton.com>
**Sent:** Friday, December 19, 2025 10:39 AM
**To:** Marlene C. Nowlin <mnowlin@ftblaw.com>; Jennifer Schermerhorn <jennifer@sfcos.com>
**Cc:** Jim Knoepp <jim@dawsonmorton.com>
**Subject:** Fwd: Rubio-Leon, et al. v. Fresh Harvest Inc., et al. (24-6346-BLS) - December 18, 2025 Mediation Hearing Documents

Hi Marlene:

Given that Judge Sabraw's office has again confirmed that she is not available for an arbitration do you want to ask that JAMS re-open the arbitrations that you asked to have closed? Presently, Defendants are (1) refusing to produce arbitration agreements despite Plaintiffs months-ago written request for them, and (2) Defendants have insisted that they will not arbitrate with arbitration firms mentioned in the arbitration agreements. Instead, you have insisted on arbitration only with a mediator who is not mentioned in the arbitration agreements and whose office has confirmed does not accept arbitrations. Please let me know if you will now withdraw your refusal to proceed with the JAMS arbitrations.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

Begin forwarded message:

**From:** Calah Estabrook Case Management Team <calahteam@adrservices.com>
**Subject: RE: Rubio-Leon, et al. v. Fresh Harvest Inc., et al. (24-6346-BLS) - December 18, 2025 Mediation Hearing Documents**
**Date:** November 24, 2025 at 4:57:40 PM PST
**To:** Dawson Morton <dawson@dawsonmorton.com>
**Cc:** Jim Knoepp <jim@dawsonmorton.com>, "mnowlin@ftblaw.com" <mnowlin@ftblaw.com>, Jennifer Schermerhorn <jennifer@sfcos.com>

Dear Counsel,

Our office is in receipt of correspondence from DAWSON MORTON, LLC informing our office of the need to cancel this mediation currently set for December 18, 2025 with Judge Sabraw. Unless otherwise advised, we will vacate this matter.

As notice was received timely, there will be no late cancellation fees as a result of this request, and our office will issue refunds for any amounts received, less the non-refundable administrative fees. As this is the third continuance in this matter, please be advised that the parties will be billed a $150 continuance/cancellation fee.

It is also our understanding that the parties are interested in arbitrating this matter. Unfortunately, Judge Sabraw is currently not accepting arbitration assignments, and is solely focusing on her mediation practice. While she very much appreciates your consideration and interest, she will not be available to arbitrate this matter.

We would like to suggest the following highly-regarded and experienced arbitrators that are available to assist the parties as an alternative:

**Hon. Suzanne Ramos Bolanos - $850/hour**

**Hon. Paul Burdick - $800/hour**
**Hon. Evelio Grillo - $850/hour**
**Hon. Jo-Lynne Lee - $850/hour**
**Hon. Kevin Murphy - $890/hour**
**Hon. Vedica Puri $750/hour**
**Hon. Winifred Smith - $850/hour**
**Hon. Marie Weiner - $800/hour**

You may click the names above to view their online profiles, including resumes and representative case summaries.

If you would like to proceed with any of the above arbitrators, our office will need to receive the following:

1. Correspondence, copied to opposing counsel, indicating that the parties have agreed to the neutral's appointment as the Arbitrator **OR** a stipulation signed by all counsel and the court order, if available
2. Full names of all parties and their respective counsel involved in the arbitration
3. Copy of the Arbitration Clause / Provision
4. The Complaint **OR** Statement of Claims/Relief **OR** Demand, or any other relevant pleadings, if available
5. Nature of Dispute
6. Fee split

Once we have been provided with the above, our office will commence the arbitration process, at which point an initial letter will be sent outlining the next steps in the proceedings. We also invite you to review the attached Arbitration Timeline which will provide you with an overview of our arbitration process.

If you have any questions, please contact me. ADR Services, Inc. is committed to providing you with the highest level of professional attention. We look forward to working with you.

Sincerely,
Sarah

---

**Sarah Bobich**

Assistant Case Manager
Pronouns: she/her/hers

+1 (415) 772-0900

sarah@adrservices.com

100 First Street, 27th Floor
San Francisco, California 94105

We Are Proud To Have Been Voted

#1 Alternative Dispute Resolution Provider
& Top 3 Online CLE Provider

By the Best of Recorder 2025

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

---

**From:** Dawson Morton <dawson@dawsonmorton.com>
**Sent:** Friday, November 21, 2025 3:46 PM
**To:** ADR Services, Inc. <adrs@amsmail.adrservices.com>
**Cc:** Jim Knoepp <jim@dawsonmorton.com>; mnowlin@ftblaw.com; Jennifer Schermerhorn <jennifer@sfcos.com>; Calah Estabrook Case Management Team <calahteam@adrservices.com>; Hon. Bonnie Sabraw <judgesabraw@adrservices.com>; Sarah Bobich <sarah@adrservices.com>
**Subject:** Re: Rubio-Leon, et al. v. Fresh Harvest Inc., et al. (24-6346-BLS) - December 18, 2025 Mediation Hearing Documents

Hi Sarah:

We need to cancel this mediation as the parties are no longer referred to mediation by the Court.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

On Aug 19, 2025, at 4:20 PM, ADR Services, Inc. <adrs@amsmail.adrservices.com> wrote:

Dear Counsel,

Please find attached the Hearing Notice Documents for the above-referenced Continued Mediation Hearing scheduled before Hon. Bonnie Sabraw as follows:

| | |
|---|---|
| **DATE:** | Thursday, December 18, 2025 |
| **TIME:** | 9:30 a.m. - 5:30 p.m. |
| **PLACE:** | ADR Services, Inc. - Oakland |
| | 1999 Harrison Street |
| | Suite 1700 |
| | Oakland, California 94612 |
| **Neutral:** | Hon. Bonnie Sabraw |
| **AMS Case Link:** | https://ams.adrservices.com/case/155814/ |

Additionally, please note that the allocation of a full day or less requires cancellation/rescheduling notice of twenty one days (21) or more. Notice of Cancellation/Rescheduling must be submitted to our offices in writing by November 26, 2025, otherwise the party requesting the change will be responsible for the full fees for the time allocated.

Please feel free to contact our offices with any questions or if we can be of further assistance.

Sincerely,

Sarah Bobich

**Sarah Bobich, Assistant Case Manager**

*ADR Services, Inc. - Your Partner in Resolution*

sarah@adrservices.com

**Sarah Bobich | Assistant Case Manager | ADR SERVICES, INC.**

Tel: (415) 772-0900 | Fax: (415) 772-0960 | 100 First Street, 27th Floor | San Francisco, California | 94105 |

Tel: (408) 280-7883 | Fax: (415) 772-0960 | 96 North 3rd Street, Suite 350 | San Jose, California | 95112 |

Tel: (510) 466-6630 | Fax: (415) 772-0960 | 1999 Harrison Street, Suite 1700 | Oakland, California | 94612 |

**7 Offices Statewide:**
**Century City • Downtown Los Angeles • San Francisco • Oakland • San Jose • Orange County • San Diego**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. The recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.