# EXHIBIT 20

## Ada Meraz

**From:** Marlene C. Nowlin
**Sent:** Wednesday, August 19, 2026 4:11 PM
**To:** 'Dawson Morton'
**Cc:** 'Jim Knoepp'; Jennifer Schermerhorn; Ada Meraz; 'Kristen Sharp-Smail'; Jillian C. Robinson; Sarah R. Faller; Chad T. Wishchuk
**Subject:** RE: Proposed Mediators and Arbitrators in Rubio-Leon v. Fresh Harvest

Dear Dawson:

To date, plaintiffs have not proposed a single arbitrator. Which JAMS arbitrators do you believe are qualified in agriculture and wage and hour law? As we previously advised multiple times, Defendants do not know of current JAMS arbitrators with these qualifications but will consider such arbitrators if you propose them.

As we also indicated, Defendants remain available to mediate or arbitrate with the following mediators and arbitrators:

1. Mediation with Judge Sabraw (Ret.), Mark Rudy, or Judge Michael A. Latin (Ret.)
2. Arbitration with Judge Gallo (Ret.), Judge Marie Weiner (Ret.), or Judge Michael A. Latin (Ret.)

In response, you stated plaintiffs are open to mediation and will not move to re-open the case or proceed with the litigation unless mediation is unsuccessful. Plaintiffs previously accepted Judge Sabraw as mediator and have not objected to Mark Rudy, Judge Latin, or Judge Weiner.
Accordingly, and based on your representations, we are seeking workable mediation dates from these mediators.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

---

**From:** Dawson Morton
**Sent:** Thursday, August 13, 2026 2:34 PM
**To:** Marlene C. Nowlin
**Cc:** Jim Knoepp ; Jennifer Schermerhorn ; Ada Meraz
**Subject:** Re: Proposed Mediators and Arbitrators in Rubio-Leon v. Fresh Harvest

Hi Marlene:

Thank you for your email. We believe the parties should proceed with the arbitrations already filed. As I mentioned previously, JAMS will provide a list of arbitrators from which the parties can select. JAMS is

expressly mentioned in the arbitration agreement, and has arbitration rules for employment arbitrations which mirror the expense provisions in the arbitration agreement. See JAMS ADR Employment Rules (available at https://www.jamsadr.com/rules-employment-arbitration). Neither Judicate West nor ADR Services have employment arbitration rules, nor are they mentioned in the arbitration agreements. If Defendants are now willing to arbitrate the claims they should allow the filed arbitrations to proceed with JAMS ADR. I realize that you contend that Plaintiffs could not file arbitrations before JAMS and that Defendants had not consented to JAMS and that as you explained in our videocall you do not want to "use JAMS." However, the agreement expressly mentions JAMS as a possible arbitration association and it is the largest arbitrator of employment disputes in the country. The agreement does not mention Judge Gallo, Judicate West or ADR Services. Accordingly, we would again ask that Defendants reconsider their position concerning the filed arbitrations. Additionally, the refusal to produce arbitration agreements for the 14 other claimants, or to even respond whether signed arbitration agreement exist, should be reconsidered. This conduct is why we have concluded that our motion to the Court is necessary.

I will email separately concerning mediation. Plaintiffs remain open to mediation—I had understood that Defendants did not want to mediate when it was no longer required by the Court. If that has changed, we are open to scheduling a mediation but also wish to proceed with our motion and the litigation or the filed arbitrations in the event mediation is unsuccessful.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

On Aug 11, 2026, at 12:41 PM, Marlene C. Nowlin <mnowlin@ftblaw.com> wrote:

Hi Dawson:

As a further attempt to meet and confer with you and avoid unnecessary motion practice, Defendants propose mediation or arbitration as follows:

1. Mediation with Judge Sabraw (Ret.), Mark Rudy, or Judge Michael A. Latin (Ret.)
2. Arbitration with Judge Gallo (Ret.), Judge Marie Weiner (Ret.), or Judge Michael A. Latin (Ret.)

Please respond to this email as soon as possible.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby

notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

---

**From:** Dawson Morton <dawson@dawsonmorton.com>
**Sent:** Tuesday, August 11, 2026 9:43 AM
**To:** Marlene C. Nowlin <mnowlin@ftblaw.com>
**Cc:** Jim Knoepp <jim@dawsonmorton.com>; Jennifer Schermerhorn <jennifer@sfcos.com>; Ada Meraz <ameraz@ftblaw.com>
**Subject:** Re: planned filing in Rubio-Leon v. Fresh Harvest

Hi Marlene:

Here's a google link for a call at 10:30.

Meet
meet.google.com

Talk with you then.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295

On Aug 10, 2026, at 2:55 PM, Marlene C. Nowlin <mnowlin@ftblaw.com> wrote:

Dear Dawson:

The Court dismissed plaintiffs' class claims, ordered plaintiffs to arbitration, and stayed the case pending completion of arbitration pursuant to plaintiffs' arbitration agreements. Therefore, a "motion to re-open the case and proceed with the litigation" would directly violate the Court's orders.

Following the Court's order compelling arbitration, we advised you multiple times that plaintiffs' arbitration agreements do not permit plaintiffs to unilaterally select JAMS. We also advised you that the arbitration agreements do not designate JAMS as an "arbitration locale." The agreements state that once an arbitrator is agreed upon by the parties, his/her association's rules, govern. Nonetheless, plaintiffs unilaterally opened matters with JAMS – all of which were summarily closed based on plaintiffs' agreements.

Second, in accordance with plaintiffs' arbitration agreements and the orders, we proposed Judge Gallo. Plaintiffs failed to respond. Moreover, to date, plaintiffs have refused to propose a single arbitrator much less identify one with specific familiarity with agriculture, transportation, and wage and hour cases for Defendants'

consideration. Until yesterday, we had not received a single communication from your office in more than 7 months.

We're available tomorrow between 9 and 11AM to discuss the above if you'd like. Let us know.

Thank you.

**Marlene C. Nowlin** *Partner*

Finch, Thornton & Baird, LLP Attorneys At Law
4747 Executive Drive, Suite 700 San Diego, CA 92121
**T** 858.737.3100 **F** 858.737.3101

ftblaw.com

CONFIDENTIALITY NOTICE: This email contains legally privileged and confidential information intended only for the individual or entity named within the message. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination or copying of this communication is prohibited. If this communication was received in error, please notify us by reply email and delete the original message.

---

**From:** Dawson Morton <dawson@dawsonmorton.com>
**Sent:** Friday, August 7, 2026 1:50 PM
**To:** Marlene C. Nowlin <mnowlin@ftblaw.com>; Jennifer Schermerhorn <jennifer@sfcos.com>
**Cc:** Jim Knoepp <jim@dawsonmorton.com>
**Subject:** planned filing in Rubio-Leon v. Fresh Harvest

Hi Marlene and Jennifer:

We plan to file a motion to re-open the case and proceed with the litigation. We'd like to discuss it with you before filing. Do you have time on Monday or Tuesday of next week to discuss it?

Thanks.

Dawson Morton
dawson@dawsonmorton.com
404-590-1295