CHAD T. WISHCHUK, SBN 214779
EMAIL: cwishchuk@ftblaw.com
MARLENE C. NOWLIN, SBN 156457
EMAIL: mnowlin@ftblaw.com
**FINCH, THORNTON & BAIRD, LLP**
ATTORNEYS AT LAW
4747 EXECUTIVE DRIVE – SUITE 700
SAN DIEGO, CALIFORNIA 92121-3107
TELEPHONE: (858) 737-3100
FACSIMILE: (858) 737-3101

Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, GERARDO LEDESMA-DELGADO and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., and SMD LOGISTICS, INC.,<br><br>Defendant. | CASE NO: 5:24-cv-03375-EKL<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER APPOINTING THE HON. WILLIAM V. GALLO, RET., AS ARBITRATOR PURSUANT TO SECTION 5 OF THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 5 AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Assigned to:<br>District Judge: Hon. Eumi K. Lee, Courtroom 7<br>Magistrate Judge: Hon. Nathanael M. Cousins, Courtroom 5<br><br>Date: December 9, 2026<br>Time: 10:00 a.m.<br>Dept.: Courtroom 7<br><br>Complaint Filed: June 4, 2024<br>Trial Date: Not Set |

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

I

INTRODUCTION

Plaintiffs admit the parties are at an impasse regarding arbitrator selection under an Arbitration Agreement that lacks a designated forum. (*See* Opp. 1:8-23.) They also admit the impasse occurred ***after*** the Court compelled arbitration. *Id.* These undisputed facts alone require the Court to step in and appoint an arbitrator pursuant to section 5 of the Federal Arbitration Act ("FAA"). Plaintiffs, however, ignore section 5 and, instead, manufacture a waiver of arbitration out of their own improper forum selection. (Opp. 1:24-3:6.) There is no dispute that instead of conferring with Defendants to select an arbitrator as contemplated by the Agreement, plaintiffs unilaterally filed their 4 individual demands—alongside 14 nonparty demands—with JAMS, an undesignated forum. *(Id.)* When Defendants declined to submit to a unilaterally selected forum, JAMS administratively closed the files due to the lack of mutual consent. Plaintiffs admit these facts but based on irrelevant cases, claim Defendants' refusal to acquiesce to JAMS constitutes a waiver of their right to arbitrate. Plaintiffs are wrong. Defendants do not waive arbitration by refusing to acquiesce to an undesignated forum with no proposed arbitrator. Instead, plaintiffs' specious contentions establish that a complete lapse has occurred under section 5 of the FAA requiring this Court to step in and appoint Judge Gallo.

II

ARGUMENT

A. Plaintiffs Ignore that 9 U.S.C. § 5 Requires the Court to Appoint an Arbitrator, Not Declare Arbitration Waived

The FAA is clear: When the arbitrator selection process breaks down "***for any reason***," and arbitration does not proceed, the Court is required to step in and appoint an arbitrator, not declare arbitration waived. 9 U.S.C. § 5. *Id.* (Emphasis added.) Federal courts routinely invoke Section 5 where, as here, there is a "lapse in the naming of an arbitrator" resulting from conflicting interpretations of the selection process or one party's unilateral attempt to dictate an unagreed-upon forum or procedure. See, e.g., *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 814 F.2d 1324, 1326, 1327-1328 (9th Cir. 1987) (affirming district court's appointment of

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

arbitrator under § 5 where parties reached an impasse for any reason) ("*Pacific Reinsurance*"); *Stop & Shop Supermarket Co. LLC v. United Food & Com. Workers Union Loc*. 342, 246 F. App'x 7, 11 (2d Cir. 2007) (holding that a "lapse" under § 5 includes a deadlock or impasse in arbitrator selection). Plaintiffs admit the Agreement does not designate a forum or establish clear requirements for how an arbitrator must be selected. (*See, e.g.*, Oppo. 1:11-14, 5:18-28 citing the Agreement at ECF No. 45-19 at 2.) Plaintiffs also admit they unilaterally filed 18 cases with JAMS without prior notice to Defendants or any attempt to mutually select an arbitrator and that JAMS closed their cases due to lack of mutual consent. (*See e.g.*, Opp. 1:10-23.) These admissions alone confirm judicial appointment under Section 5 is the appropriate remedy. *See e.g.*, *Pacific Reinsurance, supra,* at 1327 citing 9 U.S.C. § 5. By granting Defendant's Motion to Compel Arbitration, this Court already recognized the parties entered into a valid, enforceable agreement to arbitrate. (ECF No. 64.) However, the Agreement's arbitrator-selection clause, which the parties dispute, does not designate an arbitral forum nor state the mechanics of selecting an arbitrator. (*See* Oppo. 5:21-6:28.) Thus, having already determined plaintiffs' claims must be arbitrated, and given the undisputed impasse, this Court is required to appoint a qualified arbitrator so its order compelling arbitration is given full effect. 9 U.S.C. § 5. Furthermore, the Opposition establishes JAMS is exorbitantly more expensive than Judge Gallo, admits Judge Gallo is qualified, and fails to propose a single arbitrator. (Morton Decl. ¶¶ 7-10, Exs. 7-8.) For each of these reasons, the Court should grant Defendants' Motion and appoint Judge Gallo.

### B. Vague Arbitrator Selection Language Empowers The Court to Appoint Judge Gallo to Effectuate Its Prior Order Compelling Arbitration

Plaintiffs admit that instead of working with Defendants to select a mutually acceptable arbitrator for the four named plaintiffs, plaintiffs attempted to manufacture leverage by bundling their four individual claims with fourteen non-party claims and unilaterally submitting all eighteen matters to JAMS. (Opp. 1:11-23.) They claim they were entitled to do that because "[t]he arbitration agreements do not identify a specific arbitrator, but state that: '[s]uch arbitration shall be conducted in accordance with the rules of the arbitration association or service from which the arbitrator is selected (e.g., American Arbitration Association, JAMS, ARS, etc.'"] (Opp. 1:10-14.)

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

When their tactic predictably resulted in JAMS closing the files for lack of mutual consent, Plaintiffs cried waiver. (Opp. 1:20-26.) FAA, section 5 was enacted precisely to prevent a party from frustrating an agreement to arbitrate through procedural gamesmanship or selection deadlocks. 9 U.S.C. § 5. Because plaintiffs admit they refused to engage in a bilateral selection process and instead unilaterally imposed an undesignated forum, they, by definition, admit to a "lapse" within the meaning of 9 U.S.C. § 5, requiring the Court to step in and appoint an arbitrator. *Pacific Reinsurance, supra,* at 1327. Moreover, the text of the Agreement itself confirms judicial appointment under Section 5 is the required remedy. (Opp.1:11-14.) Under settled federal law, vagueness or silence in an arbitrator-selection clause does not render an arbitration agreement unenforceable, nor does it allow plaintiffs to unilaterally impose their preferred arbitral forum. See, e.g., *Green v. U.S. Cash Advance Ill., LLC*, 724 F.3d 787, 791–793 (7th Cir. 2013) (where an arbitration agreement lacks a valid selection mechanism or designated forum, Section 5 supplies the missing term by authorizing the court to appoint an arbitrator); *Reddam v. KPMG LLP,* 457 F.3d 1054, 1060–61 (9th Cir. 2006) (unavailability or absence of a designated forum does not invalidate the agreement to arbitrate where § 5 allows judicial appointment). Based on plaintiffs' admissions and the text of the Agreement, the Court should grant the Motion and appoint Judge Gallo.

C. The Court Already Compelled Arbitration; Therefore, Cases Finding Waiver Due to Conduct Preceding A Motion to Compel Are Irrelevant

To support their waiver theory, plaintiffs rely heavily on irrelevant authorities holding that a party waives its right to arbitrate when it refuses to arbitrate or actively litigates a dispute in court ***before moving to compel arbitration***. (Opp. 1:25- 2:5, 7:5-9 citing, *e.g.*, *Hill v. Xerox Bus. Servs.,* 59 F.4th 457, 460 (9th Cir. 2023*); Bedgood v. Wyndham Vacation Resorts, Inc.*, 88 F.4th 1355, 1359 (2023). In plaintiffs' cases, defendants either thwarted arbitration early on or acted inconsistently with arbitration by substantially invoking the judicial machinery—filing dispositive motions or engaging in extensive discovery—***before*** ever asking the court to enforce an arbitration clause. *Id.* Thus, per plaintiffs' own cases, waiver occurs when a party acts inconsistently with the right to arbitrate ***prior to moving to compel arbitration***. *Morgan v. Sundance, Inc.*, 596 U.S. 411,

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

419 (2022); *Weber v. X Corp*., 2024 U.S. Dist. LEXIS 24242 *18 (2024). Here, the exact opposite occurred. Defendants demanded compliance, timely moved to enforce the Agreement, and obtained an order compelling arbitration. (ECF No. 64). Plaintiffs do not cite a single case holding that a party who successfully compels arbitration retroactively waives that right merely by insisting arbitration proceed by mutual selection of an arbitrator in accordance with the contract's terms. No such case exists.

C. Cases Finding Waiver Due to Non-Payment of Fees Are Equally Irrelevant

Plaintiffs next try to analogize Defendant's conduct to cases where an employer is deemed to have waived or breached an arbitration agreement by failing to pay required fees to a ***contractually designated arbitral forum***. *See* Opp. 2:6-26 citing, *e.g., Lee v. Citigroup Corp. Holdings, Inc.*, 691 F. Supp. 3d 1157; *Sink v. Aden Enters*., 352 F.3d 1197, 1201 (2003). Plaintiffs' fee-default cases are irrelevant because they involve a designated provider, proper initiation of arbitration before the agreed upon provider, and refusal to pay fees after being billed to initiate the agreed-upon process. *Id.* Here, JAMS closed the files because plaintiffs unilaterally filed 18 demands without an agreement naming JAMS. (Oppo. 1:11-14, 6:7-12.) In sum, Defendants never agreed to arbitrate before JAMS, never agreed to be bound by JAMS's rules or fee schedules, and had no contractual obligation to pay fees to JAMS. (Oppo. 1:19-23.) Thus, JAMS never billed Defendants. (*Id.*) These facts are disputed. (*Id.*) Refusing to proceed with an arbitration in an unauthorized forum is compliance with the contract, not a waiver of it. The Court should disregard plaintiffs' irrelevant cases.

D. Unnamed FLSA "Opt-Ins" Should Be Disregarded

Three so-called FLSA "opt-ins" purport to join plaintiffs in their attempt to lift the Court's arbitration stay. They should be disregarded. First, the purported "opt-ins" are not parties to the Agreement enforced by the Court. (ECF No. 64.) Only named plaintiffs were compelled to individual arbitration. *Id.* Second, the Court dismissed non-PAGA collective claims and stayed this case. Consequently, putative "opt-ins" have no basis or standing to oppose Defendants' motion to appoint an arbitrator. *See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S.

FINCH, THORNTON & BAIRD, LLP
4747 Executive Drive - Suite 700
San Diego, CA 92121
(858) 737-3100

1, 20 (1983).[1] The Courts must give effect to the ***intent of the parties to the Agreement and disregard nonparties***. *Volt Info. Scis. v. Bd. of Trs*., 489 U.S. 468, 479 (1989). Finally, signing a vague form that says *"I give consent to be a plaintiff in a lawsuit about my work"* is defective on its face because there is no case identification, authorization of counsel, or Court approved notice. See, e.g., FLSA consents in *Chavez v. Stellar Management Group VII,* LLC, 2020 U.S. Dist. LEXIS 140210 (2020) *5 ("*Chavez*") attached to the Nowlin Reply Decl., at Exhibit 1 which illustrate the specificity required for FLSA consents in this District. Plaintiffs' own cases require clear consent to join "***this***" specific lawsuit. *Houck v. Maricopa Cnty*., 2023 U.S. Dist. LEXIS 191356 (2023) *7. Rather than address these issues, plaintiffs cite irrelevant cases permitting informal writings of named plaintiffs or which question whether a consent was signed. See, Oppo. 4:11-19 citing *Litvinova v. City & Cty. of S.F.*, 2019 LX 64261, at *6 (N.D. Cal. July 12, 2019) ("*Litvinova*"); *Montalvo v. Tower Life Bldg*. 426 F.2d 1135 (1970) ("*Montalvo*"). Because unnamed putative FLSA opt-ins' sole connection to the litigation is the consent form, courts require their form to: (1) specifically identify the lawsuit; and (2) authorize counsel to act on the signer's behalf. See, e.g., *Mosley v. Burns & Wilcox, Ltd.*, No. 1:25-cv-2717-AT **17-21 (N.D. Ga. Nov. 6, 2026) ("*Mosley*"). For each of these reasons, the purported "opt-ins" have no basis or standing to oppose Defendants' Motion or assert waiver and should be disregarded.

## III
## CONCLUSION

The parties' impasse falls squarely within the scope of FAA section 5. Therefore, Defendants respectfully ask the Court to grant their Motion and appoint Judge Gallo.

DATED: November 19, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: /s/ Marlene C. Nowlin
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: mnowlin@ftblaw.com

2695.003/3VX3524.axm

[1] Superseded by statute on different grounds as stated in *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7 Cir., 1997).

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 19th day of November 2026 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

| | |
|---|---|
| Dawson Morton, Esq.<br>James Knoepp, Esq. (*Admitted Pro Hac Vice*)<br>Law Offices Of Dawson Morton<br>1808 Sixth Street<br>Berkeley, California 94710<br>Telephone: (404) 590-1295<br>Emails: dawson@dawsonmorton.com<br>jim@dawsonmorton.com | ATTORNEYS FOR PLAINTIFFS ANTONIO RUBIO-LEON, ANGEL DE JESUS ROCHA-RIVERA, DIEGO MARTINEZ-JIMENEZ, AND GERARDO LEDESMA-DELGADO |
| Jennifer Schermerhorn, Esq.<br>Scaroni Family of Companies<br>101 E. Main Street<br>Heber, California 92249<br>Telephone: (760) 909-1315<br>Email: jennifer@sfcos.com | ATTORNEYS FOR DEFENDANTS FRESH HARVEST, INC., FARM LABOR ASSOCIATION FOR GROWERS, INC., AND SMD LOGISTICS, INC. |

DATED: November 19, 2026

Respectfully submitted,

FINCH, THORNTON & BAIRD, LLP

By: */s/ Marlene C. Nowlin*
CHAD T. WISHCHUK
MARLENE C. NOWLIN
Attorneys for Defendants Fresh Harvest, Inc., Farm Labor Association For Growers, Inc., and SMD Logistics, Inc.
Email: mnowlin@ftblaw.com